IN THE UNITED STATES COURT
OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W.F. CHILDRESS AND ALTON LEE KELLY | § § § § § § § § | CAUSE NO. 1:05-840 |
| VS. UNITED STATES ARMY CORPS OF ENGINEERS | § § § § | |

**WEEKS MARINE, INC.'S OPPOSED**
**<u>MOTION FOR LEAVE TO INTERVENE</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEEKS MARINE, INC., referred to herein as INTERVENOR, and files this its Opposed Motion for Leave to Intervene, requesting that this Honorable Court accept WEEKS MARINE INC.'s Original Complaint in Intervention and permit WEEKS MARINE, INC. to intervene in this action to assert and preserve its right to recover from THE UNITED STATES and THE UNITED STATES ARMY CORPS OF ENGINEERS, by indemnity, contribution, or otherwise, for any damages for which WEEKS MARINE, INC. may be found liable to Plaintiffs arising from the dredging operations at issue in the present lawsuit and in civil action G-04-640 commenced by the Plaintiffs separately in the United States District Court for the Southern District of Texas, Galveston Division. In support thereof, WEEKS MARINE, INC., hereafter referred to as INTERVENOR, would show this Honorable Court as follows:

1. INTERVENOR moves this Honorable Court for an order that it may intervene as a Plaintiff in this action as a matter of right pursuant to Rule 24(a) of the United States Court of Federal Claims.

2. INTERVENOR is entitled to intervene as a matter of right because it has a legally protected interest in the subject matter of this action. Plaintiffs herein seek recovery for damages to private oyster leases arising from the actions of the United States Army Corps of Engineers and/or its subcontractors. The United States Court of Federal Claims has jurisdiction over such claims. 28 U.S.C.A. § 1497. Moreover, in the present situation, the United States "admits its liability" for the damages at issue upon a showing of factual causation, and the Plaintiffs are not required to show negligence to recover from the United States for damages to their leases resulting from dredging operations. *Petrovich v. United States*, 190 Ct.Cl. 760 (1970), 421 F.2d 1364, 1366 (1970).

3. On March 14, 2005, all named Plaintiffs filed their Original Complaint against INTERVENOR and other companies allegedly involved in the dredging at issue in that lawsuit in the United States District Court for the Southern District of Texas, Galveston Division. In this action, Civil Cause G-05-151, Plaintiffs seek recovery for damages inclusive of those addressed in the present lawsuit.

4. On April 20, 2005, Plaintiff's W.F. Childress and Childress Seafood separately filed their Original Complaint in the United States District Court for the Southern District of Texas, Galveston Division against the United States Army Corps of Engineers. In this action, Civil Cause G-05-219, Plaintiffs sought recovery for damages inclusive of those addressed in the present lawsuit.

5. In G-05-219, Plaintiffs successfully moved for transfer to this Honorable Court after the United States Army Corp of Engineers moved to dismiss for lack of jurisdiction, and, in their live complaint, all named Plaintiffs now seek recovery from the United States and the United States Army Corps of Engineers.

6. INTERVENOR has a legally protected interest in this action because the damages Plaintiffs seek to recover from INTERVENOR in G-05-151 are the same damages that Plaintiffs hope to recover in the present lawsuit. Tthis Honorable Court is the only body with jurisdiction to decide this issue, the United States and/or the United States Army Corps of Engineers is entirely responsible for the alleged damages, if any, and INTERVENOR is entitled to contribution and indemnity from the United States and/or the United States Army Corps of Engineers for any damages alleged by Plaintiffs for which it is found liable.

7. INTERVENOR's interests are not adequately represented by the existing parties and will be substantially impaired if this intervention is not permitted. Specifically, Plaintiffs are pursuing a separate cause of action for the same damages against INTERVENOR. INTERVENOR is entitled to ensure that Plaintiffs recover once for these damages, that these damages are adjudicated before this Honorable Court, the appropriate tribunal, and that INTERVENOR have contribution and indemnity from the United States and the United States Army Corps of Engineers with respect to any damages for which it may be found liable.

8. This Motion for Leave to Intervene is timely made. The complaint forming the basis of the present action was filed on August 1, 2005, and this lawsuit has not commenced its discovery phase.

9. Notice of this Motion for Leave to Intervene has been given to all parties in accordance with Rule 5 of the United States Court of Federal Claims.

10. INTERVENOR has attached its proposed Original Complaint in Intervention to this motion, as required by Rule 24(c) of the United States Court of Federal Claims.

WHEREFORE, INTERVENOR prays that this Honorable Court grant its motion, permit it

to join in this action, preserve its right to contribution and indemnity from THE UNITED STATES and THE UNITED STATES ARMY CORPS OF ENGINEERS for any damages to the oyster reefs and oyster leases made the basis of this lawsuit, and to have all orders of this Honorable Court made for its protection.

Respectfully submitted,

By: s/ Kenneth G. Engerrand

Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 19th day of August, 2005.

s/ Kenneth G. Engerrand
Kenneth G. Engerrand

CERTIFICATE OF CONFERENCE

INTERVENOR was successful in contacting counsel for the "Nelson" Plaintiffs, Mr. Bernsen and Mr. Nash, who are not opposed to this motion. INTERVENOR was not successful in its efforts to contact counsel for Plaintiffs W.F. Childress, Childress Seafood, and Alton Kelly, and it is not known if these Plaintiffs will oppose this motion. INTERVENOR did not contact counsel for Defendants, the United States and the United States Army Corps of Engineers, as such counsel has not yet answered Plaintiffs' complaint. Accordingly, the foregoing motion has been designated as "opposed."

s/ Kenneth G. Engerrand
Kenneth G. Engerrand