IN THE UNITED STATES COURT
OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W.F. CHILDRESS AND ALTON LEE KELLY | § | CAUSE NO. 1:05-840 |
| VS. | § | |
| THE UNITED STATES and UNITED STATES ARMY CORPS OF ENGINEERS | § | |

**WEEKS MARINE, INC.'S FIRST AMENDED**
**COMPLAINT IN INTERVENTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEEKS MARINE, INC., referred to herein as Intervenor, and files this its Original Complaint in Intervention, complaining of and about THE UNITED STATES and THE UNITED STATES ARMY CORPS OF ENGINEERS, and for cause of action would show the Court the following:

**I.**
**JURISDICTION AND VENUE**

1. This lawsuit involves claims for damages to oyster growers on private or leased lands or bottoms arising from dredging operations authorized by Act of Congress. This Court accordingly has jurisdiction pursuant to 28 U.S.C. § 1497. Venue is likewise proper because the United States Court of Federal Claims is authorized to hear the claims asserted in this lawsuit, and venue is accordingly authorized by statute.

## II.
## PARTIES

2. On information and belief, Plaintiff, FISHERMAN'S HARVEST , is a Texas corporation the sole shareholders of which are C. Joe Nelson, Jr. and Doris Mae Nelson.

3. On information and belief, Plaintiff, CHILDRESS SEAFOOD, is a Texas corporation the sole shareholder of which is W.F. Childress.

4. On information and belief, Plaintiffs, C. JOE NELSON, JR.; DORIS MAE NELSON; VANESSA JO NELSON VALLEJO; VICKIE JO NELSON SALAZAR; W.F. CHILDRESS; and ALTON LEE KELLY are citizens of the United States and residents of Texas and/or the surrounding States.

5. Defendants, the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS, are governmental entities that may be served with process to the Attorney General through the Clerk of the Court, Brian Bishop, at U.S. Court of Federal Claims, 717 Madison Place, N.W., Room 103, Washington, D.C. 20005, in accordance with Rule 4(a) of the Rules of the Court of Federal Claims.

6. Intervenor, WEEKS MARINE, INC., is incorporated pursuant to the laws of the State of New Jersey.

## III.
## PLAINTIFFS' ALLEGATIONS

7. Plaintiffs allege that they are the owners "and/or beneficial owners" of various oyster leases located in Galveston Bay, Texas and/or Trinity Bay, Texas as well as businesses involved in the harvesting, processing, and sale of oysters.

8. Plaintiffs allege damages to specific property interests in private oyster leases 386A, 413A, 431A, and 433A. Plaintiffs also allege damages to and resulting from public oyster reefs and the business interests of FISHERMAN'S HARVEST and CHILDRESS SEAFOOD.

9. Plaintiffs allege that these damages arose from the conduct of the UNITED STATES ARMY CORPS OF ENGINEERS, acting on behalf of the UNITED STATES, with regard to a maintenance dredging and widening project for the Trinity River to Smith Point, Texas. Plaintiffs specifically allege that the UNITED STATES ARMY CORPS OF ENGINEERS was involved in the planning, design, and implementation of the dredging project that allegedly resulted in damages to their oyster leases and businesses. Plaintiffs further allege that the UNITED STATES ARMY CORPS OF ENGINEERS was aware of the likelihood of damage and failed to implement appropriate procedures or designs to safeguard against such damage. Plaintiffs further allege that the actions of the UNITED STATES ARMY CORPS OF ENGINEERS caused "sediments, silt and by-products from the dredge operations" to be discharged upon the leases and public areas at issue.

10. Plaintiffs allege various breached duties for specific "causes of action." Plaintiffs allegations include the assertions that the UNITED STATES ARMY CORPS OF ENGINEERS failed to properly perform or supervise the pre-dredging survey, failed to properly design and supervise the geo-tube and breakwater construction aspects of the dredging project, failed to properly design or supervise the implementation of the "beneficial use areas," failed to obtain and "implement" information necessary to establish and follow appropriate precautions, failed to provide adequate safeguards to prevent discharges on leases and public areas, failed to properly warn of the danagers entailed in the dredging project, failed to control their agents and employees and the agents and

employees of "contract labor," and failed to comply with unspecified state and federal statutes. Plaintiffs further allege that such breached duties caused the damages at issue and were sufficiently "reckless and willful" to constitute gross negligence.

11. Plaintiffs further allege that "negligence" is not an element of their claim for damages against the UNITED STATES ARMY CORPS OF ENGINEERS and/or the UNITED STATES.

12. Plaintiffs seek recovery for actual damages, exemplary damages, damages for emotional distress, and "legal expenses" totalling several million dollars.

## IV.
## RELATED ACTIONS

13. On March 14, 2005, all named Plaintiffs filed their Original Complaint against INTERVENOR and other companies allegedly involved in the dredging at issue in this lawsuit. Plaintiffs action was filed in the United States District Court for the Southern District of Texas, Galveston Division and was assigned Civil Cause No. G-05-151.

14. The defendants named in Civil Cause No. G-05-151 include INTERVENOR, the dredging contractor for the UNITED STATES ARMY CORPS OF ENGINEERS, subcontractors to INTERVENORS, subcontractors to INTERVENOR'S subcontractors, and a private entity alleged to have been involved in the design and planning of the project at issue.

15. As to all defendants in Civil Cause No. G-05-151, including INTERVENOR, Plaintiffs have alleged "causes of action" involving breached duties substantially similar to those alleged in the present case.

16. As to all defendants in Civil Cause No. G-05-151, including INTERVENOR, Plaintiffs have alleged damages substantially similar or identical to those alleged in the present case.

17. INTERVENOR filed a third-party complaint against the UNITED STATES ARMY CORPS OF ENGINEERS, but the time for the UNITED STATES ARMY CORP OF ENGINEERS to answer has not yet accrued.

18. On April 20, 2005, Plaintiffs W.F. Childress and Childress Seafood separately filed their Original Complaint against the UNITED STATES ARMY CORPS OF ENGINEERS in the United States District Court for the Southern District of Texas, Galveston Division. In this action, Civil Cause No. G-05-219, Plaintiff's W.F. Childress and Childress Seafood again sought recovery based on the same alleged acts and their respective share of the damages at issue in the present lawsuit. The UNITED STATES ARMY CORPS OF ENGINEERS moved to dismiss this action, and the court eventually issued an order transferring their claims to the United States Court of Federal Claims.

19. As this Honorable Court has jurisdiction with respect to all claims in this lawsuit asserted against the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS, INTERVENOR hereby seeks to assert and preserve its right to recovery against the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS by indemnity for any and all damages asserted by Plaintiffs for which it may be found liable, if any, and INTERVENOR hereby, and in the alternative, seeks to preserve its right to recovery against the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS by contribution for their proportionate share of the damages asserted by Plaintiffs for which INTERVENOR may be found liable, if any.

20. INTERVENOR has asserted and continues to assert that it owed no duties alleged by Plaintiffs, that the duties alleged by Plaintiffs were not breached, that no breached duty caused any

damages for which Plaintiffs seek recovery, that Plaintiffs have failed to allege a cause of action for which relief may be granted, and that Plaintiffs have not alleged damages for which recovery may be had. Nothing in this Complaint in Intervention should be construed as a waiver of any such assertion or of any affirmative defenses asserted by INTERVENOR.

## V.
## FIRST CAUSE OF ACTION: INDEMNITY

21. The USACE was the "owner," prime contractor, and party responsible for planning, designing, and implementing the dredging project made the basis of this suit and know as the "Trinity River and Tributaries, Texas Channel to Liberty at Smith Point in Chambers County, Texas" project.

22. INTERVENOR performed work specified by the USACE pursuant to its contract with the USACE.

23. Plaintiffs have separately sought recovery from INTERVENOR for the same damages arising from the same alleged acts as those alleged in the present lawsuit.

24. While INTERVENOR disputes Plaintiffs' allegations in this case and in all related actions, to the extent Plaintiffs suffered any damages as alleged, such damages are entirely the responsibility of the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS, and INTERVENOR is accordingly entitled to indemnity from the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS.

## VI.
## SECOND CAUSE OF ACTION: CONTRIBUTION

25. In the alternative, while INTERVENOR disputes Plaintiffs' allegations in this case and in

all related actions, to the extent Plaintiffs suffered any damages as alleged, such damages were caused, in whole or in part, by the conduct and/or negligence of the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS, and INTERVENOR is accordingly entitled to contribution from the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS. To the extent that Plaintiffs suffered any damages as alleged, such damages were caused, in whole or in part, by the UNITED STATES' and the UNITED STATES ARMY CORPS OF ENGINEERS' breach of their duties to properly plan, design, and implement the dredging project at issue.

WHEREFORE, INTERVENOR respectfully prays that the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS be held liable for the damages the Plaintiffs may prove in the present lawsuit, if any; and that INTERVENOR receive indemnity, or in the alternative, contribution from the UNITED STATES and the UNITED STATES ARMY CORPS OF ENGINEERS for any damages asserted by Plaintiffs for which INTERVENOR may be found in any way liable; that INTERVENOR recover its costs; and that INTERVENOR have all such other and further relief as may be just and proper.

Respectfully submitted,

By: s/ Kenneth G. Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 23rd day of August, 2005.

s/ Kenneth G. Engerrand
Kenneth G. Engerrand