**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W.F. CHILDRESS AND ALTON LEE KELLY** | § | **NO. 05-840C (Chief Judge Damich)** |
| **VS.** | § | |
| **PBS&J FORMERLY ESPY, HUSTON & ASSOCIATES, INC., BERTUCCI CONTRACTING CORPORATION AND WEEKS MARINE, INC.** | § | |

**PLAINTIFFS' MOTION TO RECONSIDER THE**
**<u>GRANTING OF DEFENDANT'S ENLARGEMENT OF TIME</u>**

1.0 Pursuant to RCFC 7.2, Parties that desire to respond or object to written motions shall file their response or objection within 14 days after service of the motion. Defendant's opposed motion for enlargement of time to file its original answer was filed on November 3, 2005. Plaintiff had until November 17, 2005 to file a response. This was Defendant's second request for an extension. The Court granted the Defendant's motion before the Plaintiffs could respond and advise the Court of the facts that were conspicuously absent from the Defendant's motion.

2.0 Defendant claims that the persons responsible at the Army Corps of Engineers (ACOE) for submitting a litigation report to the United States Attorney's Office have been busy with hurricane related legal work. However, the ACOE in Galveston, Texas, has been aware of the Plaintiffs' claims since the Fall of 2003. Additionally,

the ACOE was made party to the directly related case (Cause No. 05-1044C) during April, 2005.

3.0 Cause No. 05-1044C was originally filed in the Southern District of Texas-Galveston Division during April 2005. That case was subsequently transferred to this Court and assigned cause number 05-1044C. The U. S. Attorney for the Southern District of Texas never filed an answer in that case and refused to waive his right to appeal the transfer, thereby delaying the transfer 60 days. No appeal of the order to transfer was ever filed by the U. S. Attorney.

4.0 Cause numbers 05-840C and 05-1044C are based on the same facts and causes of action and involve the same parties. Therefore, the ACOE in Galveston has been aware of the requirement to provide the U. S. Attorneys with a litigation report, whether in Texas or Washington, for over seven months. Instead of promptly issuing its report during April, May or June of 2005, the ACOE now claims that they have been busy dancing with Katrina and Rita.

5.0 The ACOE has not been busy with Katrina and Rita since April because Katrina did not strike until late August, 2005 and Rita did not strike until late September, 2005. Additionally, the evacuation of Galveston only lasted a few days and the returning residents found little damage. Life on Galveston Island returned to normal within 2 business days of Rita's arrival some safe distance from Galveston.

6.0 The Defendant did not need an enlargement of time due to any hurricane striking the Gulf Coast. The Defendant needed the enlargement of time due to its

procrastination and ignoring of the issues. As such, Defendant's second request for an enlargement of time should be denied.

7.0 Ordinary citizens are allowed only 20 days to answer a law suit. The Congress has seen fit to provide our government agencies with an additional 40 days for a total of 60 days to answer a law suit. Defendant in this case was graciously granted an additional 45 days on top of the generous 60 days allowed by law. Yet, despite being aware of the suit since April, 2005, the Defendant needs more time.

8.0 For these reasons, Plaintiffs request that the order granting Defendants a second enlargement of time be set aside and Defendant be ordered to file its answer on November 14, 2005.

Respectfully submitted,

s/ Paul W. O'Finan
Paul W. O'Finan
Texas Bar No. 24027376
Federal ID No. 30719
9597 Jones Road #317
Houston, Texas 77065
(713) 202-1776

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF FILING

I certify that on November 9, 2005, a copy of the forgoing Plaintiffs' motion to reconsider was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul W. O'Finan