IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS, and ALTON LEE KELLY, | ) | |
| Plaintiffs, | ) | No. 05-0840C |
| v. | ) | (Chief Judge Damich) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies the allegations in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Denies the allegations in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Denies the allegations in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. The allegations contained in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the correct Rule of the United States Court of Federal Claims providing for service upon the United States is RCFC 4(a), not RCFC 40.2(a).

10. The allegations contained in paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the United States Army Corps of Engineers is not a defendant in this action.

11. Denies the allegations in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegations contained in paragraph 12 to the extent that the United States has delegated to the United States Army Corps of Engineers authority pursuant to Public Law 104-303, Section 101(a)(30) of the Water Resources Development Act of 1996, Public Law 106-60, approved September 29, 1999, River and Harbor Acts of 1905 and 1945, and other statutes, to perform the maintenance, dredging, and widening project for the Trinity River, and maintenance dredging of the channel at Smith Point, Texas, otherwise denies the remaining allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be considered allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent that the Army Corps of Engineers was involved in various aspects of the maintenance project; otherwise denies the remaining allegations contained in paragraph 14.

15. Denies.

16. Denies.

17. Admits the first sentence of paragraph 17. Admits the second sentence of paragraph 17 to the extent that sediment and silt were spilled upon or released upon one or more of the subject leases, and that there was damage to public areas; otherwise denies the remaining allegations contained in the second sentence of paragraph 17. Admits the allegations contained in the third sentence of paragraph 17 to the extent that certain geo tubes failed; otherwise denies the remaining allegations contained in paragraph 17.

18. Denies.

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. Denies.

24. Denies.

25. Denies.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be considered allegations of fact, they are denied.

27. Denies.

28. Denies.

29. Defendant denies that plaintiff is entitled to the relief set forth in paragraph 29, or to any relief whatsoever.

30. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST DEFENSE

31. Pursuant to clauses 52.236-6, 52.236-7, 52.236-9(b), 52.236-13, as well as the provisions of sections 01355 and 02482, of contract DACW64-02-C-0034 between the United States Army Corps of Engineers and Weeks Marine, Inc., the contractor is required to indemnify the United States for damage purportedly suffered by plaintiffs.

32. Pursuant to paragraph H.5 of contract DACW64-02-D-001, between the United States Army Corps of Engineers and URS Group, Inc., the contractor is liable for damage to persons or property without recourse to the Government.

WHEREFORE, defendant requests the Court enter judgment in its favor, order the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M McCARTHY
Assistant Director

Of Counsel:

P. Alex Petty
Ana-Valli Gordon
Assistant District Counsel
United States Army Corps
of Engineers
Galveston District
2000 Fort Point Rd.
Galveston, TX 77550

s/David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

November 17, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 17, 2005, a copy of the forgoing “DEFENDANT'S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ David D’Alessandris