IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS, and ALTON LEE KELLY, | ) | No. 05-0840C |
| Plaintiffs, | ) | (Chief Judge Damich) |
| v. | ) | |
| UNITED STATES | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO WEEKS MARINE, INC.'S
FIRST AMENDED COMPLAINT IN INTERVENTION

For its answer to the complaint in intervention, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and intervenor's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the United States Army Corps of Engineers is not a defendant in this action.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits the allegations contained in paragraph 7 to the extent supported by plaintiffs' complaint in this case, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by plaintiffs' complaint in this case, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by plaintiffs' complaint in this case, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by plaintiffs' complaint in this case, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by plaintiffs' complaint in this case, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by plaintiffs' complaint in this case, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by plaintiffs' complaint in Civil Cause No. G-05-151 before the United States District Court for the

Southern District of Texas, Galveston Division, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by plaintiffs' complaint in Civil Cause No. G-05-151 before the United States District Court for the Southern District of Texas, Galveston Division, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by plaintiffs' complaint in Civil Cause No. G-05-151 before the United States District Court for the Southern District of Texas, Galveston Division, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by plaintiffs' complaint in Civil Cause No. G-05-151 before the United States District Court for the Southern District of Texas, Galveston Division, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by intervenor's third party complaint in Civil Cause No. G-05-151 before the United States District Court for the Southern District of Texas, Galveston Division, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the referenced documents in Civil Cause No. G-05-219 before the United States District Court for the Southern District of Texas, Galveston Division, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 constitute conclusions of law and intervenor's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute conclusions of law, and intervenor's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent that the United States has delegated to the United States Army Corps of Engineers ("USACE") authority pursuant to Public Law 104-303, Section 101(a)(30) of the Water Resources Development Act of 1996, Public Law 106-60, approved September 29, 1999, River and Harbor Acts of 1905 and 1945, and other statutes, to perform the maintenance, dredging, and widening project for the Trinity River, and maintenance dredging of the channel at Smith Point, Texas; otherwise denies the remaining allegations contained in paragraph 21.

22. Admits to the extent that intervenor performed work for the USACE pursuant to its contract, DACW64-02-C-0034, with USACE; otherwise denies any additional allegations of fact.

23. The allegations contained in paragraph 23 constitute intervenor Weeks' characterization of another unspecified case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute intervenor Weeks' characterization of this case and other unspecified cases, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute intervenor Weeks' characterization of this case and other unspecified cases, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. Denies that intervenor is entitled to the relief set forth in its prayer for relief following paragraph 25, or to any relief whatsoever.

27. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST DEFENSE

28. Pursuant to clauses 52.236-6, 52.236-7, 52.236-9(b), 52.236-13, as well as the provisions of sections 01355 and 02482, of contract DACW64-02-C-0034 between intervenor and

the United States Army Corps of Engineers, intervenor is required to indemnify the United States for damage purportedly suffered by plaintiffs.

29. Pursuant to paragraph H.5 of contract DACW64-02-D-0001, between the United States Army Corps of Engineers and URS Group, Inc., the contractor URS Group, Inc., is liable for damage to persons or property without recourse to the Government.

WHEREFORE, defendant requests the Court enter judgment in its favor, order the complaint in intervention be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M McCARTHY
Assistant Director

Of Counsel:

P. ALEX PETTY
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps
of Engineers
Galveston District
2000 Fort Point Rd.
Galveston, TX 77550

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

December 15, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 15, 2005, a copy of the forgoing "DEFENDANT'S ANSWER TO WEEKS MARINE, INC.'S FIRST AMENDED COMPLAINT IN INTERVENTION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris