IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS AND ALTON LEE KELLY | ) | No. 05-840C (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims, and this Court's Special Procedures Order, the parties respectfully submit this Joint Preliminary Status Report.

4(a) Plaintiffs and intervenor agree that the Court has jurisdiction over this action. The Court has jurisdiction over the subject matter of the claim pursuant to 28 U.S.C. § 1497. The Congress of the United States has conferred jurisdiction to the Court of Federal Claims to hear claims by Oyster Harvesters damaged by dredging operations in making river and harbor improvements authorized by act of Congress. Plaintiffs assert that their oyster leases have been damaged by a dredging operation authorized by act of Congress and conducted by the United States Army Corps of Engineers, a department of the United States Government.

Defendant is unaware, at this time, of any bar to this Court's jurisdiction.

4(b) The parties agree that this case should be consolidated with Childress v. United States, No. 05-1044C (Fed. Cl.). Childress arises out of the same events, and involves the same defendant(s). However, Childress did not include all of the plaintiffs that are parties to this cause. With that exception, the cases involve the same issues, events and parties.

Intervenor Weeks Marine contends that this action should be consolidated with an action previously pending before the United States District Court for the Southern District of Texas. The Southern District issued an order to transfer that case, cause number 3:05-CV-151, to the Court of Federal Claims, which order plaintiffs have appealed to the United States Court of Appeals for the Fifth Circuit. Cause number 3:05-CV-151 involved the same facts underlying the present case, the same plaintiffs involved in this action and in cause No. 05-1044C, and, as parties defendant, third party defendants, and potential third party defendants, the United States, intervenor, and additional entities. Intervenor contends that the action on appeal should be consolidated for reasons including judicial economy and potential exposure to duplicate litigation.

Defendant believes that if this Court possesses jurisdiction to entertain the case currently upon appeal to the Court of Appeals for the Fifth Circuit, then the cases should be consolidated.

(b)(1)Plaintiffs would note that intervenor wants to consolidate this case with a case that involves private party plaintiffs seeking damages from private party defendants. (see 4(d) below) That case is presently on appeal to the Fifth Circuit. Plaintiff contends that the Court has no authority or jurisdiction to accept a case that is on appeal to the Fifth Circuit from the Southern District of Texas, and consolidate that case with the one at issue here.

4(c) The parties agree that the trial of liability and damages does not need to be bifurcated. Plaintiffs aver that the statute, authorizing the Court's jurisdiction, states that the United States shall be liable if the plaintiffs can prove that they were damaged. Therefore, the plaintiffs need only prove that they were damaged by a Congressionally authorized dredging operation in making river and harbor improvements in order for liability to attach.

4(d) The parties agree that the proceedings should not be deferred due to any other case pending in a different tribunal. There is no basis for transferring or remanding this case to another tribunal. There are two related cases. As discussed above, Childress v. United States, No. 05-1044C, is directly related to this case and is pending before this Court. The plaintiffs in this case, in a separate cause, filed an action against, intervenor, Weeks Marine, Inc., and other private parties, in the United States District Court for the Southern District of Texas, Galveston Division.

By order dated November 17, 2005, the United States District Court for the Southern District of Texas, in Galveston, Texas, upon motion of Weeks Marine, Inc., ordered that the case be transferred to the Court of Federal Claims. The plaintiffs have appealed the transfer order to the United States Court of Appeals for the Fifth Circuit. The issue upon appeal is whether the Court of Federal Claims has jurisdiction to grant relief to the private party plaintiffs against the private party defendants. The cause number in the Southern District Court of Texas is 3:05-CV-15l. To date, no cause number has been assigned by the Court of Appeals for the Fifth Circuit.

Intervenor contends that this case should be consolidated with Childress v. United States, No. 05-1044C pending in this Court, as well as the former Souther District of Texas cause 3:05-CV-151.

Defendant believes that if this Court possesses jurisdiction to entertain the case currently upon appeal to the Court of Appeals for the Fifth Circuit, then the cases should be consolidated.

4(e) The parties agree that no remand or suspension will be sought at this time and that none is anticipated.

4(f) The plaintiffs do not anticipate joining any additional parties. The United States has made an indemnity demand against Weeks Marine, Inc., and intervenor intends to file third party claims against parties who may be responsible to it by indemnity or contribution.

4(g) The plaintiffs anticipate filing a motion for summary judgment on the issue of liability. The motion will be filed after the completion of discovery sufficient enough to support the motion. Defendant and intervenor may file cross motions for summary judgment with respect to the indemnification issue.

4(h) The parties agree that the United States Army Corps of Engineers ("USACE") was authorized by Congress to perform the maintenance, dredging, and widening project for the Trinity River, and maintenance dredging of the channel at Smith Point, Texas and that the USACE executed a contract with intervenor, Weeks Marine Inc., to perform the dredging. The factual issues will include: (1) whether any oyster leases were damaged, (2) if the leases were damaged, by what forces, i.e., manmade forces, such as dredging operations, or natural forces, such as storms; and (3) the amount of damages that can be recovered and for what duration may the damages be recovered, i.e., actual current damages, continuing damages and future damages. Plaintiffs contend that the statute essentially imposes a strict liability requirement on the United States, and that accordingly contend that the issues and facts will be focused on the kinds and amounts of damages due Plaintiffs.

4(i) The Plaintiffs and Intervenor are amenable to mediation. Although defendant believes that one or more methods of ADR may be viable; however, defendant will require some discovery before determining the most appropriate method of ADR.

4(j) In lieu of answering question (j), the parties set forth the following joint proposed scheduling plan in accordance with this Court's Special Procedures Order, dated October 11, 2005:

i. Plaintiffs believe the deadline for joinder of additional parties should by February 3, 2006. Defendant and Intervenor believe the deadline for joinder of additional parties without leave should be April 28, 2006.

ii. 1. As indicated in paragraph 4(g), plaintiffs anticipate filing a motion for summary judgment that would not be dispositive of the case.

2. The parties agree that discovery should not be conducted in phases and should proceed on all issues and facts.

3. Plaintiffs believe that fact discovery can be completed by May 10, 2006. Defendant and intervenor believe the deadline for fact discovery should be December 31, 2006.

4. Plaintiffs believe that the Status Conference should be held either on May 15, 16 or 17, 2006 at 10:30 a.m., Eastern Standard Time. Defendant and intervenor believe that the Status Conference should be held either on January 16, 17, or 18, 2007 at 10:30 a.m., eastern time.

5. Plaintiffs believe that their deadline to disclose their expert witnesses should be February 17, 2006 and that defendant's deadline should also be February 17, 2006. Plaintiffs believe that all parties should offer their expert witnesses for deposition by

March 31, 2006. Defendant and intervenor believe that plaintiffs' deadline to disclose their expert witnesses should be May 31, 2006 and that defendant and intervenor's deadline should be July 31, 2006. Defendant and intervenor believe that plaintiffs' deadline to present experts for deposition should be before July 31, 2006 and that defendant and intervenor's deadline should be before September 29, 2006.

6. Plaintiffs believe that expert discovery can be completed by May 10, 2006. Defendant and intervenor believe December 31, 2006 is an appropriate deadline for expert discovery.

7. Plaintiffs believe there is no reason to extend the presumptive limits of ten (10) depositions and twenty-five (25) interrogatories per party. Defendant believes that additional depositions beyond the presumptive limit of five (5) depositions will be required as there are eight plaintiffs in this action. Defendant believes that it will need fifteen (15) depositions. Intervenor considers the limits proposed by both parties acceptable.

8. No physical or mental examinations of the parties will be requested.

9. Plaintiffs believe that all discovery should be completed by May 10, 2006. Defendant and intervenor believe that December 31, 2006 is an appropriate discovery deadline.

10. Defendant avers that plaintiffs have initiated discovery in the related litigation before the United States District Court for the Southern District of Texas; however, the United States has not yet initiated or responded to any discovery.

iii. Plaintiffs believe this case can be ready for trial on July 10, 2006. Defendant and intervenor believe this case can be ready for trial by March 19, 2007.

iv. Plaintiffs believe that this case can be tried in fifteen (15) business days. Defendant suggests ten (10) business days.

v. All parties agree that the place of trial should be Houston, Texas.

vi. The parties do not believe that any additional matters are appropriate for inclusion in this joint scheduling plan.

4(k) There are no special issues regarding electronic case management at this time. All parties are aware of the requirement for electronic filing and will comply with that order.

4(l) Counsel for plaintiffs, defendant, and intervenor have held the required early meeting of counsel. The meeting took place via telephone conference call on January 4, 2006. The United States provided its initial disclosures on January 4, 2006, prior to the telephonic conference call. Plaintiffs have not provided their initial disclosures.

Plaintiffs estimate the anticipated costs of litigation through the end of discovery to be approximately $75,000 00, through the end of trial to be approximately $100,000.00 and through appeal, if any, to be approximately $125,000.00. The United States is unable to estimate the litigation costs through any portion of the discovery, trial and appeal process.

5. See paragraph 4(j) above.

6. No dispositive motions are on file at this time.

7. The parties propose the following dates and times for the preliminary status conference: January 24, 25 or 26, 2006 at 10:30 a.m., Eastern Standard Time.

Appendix: The parties do not believe that any documents need to be filed with the Court at this time.

Respectfully submitted,

By: s/ Paul W. O'Finan by s/ Allen D. Hemphill
Paul W. O'Finan
Texas Bar No. 24027376
Federal ID No. 30719
9597 Jones Road #317
Houston, Texas 77065
(713) 202-1776
(713) 957-0500 (Telecopier)

Attorney for Plaintiffs, Childress Seafood, Inc. and W.F. Childress

s/ David E. Bernsen by s/ Allen D. Hemphill
David E. Bernsen
Texas Bar No. 02217500
P.O. Box 822
Beaumont, TX 77704
Attorney for Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson Vallejo, Vickie Jo Nelson Salazar, and Alton Lee Kelly

January 9, 2006

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

Of Counsel:

P. Alex Petty
Ana-Valli Gordon
Assistant District Counsel
United States Army Corps
of Engineers
Galveston District
2000 Fort Point Rd.
Galveston, TX 77550

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

January 9, 2006

Attorneys for Defendant

By: s/ Kenneth G. Engerrand by s/ Allen D. Hemphill
Kenneth G. Engerrand
Texas Bar No. 06619500
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)
Attorneys For Intervenor

CERTIFICATE OF SERVICE

I hereby certify that on January 9, 200, a copy of the forgoing "JOINT PRELIMINAR STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris