# EXHIBIT A

IN THE UNITED STATES COURT
OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al. | § | |
| | § | |
| v. | § | |
| | § | Cause NO. 05-840 C and NO. 05-1044 C |
| WEEKS MARINE, INC. | § | (CONSOLIDATED) |
| | § | |
| v. | § | |
| | § | |
| THE UNITED STATES | § | |

**WEEKS MARINE, INC.'S ORIGINAL**
**COMPLAINT AGAINST BERTUCCI CONTRACTING AND LUHR BROS. INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEEKS MARINE, INC., Intervenor and Third Party Plaintiff, referred to herein as Intervenor, and files this its Original Third-Party Complaint, complaining of and about THE UNITED STATES, and further complaining of and about BERTUCCI CONTRACTING CORPORATION and LUHR BROS. INC., and for cause of action would show the Court the following:

## I.
## JURISDICTION AND VENUE

1. This lawsuit involves claims for damages to oyster growers on private or leased lands or bottoms arising from dredging operations authorized by Act of Congress. This Court accordingly has jurisdiction pursuant to 28 U.S.C. § 1497. Venue is likewise proper because the United States Court of Federal Claims is authorized to hear the claims asserted in this lawsuit, and venue is

accordingly authorized by statute.

## II.
## PARTIES

2. Plaintiff, FISHERMAN'S HARVEST, is a Texas corporation the sole shareholders of which are C. Joe Nelson, Jr. and Doris Mae Nelson.

3. Plaintiff, CHILDRESS SEAFOOD, is a Texas corporation the sole shareholder of which is W.F. Childress.

4. Plaintiff, C. JOE NELSON, JR.; DORIS MAE NELSON; VANESSA JO NELSON VALLEJO; VICKIE JO NELSON SALAZAR; W.F. CHILDRESS; and ALTON LEE KELLY are citizens of the United States and residents of Texas.

5. Defendant, the UNITED STATES, is a governmental entity that may be served with process to the Attorney General through the Clerk of the Court, Brian Bishop, at U.S. Court of Federal Claims, 717 Madison Place, N.W., Room 103, Washington, D.C. 20005, in accordance with Rule 4(a) of the Rules of the Court of Federal Claims. Defendant has appeared herein and my be served through its attorneys of record.

6. BERTUCCI CONTRACTING CORPORATION is a Louisiana corporation with its principal place of business in Louisiana.

7. LUHR BROS. INC. is an Illinois corporation with its principal place of business in Illinois.

8. Intervenor, WEEKS MARINE, INC., is incorporated pursuant to the laws of the State of New Jersey.

## III.
## PLAINTIFFS' ALLEGATIONS

9. Plaintiffs allege that they are the owners "and/or beneficial owners" of various oyster leases located in Galveston Bay, Texas and/or Trinity Bay, Texas as well as businesses involved in the harvesting, processing, and sale of oysters.

10. Plaintiffs allege damages to property interests in private oyster leases 386A, 413A, 431A, and 433A.

11. Plaintiffs allege that these damages arose from the conduct of the UNITED STATES ARMY CORPS OF ENGINEERS, acting on behalf of the UNITED STATES, with regard to a maintenance dredging and widening project for the Trinity River to Smith Point, Texas. Plaintiffs specifically allege that the UNITED STATES ARMY CORPS OF ENGINEERS was involved in the planning, design, and implementation of the dredging project that allegedly resulted in damages to their oyster leases and businesses. Plaintiffs further allege that the UNITED STATES ARMY CORPS OF ENGINEERS was aware of the likelihood of damage and failed to implement appropriate procedures or designs to safeguard against such damage. Plaintiffs further allege that the actions of the UNITED STATES ARMY CORPS OF ENGINEERS caused "sediments, silt and by-products from the dredge operations" to be discharged upon the leases and public areas at issue.

12. Plaintiffs allege various breached duties for specific "causes of action." Plaintiffs allegations include the assertions that the UNITED STATES ARMY CORPS OF ENGINEERS failed to properly perform or supervise the pre-dredging survey, failed to properly design and supervise the geo-tube and breakwater construction aspects of the dredging project, failed to properly design or supervise the implementation of the "beneficial use areas," failed to obtain and "implement"

information necessary to establish and follow appropriate precautions, failed to provide adequate safeguards to prevent discharges on leases and public areas, failed to properly warn of the dangers entailed in the dredging project, failed to control their agents and employees and the agents and employees of "contract labor," and failed to comply with unspecified state and federal statutes. Plaintiffs further allege that such breached duties caused the damages at issue and were sufficiently "reckless and willful" to constitute gross negligence.

13. Plaintiffs further allege that "negligence" is not an element of their claim for damages against the UNITED STATES ARMY CORPS OF ENGINEERS and/or the UNITED STATES.

14. Plaintiffs seek recovery for actual damages, exemplary damages, damages for emotional distress, and "legal expenses" totaling several million dollars.

## IV.
## RELATED ACTIONS

### A. Cause G-05-151 in the United States District Court for the Southern District of Texas

15. On March 14, 2005, all named Plaintiffs filed their Original Complaint against Intervenor and other companies allegedly involved in the dredging at issue in this lawsuit. Plaintiffs action was filed in the United States District Court for the Southern District of Texas, Galveston Division and was assigned Civil Cause No. G-05-151.

16. The defendants named in Civil Cause No. G-05-151 include Intervenor, the dredging contractor for the UNITED STATES ARMY CORPS OF ENGINEERS, subcontractors to Intervenor, subcontractors to Intervenor's subcontractors, and a private entity alleged to have been involved in the design and planning of the project at issue.

17. As to all defendants in Civil Cause No. G-05-151, including Intervenor, Plaintiffs alleged "causes of action" involving breached duties substantially similar to those alleged in the present case.

18. As to all defendants in Civil Cause No. G-05-151, including Intervenor, Plaintiffs alleged damages substantially similar or identical to those alleged in the present case.

19. Intervenor filed a third-party complaint against the UNITED STATES ARMY CORPS OF ENGINEERS in Civil Cause No. G-05-151. The UNITED STATES ARMY CORP OF ENGINEERS answered and moved for dismissal asserting that this Honorable Court has exclusive jurisdiction over the claims asserted.

20. Intervenor moved the United States District Court for the Southern District of Texas to transfer this action in its entirety to this Honorable Court. The United States District Court for the Southern District of Texas granted Intervenor's motion in this regard by order dated November 16, 2005.

21. On December 21, 2005, Plaintiffs filed their first Notice of Appeal of the Southern District's transfer order indicating their intent to appeal to the United States Court of Appeals for the Fifth Circuit. On January 13, 2006, Plaintiffs filed their Notice of Appeal to the United States Court of Appeals for the Federal Circuit.

**B. Cause G-05-219 in the United States District Court for the Southern District of Texas**

22. On April 20, 2005, Plaintiffs W.F. Childress and Childress Seafood separately filed their Original Complaint against the UNITED STATES ARMY CORPS OF ENGINEERS in the United States District Court for the Southern District of Texas, Galveston Division. In this action, Civil Cause No. G-05-219, Plaintiffs W.F. Childress and Childress Seafood again sought recovery based

on the same alleged acts and their respective share of the damages at issue in the present lawsuit. The UNITED STATES ARMY CORPS OF ENGINEERS moved to dismiss this action, and the court eventually issued an order transferring their claims to the United States Court of Federal Claims.

23. Cause No. 05-1044 C involving the same Plaintiffs and the same causes of action pending before this Honorable Court was consolidated with the present action by order dated January 25, 2006.

**C. Cause No. 22349 in the 344th Judicial District Court of Chambers County, Texas**

24. On January 6, 2006, Plaintiffs in this action initiated a new action by filing a petition in the 344th Judicial District Court of Chambers County, Texas. This action has been assigned Cause No. 22349 in the state court.

25. The defendants named in the 344th Judical District's Cause No. 22349 include as original defendants Intervenor, subcontractors to Intervenor, subcontractors to Intervenor's subcontractors, and a private entity alleged to have been involved in the design and planning of the project at issue.

26. As to all defendants in the 344th Judicial District's Cause No. 22349, including Intervenor, Plaintiffs alleged "causes of action" involving breached duties substantially similar to those alleged in the present case and in all other actions described herein.

27. As to all defendants in the 344th Judicial District's Cause No. 22349, including Intervenor, Plaintiffs have alleged damages substantially similar or identical to those alleged in the present case.

28. The time for the various defendants to file responsive pleadings in Cause No. 22349 in the 344th Judicial District has not yet accrued.

## V.
## INTERVENTION

29. As this Honorable Court has jurisdiction with respect to all claims in this lawsuit asserted against the UNITED STATES, Intervenor sought this Honorable Court's leave to intervene to assert and preserve its right to recovery against the UNITED STATES and its agents by indemnity for any and all damages asserted by Plaintiffs for which Intervenor may be found liable in any of the several related actions in which Plaintiffs have claimed damages arising from the incident or incidents made the basis of the present lawsuit. Intervenor likewise sought this Honorable Court's leave to intervene to assert and preserve its right to recovery against the UNITED STATES by contribution for its proportionate share of the damages asserted by Plaintiffs in any of the several related actions in which Plaintiffs have claimed damages arising from the incident or incidents made the basis of the present lawsuit.

30. This Honorable Court granted Intervenor's Motion for Leave to Intervene on October 20, 2005.

31. Intervenor hereby continues to assert its rights to indemnity and contribution from the UNITED STATES for any damages which Plaintiffs may prove in any of the actions Plaintiffs have instituted as a result of the incident or incidents made the basis of the present action, including any damages Plaintiffs may be awarded in connection with causes brought in the United States Court for the Southern District of Texas and in the action brought in the 344th Judicial District of Chambers County, Texas.

## V.
## THIRD PARTY COMPLAINT

32. Intervenor disputed or will dispute Plaintiffs' allegations in each of the actions in which Plaintiffs sought recovery against it, and Intervenor continues to dispute that Plaintiffs are entitled to recovery against it in any fashion.

33. While Intervenor disputes Plaintiffs' allegations in this case and in all related actions, to the extent Plaintiffs suffered any damages as alleged, and to the extent such damages are in any way attributable to Intervenor, which is denied, then Intervenor is entitled to and hereby asserts its right to indemnity and contribution from its subcontractors, BERTUCCI CONTRACTING CORPORATION and LUHR BROS. INC.

34. In the present action the UNITED STATES has asserted that Intervenor is liable to the United States for the Plaintiff's alleged damages. While Intervenor disputes such liability to the United States, Intervenor is entitled to and hereby asserts its right to indemnity and contribution from its subcontractors, BERTUCCI CONTRACTING CORPORATION and LUHR BROS., INC.

**A. First Cause of Action Against Bertucci Contracting Corporation: Indemnity.**

35. BERTUCCI CONTRACTING CORPORATION was a subcontractor of Intervenor on the project in question with responsibilities including the provision and placement of geotube materials from which Plaintiffs allege an escape of sediment and resulting damage.

36. To the extent Plaintiffs suffered any damages as alleged, and to the extent such damages are in any way attributable to Intervenor, whether directly or by indemnity and contribution to the UNITED STATES, which is denied, then BERTUCCI CONTRACTING CORPORATION is entirely responsible for such damages, and Intervenor is entitled to and hereby asserts its right to

indemnity from BERTUCCI CONTRACTING CORPORATION.

**B. Second Cause of Action Against Bertucci Contracting Corporation: Contribution.**

37. To the extent Plaintiffs suffered any damages as alleged, and to the extent such damages are in any way attributable to Intervenor, whether directly or by indemnity and contribution to the UNITED STATES, which is denied, then BERTUCCI CONTRACTING CORPORATION is responsible for such damages, and Intervenor is entitled to and hereby asserts its right to contribution from BERTUCCI CONTRACTING CORPORATION for and in the full amount of its proportionate share of responsibility.

**C. First Cause of Action Against Luhr Bros. Inc.: Indemnity**

38. LUHR BROS. INC. was a subcontractor of Intervenor on the project in question with responsibilities including the construction of a rock breakwater near a work area from which Plaintiffs allege an escape of sediment and resulting damage.

39. To the extent Plaintiffs suffered any damages as alleged, and to the extent such damages are in any way attributable to Intervenor, whether directly or by indemnity and contribution to the UNITED STATES, which is denied, then LUHR BROS. INC. is entirely responsible for such damages, and Intervenor is entitled to and hereby asserts its right to indemnity from LUHR BROS. INC.

**D. Second Cause of Action Against Luhr Bros. Inc.: Contribution**

40. To the extent Plaintiffs suffered any damages as alleged, and to the extent such damages are in any way attributable to Intervenor, whether directly or by indemnity and contribution to the UNITED STATES, which is denied, then LUHR BROS. INC. is responsible for such damages, and

Intervenor is entitled to and hereby asserts its right to contribution from LURH BROS. INC. for and in the full amount of its proportionate share of responsibility.

WHEREFORE, Intervenor, WEEKS MARINE, INC., respectfully prays that BERTUCCI CONTRACTING CORPORATION and LUHR BROS. INC. be summoned to appear and answer, and be held liable for the damages the Plaintiffs may prove, if any, only to the extent that such damages may be assessed against or recoverable from Intervenor, whether directly to the Plaintiffs or by indemnity, contribution, or otherwise to the UNITED STATES or any other party or entity, and that Intervenor receive indemnity, or in the alternative, contribution from BERTUCCI CONTRACTING CORPORATION and LUHR BROS. INC. for any damages asserted by Plaintiffs or anyone else for which Intervenor may be found in any way liable; that Intervenor recover its costs; and that Intervenor have all such other and further relief as may be just and proper.

Respectfully submitted,

By: s/ Kenneth G. Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)