**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W.F. CHILDRESS AND ALTON LEE KELLY** | § | **NO. 05-840C Consolidated With No. 05-1044C (Chief Judge Damich)** |
| **VS.** | § | |
| **THE UNITED STATES** | § | |

**PLAINTIFFS' RESPONSE TO THIRD PARTY PLAINTIFF WEEKS MARINE'S MOTION FOR LEAVE TO JOIN AS PARTIES AND JOIN CLAIMS AGAINST BERTUCCI CONTRACTING AND LUHR BROS., INC. AND PLAINTIFFS' OPPOSED MOTION TO STRIKE PLEADINGS OF WEEKS MARINE AND OPPOSED MOTION FOR A SEPARATE TRIAL**

TO THE CHIEF JUDGE OF SAID COURT:

COMES NOW, all Plaintiffs and file this response to Weeks Marine's Motion for Leave and files this motion to strike and motion for a separate trial and in support of would show:

## I. Introduction

1.00 Plaintiffs are Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson-Vallejo, Vickie Jo Nelson-Salazar, Childress Seafood, Inc., W. F. Childress, and Alton Lee Kelly.

1.01 Defendant is the United States.

1.02 Intervenor is Weeks Marine, Inc. It is not clear whether Intervenor has intervened as a party Plaintiff, or whether Intervenor has intervened as a third party Defendant. Since Intervenor has asserted claims against the United States, it is

assumed that Weeks Marine has intervened as a party Plaintiff against the United States.

1.03 Plaintiffs have sued the United States for damages done to private oyster leases from dredging operations performed by the United States authorized by act of Congress under 28 U.S.C. §1497.

1.04 Intervenor has sued the United States for indemnification from claims it may, or may not have to pay to Plaintiffs arising out of lawsuits pending in other courts of the United States and the State of Texas. It is not clear under which statute Intervenor asserts jurisdiction to sue the United States in the Court of Federal Claims.

1.05 Intervenor seeks to join other private party defendants so that Intervenor may assert claims for damages against those private party defendants in this Court. It is not clear under which statute Intervenor asserts jurisdiction in seeking damage claims against the other private party defendants in the Court of Federal Claims

## II. Jurisdiction & Venue

2.00 All parties agree that the Court has jurisdiction over the claims by the Plaintiffs against the United States in accordance with 28 U.S.C. §1497 because this is an action that involves claims against the United States for damages to oyster growers on private or leased lands or bottoms arising from dredging operations authorized by act of Congress.

2.01 There is disagreement between Plaintiffs and Intervenor regarding the Court's jurisdiction to hear and adjudicate private party claims against other private parties. Intervenor has cited no statute or Constitutional provision that grants this

Court jurisdiction to hear Intervenor's claims against private parties. Plaintiffs assert that the Court of Federal Claims is not a court of general jurisdiction, but rather is a court of limited jurisdiction. Parties bringing actions in this Court must cite jurisdictional authority to do so, or their claims are barred.

2.02 Plaintiffs assert that the Court of Federal Claims was established by Congress in order to provide a forum in which private parties may assert claims against the United States. See 28 U.S.C. §1491. The Court was not established in order to allow private parties to bring suits against other private parties. Congress has established courts, other than the Court of Federal Claims, so that private parties may assert claims against other private parties.

2.03 Congress has established the personal jurisdiction of the Court and the subject matter jurisdiction of the Court. The Court has personal jurisdiction over the United States only when it has subject matter jurisdiction as well. Id. Although the Court of Federal Claims has subject matter jurisdiction over claims by oyster harvesters for damages done by dredging operations authorized by act of Congress, the Court only has personal jurisdiction over the United States in such actions in granting relief to Plaintiffs. The Court does not have the authority to grant relief to private party Plaintiffs against private party Defendants in such actions.

**III. Argument & Authorities**

3.00 As stated above, it is not clear whether Intervenor intervened as a plaintiff or as a third party defendant. However, Intervenor has asserted a right to indemnification from the United States. Therefore, it appears that Intervenor is

asserting claims rather than simply protecting its interest as a third party defendant under Court of Federal Claims Rule 14. As such, Intervenor should be treated as a Plaintiff Intervenor under Court of Federal Claims Rule 19(a).

***Response to Motion for Leave***

3.01 There are several problems with Intervenor's motion for leave to join as defendants the private parties, Bertucci Contracting and Luhr Bros. The motion is styled incorrectly and does not identify the Judge. In addition to these technicalities, the motion assumes that the Court has jurisdiction over these "party candidates" and the subject matter of the claims Intervenor asserts against them.

3.02 Intervenor seeks to join and/or summon these "party candidates" under Court of Federal Claims Rule 19(a). Yet, instead of having these party candidates joined as "involuntary" party plaintiffs, Intervenor seeks to have them joined as "involuntary third party defendants." Therefore, Intervenor is actually seeking to join these involuntary defendants under Court of Federal Claims Rule 14(a), Summoned Parties.[1]

3.03 According to Rule 14(a), only upon motion of the United States, may the Court summon third persons whom the **<u>United States</u>** may be asserting a claim or contingent claim for the recovery of money paid by the United States. Neither Rule 14(a), nor Rule 19(a) allows a private party to summon an involuntary defendant so

[1] Intervenor has not cited any case law or statutory authority that grants the Court of Federal Claims jurisdiction to grant relief in the way of damages to Intervenor from the third party defendants it seeks to join and vice versa.

that a private party plaintiff may assert claims for relief against an involuntary defendant.

3.04 As discussed during the Preliminary Scheduling Conference, the Court was made aware that the Plaintiffs in this case have brought an action against Intervenor and other private party defendants in the Southern District of Texas, Galveston Division. That action was ordered transferred to the Court of Federal Claims. Plaintiffs have appealed that transfer order to the Federal Circuit Court of Appeals in the District of Columbia.

3.05 The issue on appeal is the jurisdictional ability of the Court of Federal Claims to hear private party claims against other private parties. Intervenor is well aware of the issues currently under appeal.

3.06 Despite that knowledge, Intervenor, by asserting claims as a private party plaintiff against private party defendants, is attempting to force the Court of Federal Claims to rule on its own jurisdictional abilities and/or limitations. Intervenor wants the Court to expand its jurisdiction without the benefit of an act of Congress and before the Federal Circuit can rule on that issue. Title 28 U.S.C. §1500, should act as a bar to this early opinion sought by Intervenor since the notice of appeal was filed before Intervenor's motion for leave to join claims and parties.

3.07 The Court should deny Intervenor's motion for leave to join parties and claims. 28 U.S.C. §1497 grants jurisdiction to this Court for claims by oyster harvesters against the United States. That jurisdictional statute only allows claims by the oyster harvesters against the United States. The statute is not a jurisdictional

device for claims against private parties by private parties to obtain jurisdiction for their claims in the Court of Federal Claims. The statute is not a jurisdictional device that allows a private party to sue another private party in the Court of Federal Claims when they are seeking indemnification from other private parties.

3.08 Instead, section 1497, was enacted so that the oyster harvester could obtain relief from the government. It was not enacted to enable private parties to seek indemnification from the United States. In seeking indemnification from the United States or other third party defendants, Intervenor must first seek out a jurisdictional statute that gives the Court jurisdiction to hear Intervenor's claims. Surely, Intervenor is not claiming that it is an oyster harvester. Since Intervenor is not an oyster harvester, it cannot claim that it has a right to relief from the United States or anyone else under 28 U.S.C. §1497.

***Motion to Strike Intervenor's Motion***

3.09 Intervenor's motion to join claims and parties does not conform to the rules of the Court of Federal Claims. It is styled incorrectly and does not identify the presiding judge.

3.10 The motion seeks to join claims and parties under 28 U.S.C. §1497 when neither the Intervenor, nor the parties, that the motion seeks to join, are oyster harvesters. Intervenor seeks the involuntary joining of Bertucci Contracting and Luhr Bros. as third party defendants under CFCR 19(a) when that rule only contemplates joining voluntary and involuntary plaintiffs with like claims against the government.

3.11 The joining of involuntary third party defendants is reserved to the United States under CFCR 14(a). Intervenor cannot summon a third party defendant to seek contribution for its own potential liabilities under 28 U.S.C. §1497, nor can Intervenor summon a third party defendant under either CFCR 14(a) or 19(a).

***Motion for Separate Trials***

3.12 In accordance with CFCR 20(b), Plaintiffs move for a separate trial for their claims against the United States under 28 U.S.C. §1497. In this action in the Court of Federal Claims, the Plaintiffs have not asserted any claims against Intervenor, and Intervenor has not asserted any claims against Plaintiffs. Additionally, the claims that Intervenor asserts against the United States are in the nature of indemnification and are not being asserted because Intervenor was an oyster harvester. Therefore, Intervenor's claims against the United States are contractual in nature and do not accrue under 28 U.S.C. §1497. As such, Intervenor's claims against the United States can only bring unnecessary delay, burden and expense to Plaintiffs' action.

3.13 Intervenor has the right to join the action as a third party defendant under CFCR 14(b). However, that right is limited to defending its own interests against possible contribution asserted by the United States. It does not give the Intervenor an independent cause of action against the Plaintiffs, nor does it give the Plaintiffs an independent cause of action against Intervenor. Any claim Intervenor, and the parties it seeks to join, may have against the United States must accrue under 28 U.S.C. §1497. Otherwise, Intervenor, and the other private parties, must seek the Court's jurisdiction to hear their claims under some other statutory provision, or prove that

they are oyster harvesters. Since the Intervenor's claims do not arise under 28 U.S.C. §1497, Plaintiffs should be granted a separate trial in this mater.

## IV. Conclusion

4.00 Intervenor seeks to expand the jurisdiction of the Court by asking the Court to allow it to press claims for relief against other private parties. Additionally, Intervenor seeks to misapply and expand its rights under both CFCR 14(a) and 19(a) in asking the Court to join private parties as involuntary defendants rather than as involuntary plaintiffs.

4.01 Intervenor should have its motion struck because it fails to comply with Court of Federal Claims Rules and seeks to expand the jurisdiction of the Court while an earlier filed appeal is pending in the Federal Circuit regarding such issues.

4.02 Because Intervenor is not an oyster harvester and because Intervenor asserts no claims against any Plaintiff and no Plaintiff asserts any claims against Intervenor in this Court, Plaintiffs should have a separate trial on its 28 U.S.C. §1497 claim against the United States.

## V. Prayer

5.00 For the reasons stated above, Plaintiffs pray that Intervenor's motion for leave to join claims and parties be denied. Plaintiffs pray that the Court strike Intervenor's motion for leave to join claims and parties. Plaintiffs pray that the Court grant their motion for a separate trial on their claims against the United States under 28 U.S.C. §1497.

Respectfully submitted,

s/ Paul W. O'Finan
Paul W. O'Finan
Texas Bar No. 24027376
Federal ID No. 30719
9597 Jones Road #317
Houston, Texas 77065
(713) 202-1776

ATTORNEY FOR PLAINTIFFS,
W. F. Childress and
Childress Seafood, Inc.

s/ David E. Bernsen
David E. Bernsen
Texas Bar No. 02217500
P. O. Box 822
Beaumont, Texas 77704
(409) 832-1957
(409) 832-2211 fax

ATTORNEY FOR PLAINTIFFS,
Fishermans' Harvest, C. Joe Nelson, Doris Mae Nelson, Vanessa Jo Nelson-Vallejo, Vickie Jo Nelson-Salazar and Alton Kelly

**CERTIFICATE OF FILING**

I certify that on February 7, 2006, a copy of the forgoing Plaintiffs' response and motions were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul W. O'Finan

**CERTIFICATE OF CONFERENCE**

I certify that on February 6, 2006, I conferred with Allen Hemphill, counsel for Intervenor via telephone in Houston Texas, and he informed me that he is opposed to Plaintiffs' Motion to Strike and Motion for a Separate Trial.

s/ Paul W. O'Finan

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FISHERMAN'S HARVEST, INC.,** | **§** | |
| **C. JOE NELSON, JR., DORIS MAE** | **§** | |
| **NELSON, VANESSA JO NELSON** | **§** | |
| **VALLEJO, VICKIE JO NELSON** | **§** | |
| **SALAZAR, CHILDRESS SEAFOOD,** | **§** | |
| **INC., W.F. CHILDRESS AND** | **§** | **NO. 05-840C** |
| **ALTON LEE KELLY** | **§** | **Consolidated With** |
| | **§** | **No. 05-1044C** |
| **VS.** | **§** | **(Chief Judge Damich)** |
| | **§** | |
| **THE UNITED STATES** | **§** | |

**ORDER ON PLAINTIFFS' MOTION TO**
**STRIKE AND MOTION FOR SEPARATE TRIAL**

On this day, after considering Intervenor's motion, the response, the motions of Plaintiffs, and arguments of counsel the COURT:

☐ _____ DENIES Intervenor's Motion for Leave to Join Parties and Claims

☐ _____ GRANTS Plaintiffs' Motion to Strike Intervenor's Motion for Leave to Join

☐ _____ GRANTS Plaintiffs' Motion for a Separate Trial on their Claims Under 28 U.S.C. §1497

Signed on ________________________________, 2006

______________________________
PRESIDING JUDGE