IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, | ) | |
| v. | ) | |
| WEEKS MARINE, INC., Intervenor Plaintiff, | ) | No. 05-0840 C and No. 05-1044C (CONSOLIDATED) (Chief Judge Damich) |
| v. | ) | |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S OPPOSITION TO INTERVENOR PLAINTIFF'S MOTION FOR LEAVE TO JOIN AS PARTIES AND JOIN CLAIMS AGAINST BERTUCCI CONTRACTING CORPORATION AND LUHR BROS. INC., AND OPPOSITION TO PLAINTIFFS' RESPONSE TO THIRD PARTY PLAINTIFF WEEKS MARINE'S MOTION FOR LEAVE TO JOIN AS PARTIES AND JOIN CLAIMS AGAINST BERTUCCI CONTRACTING AND LUHR BROS., INC, AND PLAINTIFFS' OPPOSED MOTION TO STRIKE PLEADINGS OF WEEKS MARINE AND OPPOSED MOTION FOR A SEPARATE TRIAL

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this opposition to plaintiff intervenor Weeks Marine Inc.'s ("Weeks") motion for leave to join as parties and join claims against Bertucci Contracting Corporation ("Bertucci") and Luhr Bros. Inc. ("Luhr"), and Fisherman's Harvest, Inc. et al.'s ("Fisherman's Harvest") filing captioned "Plaintiff's Response to Third Party Plaintiff Weeks Marine's Motion For Leave to Join as Parties and Joint Claims Against Bertucci Contracting and Luhr Bros., Inc, and Plaintiffs' Opposed Motion to Strike Pleadings of Weeks Marine and Opposed Motion for a Separate Trial" ("Fisherman's Harvest motion").

Weeks' Motion to Join Bertucci and Luhr

Although the facts asserted by Weeks appear to meet the joinder requirements of RCFC 19(a) in that failure to join Bertucci Contracting Corporation and Luhr Bros., Inc., would leave Weeks at substantial risk of incurring double, multiple or otherwise inconsistent obligations, we oppose Weeks' motion as this Court is without jurisdiction to adjudicate contractual claims between Weeks and its subcontractors. Fisherman's Harvest makes a number of arguments in opposition to Weeks' motion to join Bertucci and Luhr. Although we agree with Fisherman's Harvest that joinder is improper, we do not concur with Fisherman's Harvest's analysis. Fisherman's Harvest appears to conflate the related concepts of notice, interpleader, joinder, and ancillary jurisdiction. Additionally, Fisherman's Harvest appears not to have seen this Court's January 25, 2006, order providing that the caption of this action has been modified to include Weeks Marine as an intervenor plaintiff.

Fisherman's Harvest attempts to recast Weeks' motion pursuant to RCFC 19(a) , as a motion pursuant to RCFC 14(a). As noted by Fisherman's Harvest, the procedures of RCFC 14(a) are only available to the United States. See RCFC 14(a); 41 U.S.C. § 114(b). Rule 14(a) permits the United States, when subjected to the risk of double liability, to summons a third party. Rule 14(a) is necessary to protect the United States, as the Rules of this Court do not provide for interpleader. See Rules Committee Note to RCFC 22. Rule 19(a) of the RCFC provides for the joinder of parties needed for just adjudication, if feasible. Rule 19(a) of the RCFC differs from RCFC 14(b) in that it provides for joinder rather than just notice, but it is limited to "necessary" parties rather than the broader category of "interested" parties. Accordingly, Rule 19(a) is the only option available to Weeks to protect itself from multiple recovery. Fisherman's Harvest appears to argue that RCFC 19(a) only permits joinder of

additional plaintiffs, and not additional defendants. Fisherman's Harvest Motion ¶ 3.02. Fisherman's Harvest also asserts that RCFC 19(a) only permits joining plaintiff's with like claims against the Government. Fisherman's Harvest Motion ¶¶ 3.10, 3.13. However, Fisherman's Harvest's argument is contradicted by the plain language of RCFC 19(a), which provides that the joined person shall be made a "party." RCFC 19(a).

Rule 19(a) of this Court's rules permits the joinder of necessary parties; however, RCFC 19(a) governs only the procedural propriety of joinder and does not expand the jurisdiction of this Court. Rule 82 of the Federal Rules of Civil Procedure ("FRCP") makes this point explicit, stating that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district court . . . ." FRCP 82. Although the rules of this Court do not contain an equivalent to FRCP 82, the limitations upon this Court's jurisdiction are well known.

Plaintiffs have asserted jurisdiction pursuant to 28 U.S.C. § 1497, providing jurisdiction to "render judgment upon any claim for damages to oyster growers . . . ." The contractual claims which Weeks seeks to join do not involve damages to oyster growers, and accordingly are not within the scope of section 1497. Fisherman's Harvest asserts that this Court is without jurisdiction to consider any claims in this action other than claims by other oyster growers pursuant to 28 U.S.C. § 1497. Fisherman's Harvest Motion ¶ 3.08. Fisherman's Harvest also maintains that this Court is a Court of limited jurisdiction, and that Weeks must identify a jurisdictional statute that would permit this Court to entertain its claims. Fisherman's Harvest Motion ¶3.08. Fisherman's Harvest is correct that all claims by or against a necessary party must be supported by subject matter jurisdiction. See e.g. Moore's Federal Practice 3D §19.04. However, this Court would possess jurisdiction to entertain claims within its jurisdiction other than oyster grower claims, pursuant to this Court's joinder rules. However, the contractual

claims asserted by Weeks are not within the scope of this Court's Tucker Act jurisdiction, because there is no privity of contract between the Bertucci or Luhr and the United States. Finally, unlike the district courts, this Court does not possess supplemental jurisdiction to entertain claims beyond the court's original jurisdiction that are part of the same case or controversy. 28 U.S.C. § 1367.

Defendant is aware of, and respectfully disagrees with, this Court's opinions finding that the Court of Federal Claims possesses some form of supplemental jurisdiction. See Trek Leasing, Inc. v. United States, 62 Fed. Cl. 673 (2003) (pendant jurisdiction), American Renovation and Construction Co. v. United States, 65 Fed. Cl. 254, 262 (2005) (ancillary jurisdiction), see also Klamath Irrigation District, et al., v. United States, 64 Fed. Cl. 328, 334 (2005) (ancillary jurisdiction). As Congress specifically limited supplemental jurisdiction to the district courts, these cases rely upon the doctrines of pendant and ancillary jurisdiction, as they existed prior to the enactment of the statutory grant of supplemental jurisdiction for the district courts. Pendant party jurisdiction is essentially the same concept as ancillary jurisdiction, except that a pendant party claim is brought by the plaintiff against a third party, while ancillary jurisdiction involves a claim brought by non-plaintiffs pursuant to the federal rules.

We respectfully disagree with these cases, as the enactment of the statutory grant of supplemental jurisdiction necessarily preempted the Federal common law concepts of ancillary and pendant jurisdiction. Federal courts possess the power to create common law as a necessary expedient in instances where Congress has not spoken to a specific issue. See, e.g., Milwaukee v. Illinois and Michigan, 451 U.S. 304, 313 (1981). However, once Congress has spoken to a question, there is no room left for Federal common law to improve upon the statute. Id. at 319.

Thus, the Federal common law doctrines of pendant and ancillary jurisdiction have been preempted by the statutory creation of supplemental jurisdiction.

A finding that this Court possesses supplemental jurisdiction would also conflict with precedent holding that bankruptcy courts, which, like this Court, are Article I courts, do not possess supplemental jurisdiction. See Matter of Walker 51 F.3d 562, 572-73 (5th Cir. 1995), see also Chapman v. Currie Motors Inc., 65 F.3d 78, 81 (7th Cir. 1995) (assuming, but not holding, that bankruptcy courts lack supplemental jurisdiction).

It is also clear that there is no controlling precedent holding that this Court ever possessed ancillary or pendant jurisdiction prior to the enactment of 28 U.S.C. § 1367. This Court's predecessor court, the United States Court of Claims, never decided the question. See Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 613, 372 F.2d 1002, 1012 (1967); Gulf & South American S.S. Co. v. United States, 205 Ct. Cl. 135, 147, 500 F.2d 549, 555-56 (1974); Lockridge v. United States, 218 Ct. Cl. 687 (1978). Moreover, these Court of Claims decisions questioning the existence of pendant and ancillary jurisdiction were issued after the Supreme Court's decision in United Mine Workers v. Gibbs, 383 U.S. 715, 725-27 (1966), from which this Court purportedly derived its supplemental jurisdiction.

Even assuming that the Federal common law was not preempted by the statutory creation of supplemental jurisdiction, it is unclear whether judge-made ancillary jurisdiction still exists. The existence of pendant, pendant party, and ancillary jurisdiction in the Federal district courts was widely accepted prior to the Supreme Court's holding in Finley v. United States, 490 U.S. 545, 549-50 (1989). Although the holding of Finley simply overturned the concept of pendant party jurisdiction within the context of the Federal Tort Claims Act ("FTCA"); the broadly worded opinion led commentators to question the continued existence of the concepts of pendant

party and ancillary jurisdiction. See Lee & Wikins, An Analysis of Supplemental Jurisdiction and Abstention with Recommendations for Legislative Action, 1990 B. Y. U. L. Rev. 321, 330; see also Moore's Federal Practice 3D §106.04[4].

The Supreme Court's analysis in Finley is instructive regarding Weeks' motion. Ms. Finley brought suit against the United States, based upon the alleged negligence of the Federal Aviation Administration as causation for the airplane crash which killed her husband. Finley 490 U.S. at 546. Ms. Finley then sought to amend her complaint to assert claims, which were not subject to federal jurisdiction, against the city of San Diego and San Diego Gas and Electric Company. Id. Ms. Finley's suit was brought pursuant to the FTCA, which provides that suit against the United States must be in Federal court. Id. at 552. The Court rejected Federal jurisdiction to entertain "added parties over whom no independent basis of jurisdiction exists." Id. at 551. The Court recognized that Ms. Finley was forced to litigate in federal court by the FTCA, but held that the burden of litigating in both state and Federal court was not sufficient to create jurisdiction over additional parties. Id. "All our cases . . . have held that a grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties." Id. at 556. Following the Supreme Court's holding in Finley a split developed upon the question of the continued existence of ancillary jurisdiction; however, the Supreme Court never resolved this question due to the enactment of 28 U.S.C. § 1367. Like the procedural limitations faced by Ms. Finley, the parties to this action are required to litigate their claims against the United States before this Court; however, that fact is insufficient to create jurisdiction to join Bertucci and Luhr.

Fisherman's Harvest also argues that Weeks' motion should be barred by 28 U.S.C. § 1500. Section 1500 provides that this Court "shall not have jurisdiction of any claim for or in

respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500. This argument is irrelevant to Weeks' motion to join Bertucci and Luhr. This Court is only Court to possess jurisdiction to entertain any claims between the United States and Weeks pertaining the contract for dredging at issue in this litigation. The United States Federal District Court for the Southern District of Texas has properly transferred to this Court Weeks claim against the United States. Although Fisherman's Harvest has appealed the transfer order to the United States Court of Appeals for the Federal Circuit, the jurisdictional issues before the appellate court do not appear to involve Weeks' claim against the United States. Moreover, the jurisdictional issues upon appeal are not the same claim against the United States as is pending in this action.

We also note that Fisherman's Harvest misstates the position of the United States with respect the jurisdiction of this Court. Contrary to the statement of Fisherman's Harvest, we do not "agree" that the Court has jurisdiction. Fisherman's Harvest Motion ¶ 2.00. As noted in the Joint Preliminary Status Report, the position of the United States is that we know of no bar to this Court's jurisdiction.

Fisherman's Harvest's Motion To Strike

Defendant, the United States opposes Fisherman's Harvest's motion to strike Weeks' motion. This Court's rules permit a motion to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." RCFC 12(f). Weeks' motion meets none of these criteria. Fisherman's Harvest may oppose Weeks' motion, but Fisherman's Harvest has not identified a basis to strike the pleading. Indeed, Fisherman's Harvest fails to establish that Weeks' motion creates any prejudice to them or confusion in this matter. Impresa Construzioni Geom. Domenico Garufi v. United States, 61 Fed. Cl. 175, 177 (2004) (denying plaintiffs'

motion to strike "[b]ecause the referenced material creates no prejudice or confusion in this matter and does not bear upon the cost issue decided by the court, . . ."); Lion Raisins, Inc. v. United States, 52 Fed. Cl. 629, 633 n.6 (2002) (denying motion to strike where defendant did not show that filing "created an undue and unforeseen burden on its resources.") (citation omitted); Stearns Co., Ltd. v. United States, 34 Fed. Cl. 264, 268-69 (2002) (denying motion to strike "troubling" affidavit containing legal conclusions, ruling that Court would discount the affiant's "purely legal conclusions").

We defer to the sound discretion of the Court to determine whether Weeks Marine's motion for leave to join should be rejected for failure to include the name of the presiding judge. Fisherman's Harvest also asserts that Weeks' motion is "styled incorrectly." Fisherman's Harvest Motion ¶ 3.09. However, it is Fisherman's Harvest that has filed an improperly captioned motion. As we noted above, it appears that Fisherman's Harvest has not seen this Court's January 25, 2006, order which modified the official caption of this action.

Fisherman's Harvest's Motion for a Separate Trial

Defendant, the United States, opposes Fisherman's Harvest's motion for a separate trial. Fisherman's Harvest states that they have not asserted any claims against Weeks. Fisherman's Harvest Motion ¶ 3.12. However, this action was initially filed against Weeks in the United States District Court for the Eastern District of Texas. Fisherman's Harvest then asserts that Weeks' claims are contractual and "can only bring unnecessary delay, burden and expense to Plaintiffs' action." However, Fisherman's Harvest cites no basis for this conclusion. Although we agree with Fisherman's Harvest that Weeks' motion should be denied as this Court is without jurisdiction to entertain the claims advanced by Weeks, should this Court join the parties, we would oppose separate trials. As contractual claims, it more likely that the claims for indemnity

and contribution between the United States and Weeks and between Weeks and Bertucci and Luhr may be resolved by summary judgment. In fact, it seems probable that these issues can be resolved before any trial addressing plaintiffs' damages.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

Of Counsel:

P. ALEX PETTY
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps
of Engineers
Galveston District
2000 Fort Point Rd.
Galveston, TX 77550

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

February 17, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February 17, 2006, a copy of the forgoing "DEFENDANT'S OPPOSITION TO INTERVENOR PLAINTIFF'S MOTION FOR LEAVE TO JOIN AS PARTIES AND JOIN CLAIMS AGAINST BERTUCCI CONTRACTING CORPORATION AND LUHR BROS. INC., AND OPPOSITION TO PLAINTIFFS' RESPONSE TO THIRD PARTY PLAINTIFF WEEKS MARINE'S MOTION FOR LEAVE TO JOIN AS PARTIES AND JOIN CLAIMS AGAINST BERTUCCI CONTRACTING AND LUHR BROS., INC, AND PLAINTIFFS' OPPOSED MOTION TO STRIKE PLEADINGS OF WEEKS MARINE AND OPPOSED MOTION FOR A SEPARATE TRIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris