IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, | * | |
| v. | * | No. 05-840 C and No. 05-1044 C (CONSOLIDATED) (Chief Judge Damich) |
| WEEKS MARINE, INC. Intervenor Plaintiff, | * | |
| v. | * | |
| THE UNITED STATES Defendant. | * | |

**INTERVENOR'S REPLY TO PLAINTIFFS' RESPONSE TO INTERVENOR'S MOTION FOR LEAVE TO JOIN AS PARTIES AND JOIN CLAIMS AGAINST BERTUCCI CONTRACTING CORPORATION AND LUHR BROS. INC., AND INTERNENVOR'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION FOR A SEPARATE TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEEKS MARINE, INC., Intervenor, and files this its Reply to Plaintiffs' Response to Intervenor's Motion for Leave to Join as Parties and Join Claims Against Bertucci Contracting Corporation and Luhr Bros., Inc. and its Response to Plaintiffs' Opposed Motion for a Separate Trial, and in support thereof would show:

## I. BACKGROUND

1. Plaintiffs are oyster growers who seek recovery for damages to oyster beds allegedly resulting from a United States Army Corps of Engineers dredging project.

2. Prior to filing their claims before this Honorable Court, Plaintiffs brought an action in the United States District Court for the Southern District of Texas against several United States Army Corps of Engineers contractors and subcontractors involved in the dredging project at issue, seeking recovery for essentially the same damages alleged in the present action. Proceedings in that action are stayed pending Plaintiffs' appeal of the District Court's transfer of all claims to this Honorable Court.

3. After filing their claims before this Honorable Court, Plaintiffs brought yet another action in the 344th Judicial District Court of Chambers County, Texas naming defendant contractors and subcontractors essentially identical to those named in the action filed in the United States District Court for the Southern District of Texas. This action was removed to the United States District Court for the Southern District of Texas, and a motion to transfer it to this Honorable Court is pending.

4. Intervenor was a contractor of the United States Army Corps of Engineers working on the dredging project at issue. Intervenor sought and received this Honorable Court's leave to intervene to protect its right to recover, by contribution or indemnity, from the United States Army Corps of Engineers in the event, however unlikely, that Plaintiffs were permitted to pursue any of their separate actions through to conclusion and an award of damages against Intervenor.

5. The United States answered and asserted its right to indemnity from Intervenor.

6. In its Motion for Leave to Join as Parties and Join Claims Against Bertucci Contracting Corporation and Luhr Bros., Inc., Intervenor sought leave to join two of its contractors on the dredging project at issue against whom Plaintiffs have alleged negligence in Texas state and federal

Courts. These contractors carried out a large portion of the work at issue, and, to the extent the United States establishes any right to recover from Intervenor, these contractors are liable to Intervenor for any claims asserted against it by the United States. They are accordingly parties in the absence of whom complete relief cannot be afforded. Furthermore, like Intervenor, these contractors have been sued by Plaintiffs in state and federal courts in Texas and, like Intervenor, they are entitled to recover from the United States in the unlikely event any damages are assessed against them in those separate actions. Accordingly, Bertucci and Luhr are appropriate parties for joinder as plaintiffs in this action.

7. In their response to Intervenor's Motion for Leave to Join, Plaintiffs essentially argue that this Honorable Court has no jurisdiction over the parties and claims at issue, that Bertucci and Luhr are not subject to joinder, and that Intervenor's motion should be stricken for procedural errors or because it conflicts with 28 U.S.C. § 1500. Plaintiffs further move and argue that they are entitled to a separate trial. Intervenor disagrees with each of Plaintiffs' assertions.

## II.
## This Honorable Court Has Jurisdiction Over the Claims at Issue

8. While Plaintiffs contend that this Honorable Court has jurisdiction over their claims pursuant to 28 U.S.C. § 1497, they argue that the Court has no jurisdiction to hear claims by or against private parties concerning the same damages they have placed at issue. However, by its plain language, § 1497 invests this Honorable Court with jurisdiction to hear all such claims.

9. The United States Court of Federal Claims "shall have jurisdiction to render judgment upon any claim for damages to oyster growers on private or leased lands or bottoms arising from dredging operations or use of other machinery and equipment in making river and harbor improvements

authorized by Act of Congress." 28 U.S.C. § 1497.

10. In the present case, Plaintiffs allege that they were oyster growers and that they suffered damage to oyster leases as a result of a United States Army Corps of Engineers dredging project, and they do not dispute that § 1497 grants this Honorable Court jurisdiction to hear their claims. The issue before this Honorable Court is whether Intervenor's claims against the United States, Bertucci, and Luhr and the United States claims against Intervenor are claims within the scope of § 1497. Intervenor asserts that same are clearly "damages to oyster growers" within the statute.

11. In interpreting the ambit of § 1497 or any statute, the primary rule of construction entails the presumption that the legislature meant what the statute says. *See, e.g. Bedroc Limited, LLC v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004). Furthermore, language omitted from the text of a statue was presumptively omitted for cause, particularly when the language at issue is elsewhere apparent. *See, Jama v. Immigrations and Customs Enforcement*, 543 U.S. 335, 341, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005)("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest.").

12. Section 1497 does not limit this Honorable Court's jurisdiction to claims "by oyster harvesters" or claims "against the United States" as Plaintiffs contend. These phrases are absent from the statutory language, which instead grants the much broader jurisdiction over "any claim for damages to oyster growers." (*Emphasis added*). Plaintiffs' claims fall within the scope of "any claim" for damages to oyster growers, as do the claims that Intervenor urges against the United

States, Bertucci, and Luhr. No party herein has asserted or attempts to assert a claim that does not depend, at it core, upon the allegation of damages to oyster growers.

13. Although the plain language of § 1497 is sufficiently clear, it is further apparent from the surrounding statutes creating jurisdiction in the United States Court of Federal Claims that Congress was capable of adopting the limited construction proposed by Plaintiffs had such a construction been its intent. For example, in § 1491(a) Congress establishes jurisdiction over certain specified claims "against the United States." 28 U.S.C. § 1491(a). Section 1494 grants the United States Court of Federal Claims jurisdiction over accounts "due to or from the United States," and § 1498(a) authorizes certain patent actions "against the United States." 28 U.S.C. §§ 1494, 1498(a). That the surrounding statutes include explicit jurisdictional limitations omitted from § 1497 is further proof that the jurisdiction of this Honorable Court, in the very specific circumstance defined in § 1497, is not limited to actions "by oyster harvesters" and "against the United States" as the Plaintiffs propose.

14. The broad jurisdictional language selected by Congress in drafting § 1497 is consistent with the unique nature of federal liability under this statute. The United States is strictly liable for all damages to oyster growers falling within § 1497. *Schroeder Besse v. United States*, 95 Ct.Cl. 729 (1942). Plaintiffs accordingly need only establish their standing and damages to achieve recovery, and they have no need to establish the negligence of any party. However, nothing in § 1497 forecloses actions for indemnity or contribution by the United States against its contractors. To adopt Plaintiffs' restrictive and unsupported interpretation of this statute would allow the United States (or its selected contractor(s)) to be liable without recourse to other contractors who may be bound by this Court's damages findings. As the narrow circumstances described in § 1497 invariably involve multiple contractors and subcontractors, it is understandable that Congress granted this Honorable

Court broad jurisdiction over such claims. As Plaintiffs have no claim against Intervenor in this action and no clear stake in the outcome of the present motion, Plaintiffs' opposition to joinder appears little more than a transparent attempt to prolong duplicate litigation and the pursuit of duplicate recovery by preventing this Honorable Court from settling all claims between all parties in a single forum.

15. Although this Honorable Court has original jurisdiction over the narrow set of claims referenced herein, the Court also has ancillary jurisdiction to support the joinder of Bertucci and Luhr without regard to the broad jurisdictional grant of § 1497. *See American Renovation and Construction Company v. United States*, 65 Fed. Cl. 254, 261-2 (2005) (finding ancillary jurisdiction to permit intervention by party asserting security interest and assignment of contract between original plaintiff and United States); *See also Trek Leasing, Inc. v. United States*, 62 Fed. Cl. 673, 678-9 (2004) (exercising pendant jurisdiction to interpret agreement between architect and lessor-plaintiff). Permitting Luhr and Bertucci to join the present claim will allow them to preserve and quantify their relative right to recovery against the United States for the § 1497 damages that Plaintiffs also seek to recover against Bertucci and Luhr. Further, permitting the intervention of these parties will ensure that Intervenor's recourse against Bertucci and Luhr for any liability it may have to the United States will not be impaired by the possibility of inconsistent verdicts in another court. By their conduct, Plaintiffs have made Bertucci and Luhr necessary parties to the present action. If Plaintiffs remain opposed to their joinder in an action where Plaintiffs only obligation is to prove damages against the United States, Plaintiffs can rectify this situation by dismissing their private party actions in other forums. Otherwise, Bertucci and Luhr remain parties for which RCFC 19 joinder is both necessary and appropriate.

16. This Honorable Court has jurisdiction over the claims at issue pursuant to the plain meaning of § 1497 and consistent with established rules of statutory construction, and the exercise of such jurisdiction is necessary to prevent duplicate litigation and the possibility of double recovery.

## III.
## Bertucci and Luhr Are Subject to Joiner by This Honorable Court

17. RCFC 19(a)(1) permits joinder of parties in the absence of whom complete relief cannot be accorded among those already parties. RCFC 19(a)(2) permits joinder when disposition in the absence of a party may impair the party's ability to protect its interests or may leave those already parties at risk of multiple or inconsistent obligations.

18. Bertucci and Luhr are subcontractors necessarily responsible to Intervenor for any award the United States may have against Intervenor, and their absence will expose Intervenor to the possibility of an inconsistent judgment. They are further co-defendants with Intervenor in related actions brought by Plaintiffs in other courts with interests against the United States commensurate to that of Intervenor. They are accordingly appropriate parties for joinder pursuant to both RCFC 19(a)(1) and RCFC 19(a)(2).

## IV.
## Intervenor's Motion to Join Should Not Be Stricken

19. Plaintiffs further move that Intervenor's Motion to Join should be Stricken for defects in style or case caption and for conflict with the provision against pendency of claims in other courts.

20. Intervenor disagrees that its motion should be stricken as a result of defects in the case style. This Honorable Court established an approved style for the consolidated action by order dated January 25, 2006, and the style with which Intervenor captioned its motion is substantially in conformity therewith. In so stating, Intervenor notes that Plaintiffs' Response fails to comply with

the captioning style ordered by this Honorable Court.

21. Intervenor further disagrees that its Motion to Join should be stricken or denied for conflict with 28 U.S.C. § 1500. Several months before filing the present action, Plaintiffs filed an action in the United States District Court for the Southern District of Texas involving essentially identical claims against Intervenor, Bertucci, Luhr, and additional contractors. The United States Army Corps of Engineers was added as a party, and the United States District Court for the Southern District of Texas entered its order transferring the case to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631 (transfer for lack of subject matter jurisdiction). Plaintiffs appealed this order and apparently now believe that § 1500 bars Intervenor's joinder of additional parties in the present action.

22. Although the Plaintiffs have filed numerous actions and appeals in various district and appellate courts, neither those actions nor § 1500 has any bearing on Intervenor's joinder of Bertucci or Luhr. The United States asserted that it is entitled to indemnity from Intervenor in the present action pending before the Court of Federal Claims, and Intervenor elected to assert its rights to contribution and indemnity against Bertucci and Luhr in this Court. Intervenor has not asserted these claims in any other proceeding, and § 1500 does not purport to affect Intervenor's right to bring its claims herein. Accordingly, Intervenor's Motion for Leave should be in all things granted, and Plaintiffs' Response and Motion to Strike should be in all things denied.

## V.
## Plaintiffs Are Not Entitled to a Separate Trial

23. Plaintiffs move for separate trials, apparently pursuant to their belief that Intervenor's claims do not arise under § 1497. Intervenor disputes this assertion.

24. Intervenor is entitled to participate in the present trial because the United States has asserted claims against Intervenor arising from the damages alleged by Plaintiff. Furthermore, Intervenor has a clear interest in participating in the determination of the fact and value of Plaintiffs' alleged damages, and the United States has an interest in participation by Intervenor as, in the absence of such participation, the United States runs the risk of a damages finding to which Intervenor cannot be bound. Again, Plaintiffs efforts to insist that identical issues of fact are tried in far flung courts are inconsistent with the notion that the United States, Intervenor, Bertucci, Luhr, and any other parties potentially liable in contribution or indemnity have a legitimate interest in seeing that inconsistent damages verdicts are not produced.

25. In view of the fact that the United States is strictly liable to the Plaintiffs, a bifurcated proceeding may be appropriate by which initial liability of the United States is established. However, the extent of damages attributable to the United States and the responsibility of Intervenor and its contractors all involve related fact findings regarding the extent to which these parties and elements of nature contributed to the damages alleged by the Plaintiffs. The piecemeal trial of these complex issues would be a tremendous waste of judicial resources and private resources that would run the risk of producing inconsistent or conflicting fact findings. Consequently, Intervenor respectfully prays that Plaintiffs' request for separate trials be denied.

WHEREFORE, Intervenor moves this Honorable Court to grant its leave to join as parties and join claims against BERTUCCI and LUHR in this consolidated action, and to deny Plaintiffs' Motion for a Separate Trial.

Respectfully submitted,

By: s/ Kenneth G. Engerrand

Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 21st day of February, 2006.

s/ Kenneth G. Engerrand
Kenneth G. Engerrand