IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, | ) | |
| v. | ) | |
| WEEKS MARINE, INC., Intervenor Plaintiff, | ) | No. 05-0840 C and No. 05-1044C (CONSOLIDATED) (Chief Judge Damich) |
| v. | ) | |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' OPPOSED MOTION TO STRIKE PLEADINGS OF WEEKS MARINE AND OPPOSED MOTION FOR A SEPARATE TRIAL

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), and this Court's order dated February 22, 2006, defendant, the United States, respectfully submits this opposition to Fisherman's Harvest, Inc. et al.'s ("Fisherman's Harvest") filing captioned "Plaintiff's Response to Third Party Plaintiff Weeks Marine's Motion For Leave to Join as Parties and Joint Claims Against Bertucci Contracting and Luhr Bros., Inc, and Plaintiffs' Opposed Motion to Strike Pleadings of Weeks Marine and Opposed Motion for a Separate Trial" ("Fisherman's Harvest motion").

Fisherman's Harvest's Motion To Strike

Defendant, the United States opposes Fisherman's Harvest's motion to strike Weeks' motion. This Court's rules permit a motion to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." RCFC 12(f). Weeks' motion meets none of these criteria. Fisherman's Harvest may oppose Weeks' motion, but Fisherman's Harvest has not identified a basis to strike the pleading. Indeed, Fisherman's Harvest fails to establish that

Weeks' motion creates any prejudice to them or confusion in this matter. Impresa Construzioni Geom. Domenico Garufi v. United States, 61 Fed. Cl. 175, 177 (2004) (denying plaintiffs' motion to strike "[b]ecause the referenced material creates no prejudice or confusion in this matter and does not bear upon the cost issue decided by the court, . . ."); Lion Raisins, Inc. v. United States, 52 Fed. Cl. 629, 633 n.6 (2002) (denying motion to strike where defendant did not show that filing "created an undue and unforeseen burden on its resources.") (citation omitted); Stearns Co., Ltd. v. United States, 34 Fed. Cl. 264, 268-69 (2002) (denying motion to strike "troubling" affidavit containing legal conclusions, ruling that Court would discount the affiant's "purely legal conclusions").

We defer to the sound discretion of the Court to determine whether Weeks Marine's motion for leave to join should be rejected for failure to include the name of the presiding judge. Fisherman's Harvest also asserts that Weeks' motion is "styled incorrectly." Fisherman's Harvest Motion ¶ 3.09. However, it is Fisherman's Harvest that has filed an improperly captioned motion. In fact, it appears that Fisherman's Harvest has not seen this Court's January 25, 2006, order which modified the official caption of this action.

Fisherman's Harvest's Motion for a Separate Trial

Defendant, the United States, opposes Fisherman's Harvest's motion for a separate trial. Fisherman's Harvest states that they have not asserted any claims against Weeks. Fisherman's Harvest Motion ¶ 3.12. However, this action was initially filed against Weeks in the United States District Court for the Eastern District of Texas. Fisherman's Harvest then asserts that Weeks' claims are contractual and "can only bring unnecessary delay, burden and expense to Plaintiffs' action." However, Fisherman's Harvest cites no basis for this conclusion. Although we agree with Fisherman's Harvest that Weeks' motion should be denied as this Court is without

jurisdiction to entertain the claims advanced by Weeks, should this Court join the parties, we would oppose separate trials. As contractual claims, it more likely that the claims for indemnity and contribution between the United States and Weeks and between Weeks and Bertucci and Luhr may be resolved by summary judgment. In fact, it seems probable that these issues can be resolved before any trial addressing plaintiffs' damages.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

Of Counsel:

P. ALEX PETTY
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps
of Engineers
Galveston District
2000 Fort Point Rd.
Galveston, TX 77550

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

March 1, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on March 1, 2006, a copy of the forgoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' OPPOSED MOTION TO STRIKE PLEADINGS OF WEEKS MARINE AND OPPOSED MOTION FOR A SEPARATE TRIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris