IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, | * | |
| v. | * | No. 05-840 C and No. 05-1044 C (CONSOLIDATED) (Chief Judge Damich) |
| WEEKS MARINE, INC. Intervenor Plaintiff, | * | |
| v. | * | |
| THE UNITED STATES Defendant. | * | |

**INTERVENOR'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO STRIKE PLEADINGS OF WEEKS MARINE AND OPPOSED MOTION FOR A SEPARATE TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEEKS MARINE, INC., Intervenor, and files this its Response to Plaintiffs' Opposed Motion to Strike Pleadings of Weeks Marine and Opposed Motion for a Separate Trial, and in support thereof would show:

**I.**

**Intervenor's Response to Plaintiffs' Motion to Strike**

1. In its Motion to Strike Pleadings of Weeks Marine, Plaintiffs move that Intervenor's Motion to Join should be stricken for defects in style or case caption and for conflict with the provision against pendency of claims in other courts.

2. Intervenor disagrees that its motion should be stricken as a result of defects in the case style.

This Honorable Court established an approved style for the consolidated action by order dated January 25, 2006, and the style with which Intervenor captioned its motion is substantially in conformity therewith. In so stating, Intervenor notes that Plaintiffs' Response and Motion to Strike fails to comply with the captioning style ordered by this Honorable Court.

3. Intervenor further disagrees that its Motion to Join should be stricken or denied for conflict with 28 U.S.C. § 1500. Several months before filing the present action, Plaintiffs filed an action in the United States District Court for the Southern District of Texas involving essentially identical claims against Intervenor, Bertucci, Luhr, and additional contractors. The United States Army Corps of Engineers was added as a party, and the United States District Court for the Southern District of Texas entered its order transferring the case to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631 (transfer for lack of subject matter jurisdiction). Plaintiffs appealed this order and apparently now believe that § 1500 bars Intervenor's joinder of additional parties in the present action.

4. Although the Plaintiffs have filed numerous actions and appeals in various district and appellate courts, neither those actions nor § 1500 has any bearing on Intervenor's joinder of Bertucci or Luhr. The United States asserted that it is entitled to indemnity from Intervenor in the present action pending before the Court of Federal Claims, and Intervenor elected to assert its rights to contribution and indemnity against Bertucci and Luhr in this Court. Intervenor has not asserted these claims in any other proceeding, and § 1500 does not purport to affect Intervenor's right to bring its claims herein. Accordingly, Intervenor's Motion for Leave should be in all things granted, and Plaintiffs' Response and Motion to Strike should be in all things denied.

5. This Honorable Court's rules permit the Court to "order stricken from any pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." RCFC 12(f). Plaintiffs' Motion to Strike does not identify any basis to strike Intervenor's pleading in accordance with RCFC 12(f). Indeed, Intervenor's Motion to Join does not meet any of these criteria. As such, Intervenor respectfully prays that Plaintiffs' Motion to Strike be denied.

**II.**

**Plaintiffs Are Not Entitled to a Separate Trial**

6. Plaintiffs move for separate trials, apparently pursuant to their belief that Intervenor's claims do not arise under § 1497. Intervenor disputes this assertion.

7. Intervenor is entitled to participate in the present trial because the United States has asserted claims against Intervenor arising from the damages alleged by Plaintiff. Furthermore, Intervenor has a clear interest in participating in the determination of the fact and value of Plaintiffs' alleged damages, and the United States has an interest in participation by Intervenor as, in the absence of such participation, the United States runs the risk of a damages finding to which Intervenor cannot be bound. Again, Plaintiffs' efforts to insist that identical issues of fact are tried in far flung courts are inconsistent with the notion that the United States, Intervenor, Bertucci, Luhr, and any other parties potentially liable in contribution or indemnity have a legitimate interest in seeing that inconsistent damages verdicts are not produced.

8. In view of the fact that the United States is strictly liable to the Plaintiffs, a bifurcated proceeding may be appropriate by which initial liability of the United States is established. However, the extent of damages attributable to the United States and the responsibility of Intervenor and its contractors all involve related fact findings regarding the extent to which these parties and elements of nature contributed to the damages alleged by the Plaintiffs. The piecemeal trial of these

complex issues would be a tremendous waste of judicial resources and private resources that would run the risk of producing inconsistent or conflicting fact findings. Consequently, Intervenor respectfully prays that Plaintiffs' request for separate trials be denied.

WHEREFORE, Intervenor moves this Honorable Court to deny Plaintiffs' Motion to Strike and Motion for a Separate Trial.

Respectfully submitted,

By: s/ Kenneth G. Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 1st day of March, 2006.

s/ Kenneth G. Engerrand
Kenneth G. Engerrand