**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FISHERMAN'S HARVEST, INC., et al** | § | |
| Plaintiffs | § | |
| | § | |
| **V.** | § | |
| | § | |
| **WEEKS MARINE, INC.** | § | **No. 05-840C and No. 05-1044C** |
| Intervenor Plaintiff | § | **(Consolidated)** |
| | § | **(Chief Judge Damich)** |
| **V.** | § | |
| | § | |
| **THE UNITED STATES** | § | |
| Defendant | § | |

**PLAINTIFF, W. F. CHILDRESS' REPLY TO**
**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO STRIKE AND MOTION FOR SEPARATE TRIALS**

TO THE CHIEF JUDGE OF SAID COURT:

COMES NOW, Plaintiff, W. F. Childress and files this reply to Defendant's Response to Plaintiffs' Motion to Strike and Motion for Separate Trials for and in support of would show:

## I. Introduction

1.00 Plaintiffs are Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson-Vallejo, Vickie Jo Nelson-Salazar, Childress Seafood, Inc., W. F. Childress, and Alton Lee Kelly.

1.01 Defendant is the United States.

1.02 Intervenor is Weeks Marine, Inc. Weeks Marine has intervened as a party Plaintiff against the United States.

1.03 Plaintiffs have sued the United States for damages done to private oyster leases from dredging operations performed by the United States authorized by act of Congress under 28 U.S.C. §1497.

1.04 Intervenor has sued the United States for indemnification from claims it may, or may not have to pay to Plaintiffs arising out of lawsuits pending in other courts of the United States and the State of Texas. It is not clear under which statute Intervenor asserts jurisdiction to sue the United States in the Court of Federal Claims.

## II. Facts

2.00 In cause No. 05-840C, all plaintiffs asserted claims against the United States. Plaintiffs did not assert any claims in this action or this Court against any private party defendants and/or private party plaintiffs.

2.01 In Cause No. 1044C, Childress Seafood, Inc. and W. F. Childress asserted claims against the United States. Neither Childress nor Childress Seafood, Inc. asserted claims against any private party plaintiffs and/or any private party defendants in that case.

2.02 No action was brought by any of the Plaintiffs against Intervenor in the Eastern District of Texas as stated by Defendant in its response to Plaintiffs' Motion to Strike at page 2. However, Plaintiffs did bring a private party action against Intervenor and other private parties in the Southern District of Texas, Galveston Division. That case is currently on appeal to the United States Court of Appeals for the Federal Circuit.

2.03 There are no claims asserted by Plaintiffs against Intervenor in this case now in the United States Court of Federal Claims.

## III. Argument & Authorities

***Reply to Defendant's Response to Plaintiffs' Motion for Separate Trials***

3.01 Defendant begins its response to Plaintiffs' motion for separate trials by stating:

> "Fisherman's Harvest states that they have not asserted any claims against Weeks. . . . However, this action was initially filed against Weeks in the United States District Court for the Eastern District of Texas." Defendant's response at page 2.

Defendant is mistaken about several things. First, Defendant says that this action originated in the Eastern District of Texas. Actually, this action was first filed in the Court of Federal Claims against the United States as the sole defendant during August of 2005. Plaintiffs asserted no claims against Weeks Marine in this action in this Court when this action was filed during August 2005. Plaintiffs still assert no claims against Intervenor in this Court and in this cause.

3.02 Plaintiffs did file an action in the District Court of the **SOUTHERN DISTRICT OF TEXAS** in which claims were asserted against Weeks Marine, Inc. That action is pending appeal to the United States Court of Appeals for the Federal Circuit. That appeal is not relevant in determining the merits of a RCFC 20(b) motion for separate trials. RCFC 20 contemplates allowing a party or parties to have separate trials from other plaintiffs that do not assert the same kind of claim. Additionally, RCFC 20(b) allows separate trials when the parties have no claims against each other.

3.03 Intervenor came in as a party plaintiff asserting claims against the United States. However, Intervenor did not obtain jurisdiction against the United States under

28 U.S.C. §1497. Instead, Intervenor simply seeks indemnification for possible liabilities it may have in the future. It is doubtful that Intervenor's claims are even ripe since no judgment had been obtained against Intervenor in any court at the time of their Intervention and none has been obtained at the time of this writing.

3.04 Whether or not the Intervenor may be able to obtain indemnification from Defendant is of no concern to Plaintiffs. That is a matter between Defendant and Intervenor. Trying the issue of whether or not Defendant and Intervenor have obligations to indemnify each other does not have anything to do with the reason this suit was brought in the United States Court of Federal Claims.

3.05 Plaintiffs are Oyster Harvesters that have sued the United States. That is the only reason this case is before this Court. Having to try a contract claim is a separate issue and would certainly delay and burden the Plaintiffs if that issue must go to trial. As such, Plaintiffs have the right to a separate trial on their oyster lease damages claim against the United States.

***Parties Plaintiff v. Parties Defendant***

3.06 As stated in the Plaintiffs' Motion for a Separate Trial, the Intervenor came into this case as a plaintiff with claims against the United States. It did not come as a Third Party Defendant. If Intervenor insists upon being a Plaintiff with a claim against the United States, its claim against the United States should be heard in a separate trial.

3.07 If Intervenor insists upon being a Third Party Defendant, it should be allowed to remain in this action and be limited to the role of a third party defendant.

3.08 The language of RCFC 20(a) is quite clear:

> "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Intervenor is not an oyster harvester and the claims it asserts against the United States have nothing to do with damages to an oyster lease owned by Intervenor. Instead, Intervenor seeks indemnification upon an unripe claim. Such claim is merely contingent and is based upon a possible future judgment being litigated in other courts. Therefore, Intervenor's claim should be either, dismissed or abated until such claim becomes ripe. In the interim, Intervenor can protect its interests and participate as a third party defendant.

Respectfully submitted,

s/ Paul W. O'Finan
Paul W. O'Finan
Texas Bar No. 24027376
Federal ID No. 30719
9597 Jones Road #317
Houston, Texas 77065
(713) 202-1776

ATTORNEY FOR PLAINTIFFS,
W. F. Childress and
Childress Seafood, Inc.

## CERTIFICATE OF FILING

I certify that on March 2, 2006, a copy of the forgoing Plaintiffs' reply was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul W. O'Finan