**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FISHERMAN'S HARVEST, INC., et al** Plaintiffs | § | |
| | § | |
| **V.** | § | |
| | § | |
| **WEEKS MARINE, INC.** Intervenor Plaintiff | § | **No. 05-840C and No. 05-1044C (Consolidated) (Chief Judge Damich)** |
| | § | |
| **V.** | § | |
| | § | |
| **THE UNITED STATES** Defendant | § | |

**PLAINTIFF, W. F. CHILDRESS' REPLY TO INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR SEPARATE TRIALS**

TO THE CHIEF JUDGE OF SAID COURT:

COMES NOW, Plaintiff, W. F. Childress and files this reply to Intervenor's Response to Plaintiffs' Motion to Strike and Motion for Separate Trials and in support of would show:

## I. Introduction

1.00 Plaintiffs are Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson-Vallejo, Vickie Jo Nelson-Salazar, Childress Seafood, Inc., W. F. Childress, and Alton Lee Kelly.

1.01 Defendant is the United States.

1.02 Intervenor is Weeks Marine, Inc. Weeks Marine has intervened as a party Plaintiff against the United States.

1.03 Plaintiffs have sued the United States for damages done to private oyster leases from dredging operations performed by the United States authorized by act of Congress under 28 U.S.C. §1497.

1.04 Intervenor has sued the United States for indemnification from claims it may, or may not have to pay to Plaintiffs arising out of lawsuits pending in other courts of the United States and the State of Texas. It is not clear under which statute Intervenor asserts jurisdiction to sue the United States in the Court of Federal Claims.

## II. Facts

2.00 In cause No. 05-840C, all plaintiffs asserted claims against the United States. Plaintiffs did not assert any claims in this action or this Court against any private party defendants and/or private party plaintiffs.

2.01 In Cause No. 1044C, Childress Seafood, Inc. and W. F. Childress asserted claims against the United States. Neither Childress nor Childress Seafood, Inc. asserted claims against any private party plaintiffs and/or any private party defendants in that case.

2.02 No action was brought by any of the Plaintiffs against Intervenor in the Eastern District of Texas as stated by Defendant in its response to Plaintiffs' Motion to Strike at page 2. However, Plaintiffs did bring a private party action against Intervenor and other private parties in the Southern District of Texas, Galveston Division. That case is currently on appeal to the United States Court of Appeals for the Federal Circuit.

2.03 There are no claims asserted by Plaintiffs against Intervenor in this case now in the United States Court of Federal Claims.

## III. Argument & Authorities

***Reply to Intervenor's Response to Plaintiffs' Motion for Separate Trials***

3.01 Intervenor begins its response to Plaintiffs' motion for separate trials by stating that it disagrees with Plaintiffs' belief that Intervenor's claims against the United States do not arise under 28 U.S.C. §1497. Yet, Intervenor does not claim to be an oyster harvester.

3.02 Next, Intervenor states that it is entitled to participate in this action because the United States has asserted claims against Intervenor arising from the damages alleged by Plaintiffs.

3.03 Plaintiffs agree that Intervenor is entitled to participate in this action. However, that participation should be limited to defending it interests as a third party defendant. Intervenor's argument and jurisdictional basis for intervening as a party plaintiff against the United States is conspicuously absent from its response.

3.04 Intervenor makes a good argument that it should remain in this action as a third party defendant, but makes no defense of its position as a plaintiff with like claims as Plaintiffs against Defendant.

***Far Flung Claims?***

3.05 Intervenor insists that Plaintiffs have been asserting identical claims in far flung courts across America. Despite their love for travel, the Plaintiffs would rather litigate all their claims in State Court in the State of Texas. However, that is not possible because of the difference in the subject matter jurisdiction and personal jurisdiction of the various courts in which Plaintiffs actions are pending.

3.06 Intervenor acts as though it fails to recognize that the claims Plaintiffs assert against Defendant in the Court of Federal Claims are not the same as those asserted against Intervenor in State and Federal District Courts. However, Intervenor knows that its liability asserted in State and Federal District courts is far greater than its exposure in the Court of Federal Claims. Therefore, Intervenor wants to limit Plaintiffs' access to relief to a court that has no provision for a jury and no provision for punitive and/or exemplary damages.

3.07 Intervenor is well aware that the kinds and amounts of damages and the kinds of claims available to Plaintiffs are sharply different is this Court than in the State and Federal District Courts. Therefore, the fact issues and matter of law issues will be different. Strict liability may be the standard once damages are proved in the Court of Federal Claims, but negligence, gross negligence and punitive damages will require different standards of proof in a State or Federal District Court jury trial.

***Party Plaintiff or Third Party Defendant?***

3.08 As stated above, Intervenor makes a good argument for its inclusion as a third party defendant, but failed to mention its role as a Plaintiff with claims against the United States. Plaintiffs have no objection to Intervenor as a third party defendant. However, Plaintiffs strongly object to Intervenor as a Plaintiff asserting claims against the United States.

3.09 Intervenor's claims against the United States are contingent at best and can only arise if both of the following occur:

1) Plaintiffs must win a damage award in either a State or Federal District Court; and 2) Intervenor must demonstrate it is entitled to indemnification by the United States under its contract and that it has standing to sue the United States.

Therefore, Intervenor's claims against the United States in this case are not ripe and should not be included in any trial for damages Plaintiffs have against Defendant.

3.10 Additionally, Intervenor's contingent claims against the United States do not contain a common question of law as required by RCFC 20(a). Plaintiffs' claims arise under 28 U.S.C. §1497. (Oyster Harvesters right of recovery against United States) Intervenor's contingent claims are based on a contractual provision and Intervenor has not cited the jurisdictional basis of its intervention as a party plaintiff. If the Intervenor can prove up that it is an oyster harvester that incurred damages to its oyster lease as a result of the United States Army Corps Engineers Congressionally authorized dredging project conducted at Smith Point, Texas in July 2003, it is welcome to join as a party plaintiff. Until then, Intervenor should have a separate trial on its contingent indemnification claims, or be changed to third party defendant status.

Respectfully submitted,

s/ Paul W. O'Finan
Paul W. O'Finan
Texas Bar No. 24027376
Federal ID No. 30719
9597 Jones Road #317
Houston, Texas 77065
(713) 202-1776

ATTORNEY FOR PLAINTIFFS,
W. F. Childress and
Childress Seafood, Inc.

**CERTIFICATE OF FILING**

I certify that on March 2, 2006, a copy of the forgoing Plaintiffs' reply was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul W. O'Finan