IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, | | |
| v. | | No. 05-840 C and No. 05-1044 C (CONSOLIDATED) (Chief Judge Damich) |
| WEEKS MARINE, INC. Intervenor Plaintiff, | | |
| v. | | |
| THE UNITED STATES Defendant. | | |

**INTERVENOR'S SURREPLY TO PLAINTIFF'S REPLY TO INTERVENOR'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE PLEADINGS OF WEEKS MARINE AND MOTION FOR A SEPARATE TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEEKS MARINE, INC., Intervenor, and files this its Surreply to Plaintiff W.F. Childress' Reply to Intervenor's Response to Plaintiffs' Motion to Strike and Motion for Separate Trials., and in support thereof would show:

**I.**

**Plaintiffs' Motion to Strike Should Be Denied**

1. In their Motion to Strike Pleadings of Weeks Marine, all Plaintiffs move that Intervenor's Motion to Join should be stricken for defects in style or case caption and for conflict with the provision against pendency of claims in other courts.

2. As set forth in its Response to Plaintiffs' Motion to Strike, Intervenor disagrees that its

motion should be stricken as a result of defects in the case style. In doing so here, Intervenor reiterates that the style with which Intervenor captioned its motion is substantially in comformity with this Honorable Court's order establishing an approved style for the consolidated action. Intervenor also notes again that Plaintiffs' Motion to Strike fails to comply with the captioning style ordered by this Honorable Court. In its reply to Intervenor's Response to Plaintiffs' Motion to Strike, Plaintiff W.F. Childress chooses not to address its Motion to Strike any further, although Plaintiff's Reply is now captioned correctly.

3. Plaintiffs' Motion to Strike does not identify any basis to strike Intervenor's pleading in accordance with RCFC 12(f). Indeed, Intervenor's Motion to Join does not meet any of these criteria. As such, Intervenor respectfully prays that Plaintiffs' Motion to Strike be denied.

**II.**

**Plaintiffs Are Not Entitled to a Separate Trial**

4. Plaintiff's Reply to Intervenor's Response to Plaintiffs' Motion for Separate Trials focuses primarily on Plaintiff's opposition to Intervenor's indemnity and contribution claims against the United States in this matter. However, the issue of Intervenor's intervention in this case to assert its claims against the United States has already been decided by this Honorable Court pursuant to its order of October 20, 2005. In that order, the Court permitted Weeks Marine, Inc.'s intervention of right to assert its indemnity and contribution claims against the United States.

5. Intervenor notes that its Motion to Intervene to assert claims against the United States in this action was unopposed by all parties. Furthermore, Intervenor points out that the United States Army Corps of Engineers' Motion to Dismiss filed in Cause No. G-05-151 before the Southern District of Texas was founded on this Honorable Court's jurisdiction over the parties and claims herein

pursuant to Section 1497. *See* Exhibit "A" (Motion to Dismiss for Lack of Jurisdiction, filed October 3, 2005). Remarkably, while both Plaintiffs and Defendant have been unopposed to and/or filed their own motions asserting that the Court of Federal Claims has jurisdiction over the parties and claims herein based on Section 1497, both Plaintiffs and Defendant now oppose the joinder of Bertucci and Luhr pursuant to that same statute.

6. To the extent that Plaintiff's Reply asserts any opposition to the joinder of Bertucci and Luhr, Intervenor reiterates that the joinder of Bertucci and Luhr will not deprive the court of the broad jurisdiction it is accorded over the claims at issue pursuant to 28 U.S.C. § 1497. While it is true that Intervenor does not claim to be an oyster harvester, Intervenor asserts that its claims against Bertucci and Luhr are clearly based on "damages to oyster growers" within the statute.

7. Section 1497 does not limit this Honorable Court's jurisdiction to claims "by oyster harvesters" or claims "against the United States" as Plaintiffs contend. These limitations are absent from the statutory language, which instead grants the much broader jurisdiction over "<u>any</u> claim for damages <u>to</u> oyster growers." (*Emphasis added*). Plaintiffs' claims fall within the scope of "any claim" for damages to oyster growers, as do the claims that Intervenor urges against Bertucci and Luhr. No party herein has asserted or attempts to assert a claim that does not depend, at its core, upon the allegation of damages <u>to</u> oyster growers.

8. Furthermore, Intervenor's claims for indemnity and contribution against Bertucci and Luhr arise out of the "damages to oyster growers" which Plaintiffs claim as the basis for their suit and which form the basis of this court's jurisdiction under Section 1497. Any non-contractual right to indemnity in respect of established tort liability <u>arises out of the tortious conduct</u> upon which the indemnitee's liability was established. *Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa, et*

*al.*, 761 F.2d 229, 235 (5th Cir. 1985) (*Emphasis added*). In other words, as stated by the court in *Marathon Pipe Line*, the body of law establishing the indemnitee's primary liability governs the indemnitee's claim for indemnity or contribution against a third party. *Id*. Here, the body of law establishing Intervenor's primary liability is founded in tort. Thus, Plaintiffs' tort claims, which fall within the jurisdictional grant of Section 1497, also govern Intervenor's claims for indemnity or contribution against Bertucci and Luhr. As a result, Intervenor's claims against Bertucci and Luhr do arise under Section 1497, and the joinder of these entities will not deprive the court of the broad jurisdiction it is accorded over the claims at issue pursuant to 28 U.S.C. § 1497.

WHEREFORE, Intervenor moves this Honorable Court to deny Plaintiffs' Motion to Strike and Motion for a Separate Trial.

Respectfully submitted,

By: s/ Kenneth G. Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 14th day of March, 2006.

s/ Kenneth G. Engerrand
Kenneth G. Engerrand