IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, v. WEEKS MARINE, INC. Intervenor Plaintiff, v. THE UNITED STATES Defendant. | * | No. 05-840 C and No. 05-1044 C (CONSOLIDATED) (Chief Judge Damich) |

**INTERVENOR PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PROHIBIT TAKING OF DEPOSITIONS OF MR. J.M. FAIL ON APRIL 3, 2006 AND MR. KEITH LATIOLAIS ON APRIL 4, 2006**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEEKS MARINE, INC., Intervenor herein, and files this its Motion for Protective Order to Prohibit Taking of Depositions of Mr. J.M. Fail on April 3, 2006 and Mr. Keith Latiolais on April 4, 2006, and in support thereof would show:

## I. INTRODUCTION

The current parties to this lawsuit are as follows: Plaintiff, FISHERMAN'S HARVEST; Plaintiffs, CHILDRESS SEAFOOD and W.F. CHILDRESS; Plaintiffs, C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JOE NELSON SALAZAR, and ALTON LEE KELLY; Defendant, the United States; and Intervenor, WEEKS MARINE, INC.

Intervenor, WEEKS MARINE, INC.'S Motion for Leave to Join as Parties and Join Claims Against Bertucci Contracting Corporation and Luhr Bros., Inc. is currently pending before this Honorable Court. At this time, neither Bertucci Contracting Corporation nor Luhr Bros., Inc. have been joined as parties to this case.

On March 16, 2006, Plaintiffs unilaterally noticed the depositions of Weeks Marine, Inc. witnesses Mr. J.M. Fail and Mr. Keith Latiolais to take place on April 3, 2006 and April 4, 2006, respectively. *See* Exhibit A.

Counsel for Weeks Marine, Inc. attempted to confer with counsel for Plaintiffs in a good faith effort to resolve the dispute without court action, as required by Rule of the Court of Federal Claims 26(c) and as shown in the attached certificate of conference, but was unable to resolve the dispute.

## II.
## <u>ARGUMENT</u>

This Honorable Court has broad discretion to protect a party with a protective order on a showing of good cause. *See* RCFC 26(c). The Court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. RCFC 26(c).

Intervenor WEEKS MARINE, INC. asks the Court to exercise its discretion and grant a protective order prohibiting the taking of the depositions of Mr. J.M. Fail and Mr. Keith Latiolais on April 3, 2006 and April 4, 2006, respectively, for the following reasons:

First, Plaintiffs have unilaterally noticed the depositions of both Mr. J.M. Fail and Mr. Keith Latiolais for April 3, 2006 and April 4, 2006, respectively. Plaintiffs have also scheduled these depositions to take place in Houston, Texas. Neither Mr. Fail nor Mr. Latiolais are available on

these dates in Houston, Texas.

Second, counsel for the United States has notified all counsel that he is also unavailable to attend the depositions in Houston, Texas on April 3, 2006 and April 4, 2006. *See* Exhibit B. Counsel for the United States was not consulted regarding the scheduling of these depositions.

Third, it would impose an undue burden and expense on all parties to proceed with the depositions of Weeks Marine, Inc.'s witnesses prior to the Court's ruling on the Motion to Join Bertucci and Luhr. If this Honorable Court allows the joinder of both Bertucci and Luhr, the parties and claims at issue in this litigation will be substantially altered. Counsel for Luhr Bros., Inc. has already informed all counsel that Luhr does not plan to attend the currently scheduled depositions of United States Army Corps of Engineers witnesses, while reserving the right to re-depose these witnesses if and when Luhr is made a party to this case. *See* Exhibit C. Proceeding with depositions of Weeks Marine's witnesses now will leave these witnesses open to the possibility of being re-deposed in this very same case. The more efficient course of action with regard to these depositions is to postpone the scheduling of the depositions until this Honorable Court makes its ruling on the Motion to Join and all parties and claims at issue in this litigation are understood.

## III.
## CONCLUSION

For these reasons, Intervenor, WEEKS MARINE, INC., respectfully requests that this Honorable Court issue an Order prohibiting the taking of the depositions of Mr. J.M. Fail and Mr. Keith Latiolais on April 3, 2006 and April 4, 2006, respectively. Intervenor will present these witnesses for deposition on available dates to all once the parties and claims at issue in this matter are settled.

WHEREFORE, Intervenor moves this Honorable Court to grant its Motion for Protective Order.

Respectfully submitted,

By: s/ Kenneth G. Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 17th day of March, 2006.

s/ Kenneth G. Engerrand
Kenneth G. Engerrand

**CERTIFICATE OF CONFERENCE**

This is to certify that Weeks Marine, Inc. has attempted to confer with Plaintiffs in a good-faith effort to resolve the dispute without court action, as required by RCFC 26(c), but was unable to resolve the dispute.

s/ Kenneth G. Engerrand
Kenneth G. Engerrand