IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WEEKS MARINE, INC., | ) | No. 05-0840 C and No. 05-1044C |
| | ) | (CONSOLIDATED) |
| Intervenor Plaintiff, | ) | (Chief Judge Damich) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, the United States, respectfully requests a protective order, pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"), to prohibit the taking of the depositions of United States Army Corps of Engineers ("USACE") employees Carolyn Murphy and James Few, pending resolution of plaintiff-intervenor Weeks Marine Inc.'s ("Weeks") motion for leave to join as parties and join claims against Bertucci Contracting Corporation ("Bertucci") and Luhr Bros., Inc. ("Luhr"). Absent the requested protective order, defendant will potentially be subjected to undue burden and expense, as the USACE witnesses would be subject to further deposition in this case, in the event that Bertucci and Luhr are joined as parties.

ARGUMENT

We respectfully request that the Court enter a protective order to prevent defendant from having to produce witnesses for deposition upon more than one occasion in this case. We do not oppose plaintiffs' request to depose the USACE employees, and initially offered to produce these

witnesses for deposition on March 29 and 30, 2006. However, on March 20, 2006, we first became aware of a letter dated March 16, 2006, from Mr. F. William Mahley, counsel for Luhr, addressed to Mr. David Eric Bernsen, counsel for plaintiffs, in which Mr. Mahley asserts his objection to the proposed dates of the deposition, and reserves his right to re-depose the USACE witnesses if Luhr is joined in this action. (Attachment A). This letter was attached to the motion for a protective order filed by plaintiff-intervenor Weeks, in response to plaintiffs' notice of deposition of Weeks' employees. Weeks seeks a protective order as these depositions were noticed without consultation of Weeks, and without consultation of the United States.

The undersigned attorney of record consulted with Mr. Bernsen, counsel for plaintiffs, on March 20, 2006. Mr. Bernsen indicated his opposition to any attempt to postpone the depositions pending resolution of the motion to join Bertucci and Luhr.

This Court possesses the inherent power to regulate discovery. See, e.g., Americold Corp. v. United States, 28 Fed. Cl. 747 (1993). Our motion for a protective order should be granted to limit the burden of discovery upon the parties. Although we have opposed plaintiff-intervenor's motion to join Bertucci and Luhr, should this Court grant the pending motion, it would substantially alter the pending litigation. Most significantly, it would expose the USACE witnesses to the possibility of being deposed twice in the same case. Counsel for Luhr has indicated that it reserves the right to redepose the USACE witnesses, in the event the Luhr is joined as a party in this litigation. In addition to the burden upon the USACE witnesses, the further depositions of Ms. Murphy and Mr. Few would impose a substantial burden, both in time and expense, upon the Government, as the counsel of record would be required to make an additional trip from Washington, D.C. to Galveston, Texas for the depositions. Further

depositions would also impose an added burden upon counsel for the defendant-intervenor, Weeks.

The requested protective order would not appreciably delay the discovery in this case, as the pending motion will most like be acted upon by this Court once briefing is completed upon defendant-intervenor's motion for leave to file a sur-reply and sur-reply. Although Weeks' sur-reply is filed in response to plaintiffs' motion for a separate trial, it addresses, and is relevant to the joinder issue. We currently intend to respond to defendant-intervenor's motion for leave to file a sur-reply within the time permitted by this Court's rules. If the Court grants this motion for a protective order, defendant will endeavor to reschedule the depositions of Ms. Murphy and Mr. Few as promptly as is possible after resolution of the pending joinder motion.

## CONCLUSION

For these reasons, defendant, the United States, respectfully requests that this Court enter a protective order staying the obligation of the Government to produce witnesses for deposition pending the resolution of plaintiff-intervenor's motion to join Bertucci and Luhr.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011

March 21, 2006 Attorneys for Defendant

I, David D'Alessandris, certify that I conferred in good faith with Mr. David Bernsen, counsel for plaintiffs, to attempt to resolve this dispute without Court action.

s/ David D'Alessandris
David D'Alessandris

# ATTACHMENT A

Strasburger
ATTORNEYS AT LAW

March 16, 2006

F. WILLIAM MAHLEY
713.951.5633
bill.mahley@strasburger.com

10609.0111

Via Facsimile

David Eric Bernsen
Law Offices of David E. Bernsen P.C.
P.O. Box 822
Beaumont, Texas 77704

Re: Fisherman's Harvest

Dear David:

Thank you for your letter of March 14.

We acknowledge your need to proceed with the depositions of the Corps of Engineers witnesses. We also acknowledge and agree with Mr. D'Alessandris' position with regard to who may question his witnesses.

In view of these letters, Luhr Bros. does not plan to attend the depositions. We will object to their use against Luhr Bros., and reserve the right to re-depose these witnesses if and when Luhr Bros. is made a party to the case. Further, even if the Court of Federal Claims does allow joinder of Luhr Bros. in the case, there will not be sufficient time for us to enter our appearance and prepare for the depositions.

With best regards, I am

Very truly yours,

F. William Mahley

FWM/ksb

cc: David D'Alessandris – via facsimile
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530

Strasburger
ATTORNEYS AT LAW



Kenneth G. Engerrand – via facsimile
Allen D. Hemphill
Brown Sims PC
1177 W. Loop South, 10th Floor
Houston, Texas 77027-9007

Alfred Markham Faggard – via facsimile
Attorney at Law
550 Fannin St., Suite 1141
Beaumont, Texas 77701

Shannon T. Nash – via facsimile
Kim H. Tolleson
Tolleson & Nash
26510 Keith St.
Spring, Texas 77373

Paul W. O'Finan – via facsimile
Attorney at Law
9597 Jones Road, #317
Houston, Texas 77065

William A. Sherwood – via facsimile
McFall Sherwood & Breitbeil, P.C.
Four Houston Center
1331 Lamar, Suite 1250
Houston, Texas 77010-3027

Christine Z. Carbo (firm)

CERTIFICATE OF FILING

I hereby certify that on March 21, 2006, a copy of the forgoing "DEFENDANT'S MOTION FOR PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris