**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FISHERMAN'S HARVEST, INC., et al** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WEEKS MARINE, INC.** | § | **NO. 05 -840 C and** |
| | § | **NO. 05-1044 C** |
| **Intervenor Plaintiff** | § | **(CONSOLIDATED)** |
| | § | **(Chief Judge Damich)** |
| **v.** | § | |
| | § | |
| **THE UNITED STATES** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT, THE UNITED STATES', MOTION FOR PROTECTIVE ORDER**

Come now, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS and ALTON LEE KELLY, Plaintiffs herein, and make and file Plaintiffs' Response to Defendant's Motion for Protective Order and would respectfully show unto the Court the following:

## I.
## INTRODUCTION

1. A status conference was held in this case on January 24, 2006 before this Honorable Court in which Plaintiffs, Fisherman's Harvest, Inc., et al, Intervenor Plaintiff, Weeks Marine, Inc. and Defendant, The United States attended and participated by telephone.

2. Pursuant to the status conference held on January 24, 2006, the Court entered its order that the parties adhere to the following discovery schedule: Plaintiffs' Expert Reports shall be due on or before **April 14, 2006**; Defendant's and Intervenor's Expert Reports shall be due on or

before **May 15, 2006**; Defendant's and Intervenor's Experts shall be available for deposition on or before **June 12, 2006**; All Discovery (Fact & Expert) shall end on or before **August 15, 2006**; and the tentative date for the beginning of trial is **October 16, 2006**.

3. On or about February 3, 2006, Plaintiffs, Fisherman's Harvest, Inc., et al, propounded interrogatories to The United States and Weeks Marine, Inc., which required answers on March 5, 2006. The United States requested and was granted the courtesy of allowing additional time to March 22, 2006 to answer Plaintiffs' discovery. Weeks Marine, Inc. answered discovery timely.

4. On or about January 31, 2006, Intervenor Plaintiff, Weeks Marine, Inc., filed Intervenor's Motion for Leave to Join as Parties and Join Claims Against Bertucci Contracting Corporation and Luhr Bros. Inc. [Doc. 31-1] to include Bertucci Contracting Corporation and Luhr Bros. Inc. in this case. Such motion by Weeks Marine, Inc. was opposed by The United States [Doc. 35] and by the Plaintiffs'. [Doc 32]. The motion of Weeks Marine, Inc. is pending before this Honorable Court.

5. (A) On or about March 3, 2006, and prior to the issuance on March 8, 2006 of the notices of deposition for witnesses Carolyn Murphy and James Few, counsel for The United States, David F. D'Alessandris, agreed to produce the deponents Carolyn Murphy and James Few, as shown in attached Exhibit "A." Thereafter, Plaintiffs' noticed the depositions of Murphy and Few pursuant to the agreement between Plaintiffs and The United Sates as to when and where the depositions would occur. (Murphy's on March 29, Few's on March 30 at the United States Army Corps of Engineers, Galveston District, 2000 Fort Point Road, Galveston, Texas 77550).

(B) On or about March 3, 2006, Plaintiffs requested that Weeks Marine, Inc. provide J. M. Fail and Keith Latiolais for depositions during the week of April 3, 2006. (Exhibit "C").

6. Counsel for The United States agreed to produce Murphy and Few being fully aware that Intervenor Plaintiff, Weeks Marine, Inc., had requested Leave of Court to add Bertucci Contracting Corporation and Luhr Bros., Inc. as third party defendants in this case as shown in the attached Exhibit "B." The United States responded to the notices of oral depositions with a March 10, 2006 letter from David D'Alessandris, which is attached as Exhibit "D."

As seen from this March 10, 2006 correspondence, The United States stated that it "will not permit Mr. Few and Ms. Murphy to be examined by counsel for Bertucci or Luhr. If the Court issues an order joining Bertucci or Luhr before the date of depositions, we will, of course, permit counsel for the joined parties to participate."

After the agreement was made between Plaintiffs' counsel and counsel for The United States, schedules were arranged and accommodations made to attend these depositions by the various counsel for Plaintiffs. If the depositions of Few and Murphy are cancelled, discovery will be delayed for weeks, causing additional harm to Plaintiffs.

7. On or about March 10, 2006, Luhr Bros.' counsel, Mr. F. William Mahley, responded that he would not be able to attend the depositions of Murphy and Few, which was moot, because of The United States' refusal to allow Luhr Bros. the right to participate in the depositions.

8. Counsel for The United States, now with less than seven (7) days prior to the date these depositions were scheduled for by agreement and with notices properly issued, seeks a protective order from his agreement with Plaintiffs' counsel, citing reasons that he knew or should have known at the time the agreements were reached regarding these depositions.

9. In the event that this Court does not allow Weeks Marine, Inc. to join Bertucci Contracting Corporation and Luhr Bros., Inc. as third party defendants in this case, several weeks will have elapsed, further delaying discovery in this case.

10. During the time period referenced above, and in an attempt to follow the Court's scheduling order, Plaintiffs requested Weeks Marine, Inc. to provide dates during the week of April 3, 2006 for two (2) witnesses, Mr. J. M. Fail and Mr. Keith Latiolais, in the Houston offices of Brown Sims, P.C., attorneys for Weeks Marine, Inc., as seen in the attached Exhibit "C." Likewise, there were several follow-up telephone calls to set the depositions of these witnesses in the weeks prior to the April 14 deadline for Plaintiffs' Expert Reports.

Being unable to secure any meaningful response, Plaintiffs noticed the depositions of Fail and Latiolais for April 3 and 4. Thereafter, Weeks Marine, Inc. filed a Motion for Protective Order to Prohibit Taking of Depositions of Mr. J. M. Fail and Mr. Keith Latiolais. Subsequently, Weeks Marine, Inc. notified that Mr. Fail and Mr. Latiolais would be available on April 26 and 27, but in Houma, Louisiana, approximately three hundred (300) miles away from their attorneys' office and after the date required by the Court for Plaintiffs' expert reports.

11. As the Court will recall, the Plaintiffs have endured a devastating financial loss as a result of a project that began in July, 2003, and damages and financial hardship continues until today. The United States and other private companies have investigated the events surrounding the events made the basis of this lawsuit.

12. Likewise as the Court will recall, during the January 24, 2006 status conference call, Plaintiffs requested an early trial date and a reasonable, but prompt, discovery schedule and The United States and Weeks Marine, Inc. expressed their opinions that the Plaintiffs' proposed

schedule was too ambitious or aggressive and that trial should be held sometime in 2007. The Court listened to parties' contentions and entered the present order.

13. The Plaintiffs are attempting to follow the Court's scheduling order, but are being prevented from doing so because of the actions of other parties.

14. The depositions of J. M. Fail and Keith Latiolais on April 3 and 4 have been cancelled and an apology letter of March 20, 2006 was mailed to Mr. D'Alessandris, attached hereto as Exhibit "E."

> **(A) <u>Note</u>: After the completion of Plaintiffs' Response herein, but before the response could be filed, counsel for The United States sent his letter of March 23, 2006 (Exhibit "F"), wherein The United States unilaterally decided to refuse to produce Ms. Murphy and Mr. Few for depositions agreed to and properly noticed for March 29 and 30, 2006.**

## II.
## <u>ARGUMENT</u>

15. Plaintiffs all agree that "this Court possesses inherent power to regulate discovery." *See, e.g., Americold Corp. v. United States*, 28 Fed. Cl. 747 (1993).

16. The Plaintiffs are, indeed, opposed to any further delay of this matter, in light of the financial hardship that they have endured. As the Court may recall, the attorney for Weeks Marine, Inc. suggested that the discovery in this case should be abated pending the appeal of the ruling of Judge Kent in the Southern District of Texas case, which is on appeal to the United States Court of Appeals for the Federal Circuit. This Honorable Court declined to be persuaded by such suggestion and entered the scheduling order in this case. Plaintiffs would request that The United States and Weeks Marine, Inc. be ordered and/or required to follow that scheduling order so that this case can move forward to a prompt resolution without further delay.

17. Concurrently with this motion, Plaintiffs have also moved and ask that Weeks Marine, Inc. be ordered to produce their witnesses in the offices of Brown Sims, P.C. in Houston, Texas, rather than requiring travel to Houma, Louisiana. Counsel for Plaintiffs, W. F. Childress and Childress Seafood, Inc., Shannon Nash, offices in Spring Texas and counsel, Paul O'Finan, offices in Houston, Texas. Counsel for Fisherman's Harvest, Inc., C. Joe Nelson, Doris Mae Nelson, Vanessa Jo Nelson Vallejo and Vickie Jo Nelson Salazar, David E. Bernsen and A. Mark Faggard, office in Beaumont, Texas, which is eighty (80) miles away from Houston. **(Plaintiffs' Response to Intervenor Plaintiff's Motion for Protective Order To Prohibit Taking of Depositions of Mr. J. M. Fail on April 3, 2006 and Mr. Keith Latiolais on April 4, 2006)**.

18. All of the records produced by Weeks Marine, Inc. are at the Houston offices of Brown Sims, P.C. The court reporting service and videographer that will primarily be used in this case office in Houston, Texas. The office of the Army Corps of Engineers for the United States, involved in this case, is based in Galveston, Texas and is approximately forty (40) miles away from Houston.

19. Also, these very few depositions can, should and need to be taken before Plaintiffs' Expert Reports are due on April 14, 2006.

20. Thus, Plaintiffs would urge this Court to deny the protective order sought by The United States and order the depositions of Carolyn Murphy and James Few to proceed on March 29 and 30, 2006, or in the alternative, if the Court should decide the depositions should be cancelled and/or postponed, Plaintiffs would ask that the April 14, 2006 deadline for Plaintiffs' Expert Reports be moved to May 15, 2006 and that Defendant's and Intervenor's Expert Reports

become due on June 15, 2006 and all other matters on the scheduling order of this Honorable Court remain in tact, as stated.

21. Further, Plaintiffs would ask this Honorable Court that The United States, at a minimum, produce the following witnesses before the deadline for Plaintiffs' Expert Reports, whether April 14, 2006 or May 15, 2006: 1) Carolyn Murphy; and 2) James Few.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson Vallejo, Vickie Jo Nelson Salazar, W. F. Childress, Childress Seafood, Inc. and Alton Lee Kelly, pray for the Court to enter an order denying the Defendant, The United States', Motion for Protective Order and order that Plaintiffs be allowed to take the depositions agreed to and scheduled for March 29 and 30, 2006 (Murphy and Few), or in the alternative, Plaintiffs would ask that the Court amend the scheduling order to allow for additional time to depose witnesses prior to Plaintiffs' Expert Reports' deadline, moving the April 14, 2006 deadline for Plaintiffs' Expert Reports to May 15, 2006, and moving Defendant's and Intervenor's Expert Reports' deadline to June 15, 2006, with all other matters on the scheduling order of this Honorable Court remaining in tact, as stated, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

By: *s/ David E. Bernsen*

DAVID ERIC BERNSEN
Southern District of Texas Bar No. 83425
Texas State Bar No. 02217500
LAW OFFICE OF DAVID E. BERNSEN, P.C.
Post Office Box 822
Beaumont, Texas 77704
(409) 832-1957
(409) 832-2211 [FACSIMILE]

andrea@davidbernsen.com

ATTORNEY FOR PLAINTIFFS
FISHERMAN'S HARVEST, INC.,
C. JOE NELSON, JR., DORIS MAE
NELSON, VANESSA JO NELSON
VALLEJO AND VICKIE JO NELSON
SALAZAR

AND

A. MARK FAGGARD
Texas State Bar No. 06772000
A. MARK FAGGARD, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas 77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
amark-f@sbcglobal.net

OF COUNSEL TO ATTORNEY FOR
PLAINTIFFS FISHERMAN'S HARVEST,
INC., C. JOE NELSON, JR., DORIS
MAE NELSON, VANESSA JO NELSON
VALLEJO AND VICKIE JO NELSON
SALAZAR

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 24th day of March, 2006.

*s/ David E. Bernsen*
DAVID E. BERNSEN
E-mail: andrea@davidbernsen.com

David F. D'Alessandris
ATTORNEY FOR DEFENDANT
THE UNITED STATES
Trial Attorney
Commercial Litigation Branch

Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
TEL: (202) 307-1011
FAX: (202) 514-8624

P. Alex Petty
Ana-Valli Gordon
OF COUNSEL TO ATTORNEY FOR
DEFENDANT THE UNITED STATES
Assistant District Counsel
United States Army Corps
of Engineers
Galveston District
2000 Fort Point Road
Galveston, Texas 77550

Kenneth G. Engerrand
ATTORNEY FOR INTERVENOR
PLAINTIFF WEEKS MARINE, INC.
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Phone: (713) 629-1580
Fax: (713) 629-5027

Allen D. Hemphill
OF COUNSEL TO ATTORNEY FOR
INTERVENOR PLAINTIFF WEEKS
MARINE, INC.
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Phone: (713) 629-1580
Fax: (713) 629-5027

Paul O'Finan
ATTORNEY FOR PLAINTIFFS
CHILDRESS SEAFOOD, INC.,
W. F. CHILDRESS AND ALTON
LEE KELLY
9597 Jones Road, #317

Houston, Texas 77065
Phone: (713) 202-1776
Fax: (713) 683-1783
E-Mail: fionnain@isp.com

Shannon T. Nash
OF COUNSEL TO ATTORNEY FOR
PLAINTIFFS CHILDRESS SEAFOOD,
INC., W. F. CHILDRESS AND ALTON
LEE KELLY
Tolleson & Nash
26510 Keith Street
Spring, Texas 77373
TEL: (281) 350-3900
FAX: (281) 350-9977