Case 1:05-cv-00840-EJD Document 31-1 Filed 01/31/2006 Page 1 of 8

IN THE UNITED STATES COURT
OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al. | § | |
| | § | |
| v. | § | |
| | § | Cause NO. 05-840 C and NO. 05-1044 C |
| WEEKS MARINE, INC. | § | (CONSOLIDATED) |
| | § | |
| v. | § | |
| | § | |
| THE UNITED STATES | § | |

**INTERVENOR'S MOTION FOR LEAVE TO JOIN AS PARTIES AND JOIN CLAIMS AGAINST BERTUCCI CONTRACTING CORPORATION AND LUHR BROS. INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEEKS MARINE, INC., Intervenor, and files this its Motion for Leave to Join as Parties and Join Claims Against Bertucci Contracting Corporation and Luhr Bros., Inc., and in support thereof would show:

I.
**JURISDICTION AND VENUE**

1. This lawsuit involves claims for damages to oyster growers on private or leased lands or bottoms arising from dredging operations authorized by Act of Congress. This Court accordingly has jurisdiction pursuant to 28 U.S.C. § 1497. Venue is likewise proper because the United States Court of Federal Claims is authorized to hear the claims asserted in this lawsuit, and venue is authorized by statute.

**EXHIBIT "B"**

## II.
## PARTIES

2. Plaintiff, FISHERMAN'S HARVEST, is a Texas corporation the sole shareholders of which are C. Joe Nelson, Jr. and Doris Mae Nelson.

3. Plaintiff, CHILDRESS SEAFOOD, is a Texas corporation the sole shareholder of which is W.F. Childress.

4. Plaintiffs, C. JOE NELSON, JR.; DORIS MAE NELSON; VANESSA JO NELSON VALLEJO; VICKIE JO NELSON SALAZAR; W.F. CHILDRESS; and ALTON LEE KELLY are citizens of the United States and residents of Texas.

5. Defendant, the UNITED STATES, is a governmental entity that may be served with process to the Attorney General through the Clerk of the Court, Brian Bishop, at U.S. Court of Federal Claims, 717 Madison Place, N.W., Room 103, Washington, D.C. 20005, in accordance with Rule 4(a) of the Rules of the Court of Federal Claims. Defendant has appeared herein and my be served through its attorneys of record.

6. BERTUCCI CONTRACTING CORPORATION, hereafter BERTUCCI, is a Louisiana corporation with its principal place of business in Louisiana.

7. LUHR BROS. INC., hereafter, LUHR, is an Illinois corporation with its principal place of business in Illinois.

8. Intervenor, WEEKS MARINE, INC., is incorporated pursuant to the laws of the State of New Jersey and maintains its principal place of business in New Jersey.

## III.
## PLAINTIFFS' ALLEGATIONS

9. Plaintiffs allege that they are the owners "and/or beneficial owners" of various oyster leases located in Galveston Bay, Texas and/or Trinity Bay, Texas as well as businesses involved in the harvesting, processing, and sale of oysters.

10. Plaintiffs allege damages to specific property interests in or arising from private oyster leases 386A, 413A, 431A, and 433A in Galveston Bay and/or Trinity Bay.

11. Plaintiffs allege that these damages arose from the conduct of the United States Army Corps of Engineers, acting on behalf of the Defendant, with regard to a maintenance dredging and widening project for the Trinity River to Smith Point, Texas. In support thereof, Plaintiffs allege various breached duties for specific "causes of action" and offer allegations regarding the negligence of the Defendant through the United States Army Corps of Engineers. Plaintiffs further allege that "negligence" is not an element of their claim for damages against the United States Army Corps of Engineers and/or the Defendant.

12. Plaintiffs seek recovery for actual damages, exemplary damages, damages for emotional distress, and "legal expenses" totaling several million dollars.

## IV.
## BACKGROUND

13. Plaintiffs brought essentially identical claims in Civil Cause No. G-05-151 before the United States District Court for the Southern District of Texas, Galveston Division seeking essentially identical damages from Intervenor, a general contractor of the United States Army Corps of Engineers, Intervenor's subcontractors BERTUCCI and LUHR, as well as other contractors and

Case 1:05-cv-00840-EJD Document 31-1 Filed 01/31/2006 Page 4 of 8

subcontractors. In this action, Intervenor sought to join Defendant and the United States Army Corps of Engineers as a third-party defendant because Defendant was responsible for the allegedly negligent project planning and design. Defendant moved to dismiss on the basis that it could only be sued before this Honorable Court, and the United States District Court for the Southern District of Texas opted to transfer the entire action to this court so that all claims might be heard together, without duplicate litigation and with all necessary parties. Plaintiffs have appealed this transfer.

14. On January 6, 2006, Plaintiffs in this action initiated a new action by filing a petition in the 344th Judicial District Court of Chambers County, Texas. Plaintiffs' action in the 344th Judicial District has been assigned Cause No. 22349 and includes the same dredging project and essentially the same damages at issue in the present case with parties defendant identical to those in Cause No. G-05-151.

15. Intervenor previously received this Honorable Court's leave to intervene to assert and preserve its right to contribution and indemnity against the UNITED STATES for any and all damages asserted by Plaintiffs for which Intervenor may be found liable in any related action. The UNITED STATES has indicated in its answer its belief that Intervenor is liable to it for indemnity.

## V.
## JOINDER AS PARTIES AND CLAIMS AGAINST BERTUCCI AND LUHR

16. For the reasons set forth more specifically in Intervenor's Complaint Against Bertucci and Luhr, attached as Exhibit A, Intervenor is entitled to indemnity or contribution from Bertucci and Luhr for the damages sought by Plaintiffs herein and for the damages sought by the United States herein against Intervenor. Therefore, Intervenor seeks leave to join Bertucci and Luhr as parties needed for just adjudication and to join its claims for contribution and indemnity against Bertucci

and Luhr.

17. BERTUCCI and LUHR are both United States corporations subject to service of process, and their joinder will not deprive the court of the broad jurisdiction it is accorded over the claims at issue herein pursuant to 28 U.S.C. § 1497.

18. BERTUCCI was a subcontractor to Intervenor on the project at issue in the present action. BERTUCCI's responsibilities included the implementation of a geotube system that was designed by the United States Army Corp of Engineers and from which Plaintiffs allege there was a release of dredge spoil.

19. LUHR was a subcontractor to Intervenor on the project at issue in the present action. LUHR's responsibilities included the construction of a stone breakwater that was designed by the United States Army Corp of Engineers and from which Plaintiffs allege there was a release of dredge spoil.

20. In the present action, the UNITED STATES asserted that Intervenor is liable to it for indemnity. Intervenor has also intervened to seek indemnity and contribution from the United States for damages asserted by Plaintiffs.

21. To the extent that the Plaintiffs seek damages from Intervenor and the UNITED STATES or any other claim against Intervenor arising out of the subject matter of this action, Intervenor's subcontractors BERTUCCI and LUHR are liable to Intervenor for contribution and indemnity, and to the United States for contribution, and to the Plaintiffs for damages. As such, BERTUCCI and LUHR should be joined pursuant to RCFC 19(a)(1) as parties in the absence of whom complete relief cannot be accorded among those already parties.

22. Like Intervenor, BERTUCCI and LUHR have been subject to two suits by the same Plaintiffs

Case 1:05-cv-00840-LJB Document 31-1 Filed 01/31/2006 Page 6 of 8

outside the present action. As with Intervenor, the damages sought by Plaintiffs in the separate lawsuits may only be recovered from the United States and only to the extent that Plaintiffs prove such damages in the present action.

23. Like Intervenor, BERTUCCI and LUHR are entitled to contribution and indemnity from the United States to the extent they are determined to have any liability to Plaintiffs regarding the incidents made the basis of the present action. As such, BERTUCCI and LUHR are needed for the just adjudication of this claim pursuant to RCFC 19(a)(2)(i) as proceeding in their absence will impair their right to protect their claim for contribution and indemnity against the UNITED STATES.

24. Like Intervenor, BERTUCCI and LUHR have been sued for the same damages for which Plaintiffs seek recovery against the United States, and BERTUCCI and LUHR are entitled to participate in the present action and to thereby rely on this Honorable Court's decisions against Plaintiffs and the UNITEDS STATES, whether as res judicata, by collateral estoppel, or otherwise, and the failure to permit participation by BERTUCCI and LUHR may expose them to inconsistent obligations before other tribunals. As such, BERTUCCI and LUHR are needed for the just adjudication of this claim pursuant to RCFC 19(a)(2)(ii).

25. Further, BERTUCCI and LUHR are needed for the just adjudication of this claim pursuant to RCFC 19(a)(2)(ii) because their failure to participate would deprive Intervenor of the opportunity to rely on this Honorable Court's decisions, as res judicata, by collateral estoppel, or otherwise, as to any potential claims or counterclaims that may be raised by BERTUCCI and LUHR arising from the same incident made the basis of the present action.

Case 1:05-cv-00840-EJD Document 31-1 Filed 01/31/2006 Page 7 of 8

WHEREFORE, Intervenor moves this Honorable Court for leave to join as parties and join claims against BERTUCCI and LUHR in this consolidated action.

Respectfully submitted,

By: s/ Kenneth G. Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

Case 1:05-cv-00840-EJD Document 31-1 Filed 01/31/2006 Page 8 of 8

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 31st day of January, 2006.

s/ Kenneth G. Engerrand
Kenneth G. Engerrand