IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, v. WEEKS MARINE, INC., Intervenor Plaintiff, v. UNITED STATES, Defendant. | ) | No. 05-0840 C and No. 05-1044C (CONSOLIDATED) (Chief Judge Damich) |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, the United States, respectfully submits this reply to plaintiffs' response to our motion for a protective order. In their opposition, plaintiffs do not address our primary basis for seeking a protective order – the fact that we may be required to produce our witnesses for deposition upon more than one occasion in this case. In fact, plaintiffs' only argument upon this point is to state that if plaintiff-intervenor Weeks Marine, Inc.'s ("Weeks"), motion to join parties and to join claims is denied, then discovery will have been delayed. Plaintiffs' Response ("Pl. Resp. ¶ 9). However, plaintiffs ignore the fact that if Weeks' motion to join parties is granted, then our witnesses will be subject to further deposition. This would result in undue burden upon the United States Army Corps of Engineers ("USACE") witnesses, as well as imposing a burden, both in time and expense, upon the Government, as the counsel of record would be required to make an additional trip from Washington, D.C. to Galveston, Texas for the depositions. Further depositions would also impose an added burden upon counsel for Weeks.

Plaintiffs argue that Government counsel was aware or should have been aware of the potential for further deposition of the USACE witnesses as of March 3, 2006. Pl. Resp. ¶ 8. However, the letter from counsel for the proposed joined party Luhr Brothers ("Luhr"), attached to our motion for a protective order, is dated March 16, 2006, and was not received by the undersigned counsel of record until March 20, 2006. Indeed, on March 21, 2006, after we filed our motion for a protective order, counsel for Bertucci Contracting Corporation ("Bertucci"), the other proposed joined party, wrote to indicate that it also objected to the depositions proceeding on March 29 and 30, 2006, and indicating that it also reserves the right to further depose the USACE witnesses. (Attachment A). Plaintiffs do not indicate why the undersigned counsel of record should have been aware on March 3, 2006, of the positions that Luhr and Bertucci would assert on March 16, and March 21, 2006, respectively. They also do not explain why the Government should have to bear the burden of duplicate depositions.

Finally, we do not oppose plaintiffs' request in the alternative to enlarge the date for producing their expert report. The resolution of Weeks' joinder motion is an extremely important procedural matter. This Court's well-reasoned analysis of the motion is even more important today than when the motion was filed, as it now appears that the parties will not have the benefit of the guidance of the United States Court of Appeals for the Federal Circuit upon this issue. The Federal Circuit recently issued a notice to show cause why plaintiffs' appeal should not be dismissed, as it was not filed within the applicable statute of limitations. (Attachment B). As the statue of limitations is jurisdictional, and cannot be tolled, it appears likely that Luhr and Bertucci will be before this Court after the Federal Circuit issues its

mandate, and the United States District Court for the Southern District of Texas, Galveston Division's order transferring action 3:05-cv-151 to this court is effectuated.

CONCLUSION

For these reasons, we respectfully request that the Court grant our motion and enter a protective order staying the obligation of the Government to produce witnesses for deposition pending the resolution of plaintiff-intervenor's motion to join Bertucci and Luhr.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011

March 27, 2006

Attorneys for Defendant

# ATTACHMENT A

MCFALL, SHERWOOD & BREITBEIL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1250 FOUR HOUSTON CENTER
1331 LAMAR STREET
HOUSTON, TEXAS 77010-3027

M. ROSS LONGO
DIRECT LINE (713) 590-9353
DIRECT FAX: (713) 590-9366

TELEPHONE (713) 590-9300
FACSIMILE (713) 590-9399
WEBSITE MCFALL-LAW.COM
E-MAIL: RLONGO@MCFALL-LAW.COM

March 21, 2006

Mr. David Eric Bernsen
Law Office of David Bernsen, P.C.
P.O. Box 822
Beaumont, Texas 77704

***Via* Facsimile (409) 832-2211**

Re: No. 05-840 and No. 05-1044-C (Consolidated); *Fisherman's Harvest, Inc., et al. v. Weeks marine, Inc. v. The United States*; In the United States Court of Federal Claims.

Dear Mr. Bernsen:

Bertucci Contracting Corporation will not attend the upcoming depositions of the U.S. Army Corps of Engineers' and Weeks Marine, Inc.'s witnesses in light of the fact that Bertucci is not a party to the above-referenced lawsuit and it appears that counsel for the Corps will not allow Bertucci to question his witnesses.

Bertucci objects to the depositions' use against Bertucci in any proceeding and reserves the right to re-depose these witnesses if Bertucci is made a party to the case. If the Court of Federal Claims joins Bertucci in the case before these depositions go forward next week and the first week of April, Bertucci will object to the depositions' going forward. I cannot imagine any party producing witnesses for deposition at this time in light of the procedural circumstances.

Very truly yours,

William A. Sherwood

WAS:mpb

cc:

***Via* Facsimile (409) 835-4335**
Mr. A. Mark Faggard
A. Mark Faggard, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas 77701

***Via* Facsimile (713) 629-5027**
Mr. Kenneth G. Engerrand
Mr. Allen D. Hemphill
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007

***Via* Facsimile (281) 807-5794**
Mr. Paul William O'Finan
9597 Jones Road, Suite 317
Houston, Texas 77065

***Via* Facsimile (713) 951-5660**
Mr. F. William Mahley
Strasburger & Price, LLP
1401 McKinney, Suite 2200
Houston, Texas 77010-4035

***Via* Facsimile (281) 350-9977**
Mr. Shannon T. Nash
Mr. Kim H. Tolleson
Tolleson & Nash
26510 Keith Street
Spring, Texas 77373

***Via* Facsimile (202) 514-8624**
Mr. David D'Alessandris
United States Department of Justice
1100 L St., N.W.
Washington, DC 20530

# ATTACHMENT B

David Frank D'Alessandria

NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order. 12060

# United States Court of Appeals for the Federal Circuit

2006-1208

FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, and NELSON PLAINTIFFS FISHERMAN'S HARVEST, INC.,

Plaintiffs-Appellants,

and

CHILDRESS SEAFOOD, INC., W.F. CHILDRESS, and ALTON LEE KELLY,

Plaintiffs-Appellants,

v.

PBS & J (formerly known as Espey, Huston, & Associates, Inc.),

Defendant-Appellee,

and

BERTUCCI CONTRACTING CORPORATION,

Defendant-Appellee,

and

LUHR BROTHERS, INC.,

Defendant-Appellee,

and

BRADLEY INDUSTRIAL TEXTILES, INC.,

Defendant-Appellee,

and

NICOLON CORPORATION (also known as Ten Cate Nicolon),

RECEIVED 2006 MAR 14 A 8:10

154-F06-257 US

Defendant-Appellee,

and

HUSTON & ASSOCIATES, INC.,

Defendant-Appellee,

and

WEEKS MARINE, INC.,

Defendant/Third Party Plaintiff-Appellee,

v.

UNITED STATES ARMY CORP OF ENGINEERS,

Third Party Defendant-Appellee.

Before LOURIE, Circuit Judge.

ORDER

Upon review of Fisherman's Harvest, Inc. et al. (Fisherman's Harvest) and Childress Seafood, Inc. et al.'s (Childress) recently docketed appeal, we consider whether Fisherman's Harvest and Childress should be directed to show cause why their appeal should not be dismissed as untimely.

Fisherman's Harvest and Childress filed a complaint in the United States District Court for the Southern District of Texas alleging damage to private oyster leases from a United States Army Corps of Engineers dredging project. The district court entered an order transferring the complaint to the United States Court of Federal Claims on November 17, 2005. On January 19, 2006, Fisherman's Harvest and Childress filed a

notice of appeal seeking review in this court of the transfer order.*

An appeal from a decision of a district court in a case where the United States is a party must be filed within 60 days of entry of the order appealed from. See Fed. R. App. P. 4(a)(1)(B). Because Fisherman's Harvest and Childress filed their notice of appeal 63 days after the transfer order, it appears that their appeal is untimely.

Accordingly,

IT IS ORDERED THAT:

(1) Fisherman's Harvest and Childress are directed to show cause within 14 days of the date of filing of this order why their appeal should not be dismissed. Any other party may respond within 10 days thereafter.

(2) The briefing schedule is stayed.

(3) The revised official caption is reflected above.

MAR 16 2006
Date

Alan D. Lourie
Circuit Judge

cc: Paul W. O'Finan, Esq.
F. William Mahley, Esq.
Carleton A. Davis, Esq.
William A. Sherwood, Esq.
Paul G. Preston, Esq.
Jill A. Schaar, Esq.
Kenneth G. Engerrand, Esq.
David F. D'Alessandris, Esq.
David E. Bernsen, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
MAR 16 2006
JAN HORBALY
CLERK

* We note that Fisherman's Harvest and Childress initially filed a timely notice of appeal directed to the United States Court of Appeals for the Fifth Circuit. However, Fisherman's Harvest and Childress later dismissed that appeal rather than seeking transfer pursuant to 28 U.S.C. § 1631.

CERTIFICATE OF FILING

I hereby certify that on March 27, 2006, a copy of the forgoing "DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris