IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, | ) | |
| v. | ) | |
| WEEKS MARINE, INC., Intervenor Plaintiff, | ) | No. 05-0840 C and No. 05-1044C (CONSOLIDATED) (Chief Judge Damich) |
| v. | ) | |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION
FOR LEAVE TO FILE AN AMENDED ANSWER

Pursuant to Rules 8(c) and 15(a) of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully requests leave to file an amended answer to intervenor-plaintiff Weeks Marine, Inc.'s first amended complaint in intervention, to include the affirmative defense of accord and satisfaction. A copy of defendant's proposed first amended answer is included as an attachment to this motion (Exhibit A) for filing upon the granting of this motion.

RCFC 8(c) requires parties affirmatively to set forth "any other matter constituting an avoidance or affirmative defense." RCFC (8)(c). RCFC 15(a) permits amendment of a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Consistent with the plain language of RCFC 15(a), this Court and its predecessor, the Court of Claims, have recognized that leave to amend defendant's answer should be freely granted. Cities Serv. Helex, Inc. v. United States, 211 Ct. Cl. 222, 234 n.14, 543 F.2d 1306, 1313 n. 14 (1976) (waiver defense considered on the merits where Government did not plead it in its answer, but both parties exhaustively treated the issue in

motions); St. Paul Fire and Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153-54 (1994); Johnson v. United States, 15 Cl. Ct. 169, 172 (1988); Effingham County Bd. of Educ. v. United States, 9 Cl. Ct. 177, 180 (1985).

Quoting the Supreme Court's interpretation of Rule 15(a) of the Civil Rules of Procedure in, this Court in Effingham County Board of Education, stated:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Effingham County, 9 Cl. Ct. at 180 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court considered the Supreme Court's list of reasons for denying a Rule 15(a) motion, set forth in Foman, to be instructive--but not exclusive. Accordingly, a denial properly could be based upon a reason other than one articulated in Foman, but the reason would have to be compelling, or it would not meet the strict Foman standard. See also Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312, 313 (1992) (the courts "have recognized the appropriateness of amending an answer to raise additional defenses").

Moreover, a party should be allowed to litigate all substantive issues, absent a showing of undue delay, bad faith, or a dilatory motive. Hess v. United States, 210 Ct. Cl. 483, 491-92, 537 F.2d 457 (1976) (citing Foman v. Davis, 371 U.S. at 181-82); St. Paul Fire & Marine Ins. Co., 31 Fed. Cl. at 153-54. None of those situations is present here.

As the Court is aware, plaintiff-intervenor filed its motion for leave to intervene on August 19, 2005, and its first amended complaint in intervention on August 23, 2005. This Court granted Weeks' motion to intervene on October 20, 2005, and defendant filed its answer on December 15, 2005. Upon review of agency contracting files, while responding to plaintiffs' first requests for the production of documents, the undersigned counsel determined that defendant has available the affirmative defense of accord and satisfaction, but that this defense was not pleaded in defendant's response to Weeks' complaint. The undersigned attorney of record is now promptly seeking leave to amend defendant's answer to plaintiff-intervenor's first amended complaint in intervention. Given short time since defendant served its answer, and the fact that plaintiff-intervenor has not yet served discovery upon defendant, plaintiff-intervenor cannot demonstrate that it would be prejudiced in any way by permitting defendant to amend its answer.

On March 29, 2006, the undersigned attorney of record consulted with Mr. Paul O'Finan, and Mr. David Bernsen, counsels of record for plaintiffs, and they each indicated that plaintiffs did not oppose this motion. On the same date, the undersigned counsel of record consulted with Mr. David Stockel, counsel for plaintiff-intervenor, Weeks Marine, Inc., who indicated that intervenor would oppose this motion.

For the reasons stated above, defendant respectfully requests that the Court grant our motion for leave to file an amended answer.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel:(202) 307-0139
Fax:(202) 514-8624

March 30, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on March 30, 2006, a copy of the foregoing “DEFENDANT'S MOTION TO FILE AN AMENDED ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D’Alessandris