IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| WEEKS MARINE, INC. | § | NO. 05-840 C and |
| | § | NO. 05-1044 C |
| Intervenor Plaintiff | § | (Consolidated) |
| | § | (Chief Judge Damich) |
| v. | § | |
| | § | |
| THE UNITED STATES | § | |
| | § | JURY DEMANDED |
| Defendant. | § | |

**INTERVENOR, WEEKS MARINE, INC.'S MEMORANDUM ON ITS CLAIMS FOR INDEMNITY AND CONTRIBUTION**

This Memorandum is in response to the Court's order filed on September 8, 2006, requesting that the Intervenor, Weeks Marine, Inc. ("Weeks"), explain the basis for its allegations that it is entitled to indemnity or contribution from the Defendants, the United States and United States Army Corps of Engineers ("USACE"). As discussed more fully below, Weeks is seeking both common-law indemnity and common-law or statutory contribution, as well as contract-based indemnity and contribution, against the United States and USACE in this case. Although Weeks does not believe that it is liable to the Plaintiffs for the damages they claim, nevertheless if Weeks is ultimately found responsible for the Plaintiffs' damages, Weeks would be entitled to common-law, statutory, or contract-based contribution or indemnity from the United States, the proper responsible party.

The Plaintiffs have filed at least three virtually identical lawsuits as a result of alleged damage to their oyster leases. All the lawsuits relate to the same federal dredging project and the

same oyster leases. The Plaintiffs filed one lawsuit in this Court against the United States and the USACE. (Exhibit A). They premise jurisdiction over this suit on a specific federal statute, 28 U.S.C. § 1497, which confers jurisdiction on this Court over all claims for damages to oyster growers on private or leased lands or bottoms arising from federal dredging operations. The Plaintiffs filed a second lawsuit in the United States District Court for the Southern District of Texas against Weeks and several other defendants, but not against the United States and the USACE. (Exhibit B). Because that lawsuit--like the suit in this Court--involves the same claims for damages to oyster growers resulting from a federal dredging project, that suit was transferred to this Court, although the Plaintiffs are appealing the transfer order. The Plaintiffs also filed a third lawsuit in Texas state court against Weeks and several other defendants. (Exhibit C). That lawsuit was subsequently removed to the United States District Court for the Southern District of Texas.

The allegations in all three suits are essentially the same. The Plaintiffs claim that they are the owners or beneficial owners of oyster leases; that the United States, through the USACE, engaged in a dredging project on the Trinity River and in Galveston Bay; that the USACE hired Weeks to do the dredging work; and that in doing this work, the various defendants discharged toxic or dangerous sediments that invaded their leases and damaged or destroyed the Plaintiffs' oyster reefs. Although all the Plaintiffs' causes of action are not clearly articulated, the Plaintiffs have alleged claims of negligence, knowing and intentional conduct, and nuisance.

In effect, the Plaintiffs are claiming that Weeks, the United States, and the USACE jointly and concurrently committed a tort against them. Weeks vehemently denies that it is liable for any damages to the Plaintiffs. However, if the Plaintiffs are successful in holding Weeks liable, Weeks would have a legal right to common-law indemnity or common-law or statutory contribution from

the United States. For instance, depending on the basis of Weeks' and the United States' liability to the Plaintiffs, Weeks would have a common-law claim for indemnity against the United States. *See, e.g., Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir. 1985); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 546-47 (W.D. La. 2001); *General Motors Corp. v. Hudiburg Chevrolet, Inc.*, No. 03-0987, 2006 WL 741552 (Tex. March 24, 2006); *see also* Restatement (Second) of Torts § 886B. For example, indemnity is granted where an indemnitee (such as Weeks) acted pursuant to directions of the indemnitor (the United States and USACE) and reasonably believed the directions to be lawful. Restatement (Second) of Torts § 886B(2)(b). Additionally, if Weeks and the United States are both held to be negligent, then Weeks would have a common law or statutory claim for contribution against the United States. *See, e.g., Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106 (1974); *Gould Electronics Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000); *Hudert v. Alion Science & Tech. Corp.*, 429 F. Supp. 2d 99 (D.D.C. 2006); *Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 836-37 (Tex. App.–Fort Worth 2006, no pet.); *see also* Restatement (Second) of Torts § 886A; Tex. Civ. Prac. & Rem. Code Ann. § 33.001 et seq.

Furthermore, the dredging contract between Weeks and the USACE contains a number of provisions creating obligations on the part of the United States and the USACE. If the United States or the USACE breached any of those obligations and that breach caused Weeks to incur damages, then Weeks would have a separate claim for indemnity or contribution against the United States and the USACE. *See, e.g., Penn Central Transp. Co. v. United States*, 366 F. Supp. 1161, 1163, 1170 (D. De. 1973), *aff'd*, 505 F.2d 730 (3d Cir. 1974)(Table). Attached hereto are copies of several provisions from the dredging contract which would support claims for indemnity or contribution

against the United States and the USACE. (Exhibit D). There may be other such provisions, and Weeks reserves the right to amend the selected provisions and provide additional pages of the dredging contract, if other provisions are found applicable.

Weeks also contends that the United States and the USACE are independently and strictly liable to it for the damages to oyster growers on private or leased lands or bottoms arising from federal dredging operations.

In conclusion, the Plaintiffs have sued the United States and the USACE in this Court for damages to their private oyster leases. They have simultaneously sued Weeks in federal District Court and state court for the same events, issues, and damages, and those suits are pending transfer to this Court. All the claims involve concurrent liability, and they require that the liability of the United States and all of the defendant parties in the various suits be determined and the damages be assessed and allocated. These things can only be done in one proceeding, to avoid inconsistent results and to further judicial economy. Under 28 U.S.C. § 1497, all claims concerning damages to oyster growers on private or leased lands or bottoms arising from federal dredging operations should properly be litigated in the United States Court of Federal Claims. As a result, Weeks has intervened in this Court and asserted its interrelated claims against the United States and the USACE for indemnity and contribution.

Respectfully submitted,

By: /s/ Kenneth G. Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
713-629-1580
713-629-5027 Fax

ATTORNEYS IN CHARGE FOR WEEKS MARINE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Intervenor, Weeks Marine, Inc.'s Memorandum on its Claims for Indemnity and Contribution has been filed electronically in accordance with the rules of this Court, on this the 22nd day of September 2006, to wit:

A. Mark Faggard
A. Mark Faggard, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas 77701

Shannon T. Nash
Tolleson & Nash
26510 Keith Street
Spring, Texas 77373

David Eric Bernsen
Law Office of David Bernsen, P.C.
P.O. Box 822
Beaumont, Texas 77704

Paul W. O'Finan
9597 Jones Road, #317
Houston, Texas 77065

David D'Alessandris
Classification Unit 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

/s/ Kenneth G. Engerrand
Kenneth G. Engerrand