# EXHIBIT A

ORIGINAL

COPY
AUG - 1 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT
OF
FEDERAL CLAIMS

AUG 19 2005

FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS AND ALTON LEE KELLY §

vs §

THE UNITED STATES and THE UNITED STATES ARMY CORPS OF ENGINEERS §

NO. 05-840C

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS and ALTON LEE KELLY, hereinafter referred to as "Plaintiffs," complaining of and about THE UNITED STATES and THE UNITED STATES ARMY CORPS OF ENGINEERS, hereinafter referred to as Defendants, whether one or more, and for cause of action would show unto the Court the following:

I
JURISDICTION AND VENUE

1. This Court has jurisdiction and venue is proper in the United States Court of Federal Claims, as the causes of action asserted herein by Plaintiffs are for damages to oyster leases and related business resulting from dredging operations by Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS. The

claims of Plaintiffs arose from, and are a result of, the dredging operations known as maintenance dredging and widening projects for the Trinity River and the maintenance dredging of the channel at Smith Point Such dredging operations took place in Galveston and/or Chambers County, Texas, as well as in Galveston and Trinity Bay, Texas This Court has jurisdiction over all claims herein asserted by virtue of Federal Question jurisdiction under 28 U S.C § 1497, and/or other Federal Legislation more commonly known as "The Tucker Act."

II
PARTIES AND SERVICE

2. Plaintiff, FISHERMAN'S HARVEST, INC, is a Texas corporation and its shareholders are C Joe Nelson, Jr and Doris Mae Nelson

3 Plaintiffs, C JOE NELSON, JR and DORIS MAE NELSON, bring this action individually, and as husband and wife and as shareholders in FISHERMAN'S HARVEST, INC Plaintiffs reside in Chambers County, Texas.

4 Plaintiff, VANESSA JO NELSON VALLEJO, brings this action individually Plaintiff resides in Chambers County, Texas

5 Plaintiff, VICKIE JO NELSON SALAZAR, brings this action individually Plaintiff resides in Chambers County, Texas

6. Plaintiff, CHILDRESS SEAFOOD, INC, is a Texas corporation and its shareholder is W F Childress

7 Plaintiff, W F CHILDRESS, brings this action individually and as a shareholder in CHILDRESS SEAFOOD, INC. Plaintiff resides in Chambers County, Texas

8 Plaintiff, ALTON LEE KELLY, brings this action individually. Plaintiff resides in Chambers County, Texas

9 Defendant, THE UNITED STATES, may be served with process by serving, Brian Bishop, Clerk of Court, U.S Court of Federal Claims, 717 Madison Place, N.W, Room 103, Washington, D.C 20005, in accordance with RCFC 40 2(a).

10 Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, may be served with process when service of the complaint upon the United States is made through the delivery by the Clerk of Court of the U S Court of Federal Claims to the U.S Attorney General of copies of the complaint, in accordance with RCFC 4(a)

III
## FACTS

11 Plaintiffs are the owners and/or beneficial owners of one or more oyster leases located in Galveston Bay and/or Trinity Bay, as well as one or more businesses involved in the harvest, processing and sale of oysters in Smith Point, Chambers County, Texas. In particular, lease 413A owned by Plaintiffs, C. Joe Nelson, Jr and Doris Mae Nelson, lease 433A, owned by Plaintiff, Vickie Jo Nelson Salazar, lease 431A, owned by Plaintiff, W. F Childress and lease 386A, owned by Plaintiff, Alton Lee Kelly Bark's Pass, which had been an historical oyster producing area for many years, is the public oyster reef in which Plaintiffs would also harvest oysters The corporate Plaintiffs named herein also involved in the harvesting, processing and sale of oysters harvested from their individual leases, as well as public areas near the dredging project in question.

12 Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, was the government agency acting on behalf of Defendant, THE UNITED STATES, that undertook and was responsible for the undertaking of one or more services in

regard to the maintenance dredging and widening project for the Trinity River and maintenance dredging of the channel at Smith Point, Texas, made the subject of this suit

13. Whenever it is alleged that Defendants committed an act, error, omission, or the conduct described therein, it is meant that such acts, errors, omissions and conduct was committed by those acting on behalf of Defendant, THE UNITED STATES, or its representative agency, Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, including, but not limited to, all agents, officers, employees, representatives, servants, shareholders and directors, all of whom were at all times material hereto acting within the course and scope of their employment and/or agency and/or with the apparent, expressed and/or implied authority of Defendants, and for whom Defendants are responsible in their corporate capacity

14 Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, whose conduct is set forth more fully below, was involved in the planning, designing and instrumentation of this maintenance project that caused damages to the Plaintiffs' oyster leases and their related businesses

15 Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, was aware, based upon information provided prior to the beginning of the project in question during July, 2003, that the project in question would and/or was likely to cause serious and substantial damages to the oyster leases owned by Plaintiffs and public oyster areas where Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, and those under contract to perform dredging and related

services on behalf of Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, on the dredging project in question

16 Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, was further aware that the failure to implement appropriate procedures in the design and/or construction of the project in question and/or proper precautions while dredging would result in the discharge of one or more toxic and/or dangerous sediments, and/or other sediments that would greatly damage and/or destroy Plaintiffs' oyster reefs, as well as the reefs and/or silt which were considered "public" and upon which Plaintiffs harvested oysters to sale in their respective businesses

17 The actual dredging began in the middle of July, 2003, and continued until the latter weeks of August, 2003 Subsequent to the dredging of the project in question, it was determined that sediments, silt and by-products from the dredge operations had spilled upon and/or was discharged upon one or more of Plaintiffs' leases causing extensive damage, if not the total destruction, to one or more of Plaintiffs' leases as well as the partial damage to and/or the complete destruction of one or more "public" areas upon which Plaintiffs harvested and/or dredged oysters It was further determined after August, 2003, that the geo tubes had failed and other breakwater barriers and/or such barriers requested to be constructed by Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, were not properly constructed to prevent discharge of silt, sediments and/or other toxic materials on to Plaintiffs' leases

IV.
CAUSES OF ACTION

18. Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, failed to properly and adequately perform and/or supervise the underwater survey in the channels of Smith Point in Chambers and Galveston Counties, Texas in which Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, relied upon to direct the dredging and geo tube installations made the basis of this suit

19. Defendants failed to properly design and/or supervise the designing of the geo tubes and/or other breakwater barriers that would have effectively and appropriately safeguarded and protected Plaintiffs' oyster leases, reefs, public reefs and land from which the Plaintiffs harvest oysters for commercial sale.

20. Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, failed to implement or design or supervise the implementation or design of proper beneficial use areas and/or retaining areas for sediments caused by the dredging in question This failure by Defendants resulted in the total loss of one or more of the Plaintiffs' leases, as well as the loss of the use of "public" lands from which the Plaintiffs harvest oysters for commercial sale.

21 Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, failed to obtain and implement proper and adequate information that would have ensured that necessary precautions were established and followed during the course of the dredging project.

22. Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, failed to provide adequate and proper safeguards to prevent the release or discharge of

harmful materials on the Plaintiffs' leases and public areas from which the Plaintiffs harvested oysters for commercial sale

23. Defendant, THE UNITED STATES ARMY CORPS OF ENGINEERS, failed to obtain sufficient knowledge and information regarding the dredging project that would have enabled the Defendants to properly warn the Plaintiffs and other interested parties of dangers posed by the dredging project to the private and public oyster beds

24. Defendants failed to maintain control of their employees and agents, as well as the employees of the contract labor they retained to perform services on the project in question, that resulted in harm to the Plaintiffs and other interested parties.

25. Defendants failed to comply with or supervise their agents' compliance with one or more state and/or federal statutes that regulated the activities that Defendants and their agents were engaged in during the dredging project and in compliance with the environmental impact study performed for the project in question.

26. Plaintiffs would show by a preponderance of the evidence that the dredging activities in question caused damages to their oyster leases, the public areas upon which they harvested oysters and their related business operations.

27. Plaintiffs would further show that though negligence is not an element of a "Tucker Act" claim, the Defendants were not only negligent, but the conduct of the Defendants jointly and/or separately constituted a reckless and willful disregard of the Plaintiffs to harvest oysters from their leases and the public areas located near the dredging operations in question. Such conduct constitutes gross negligence as that term is understood and defined by law.

V.
DAMAGES

28. Plaintiffs further allege that as a result of such acts, errors and omissions on the part of Defendants as described above, Plaintiffs have been made to suffer the following elements of damages:

1 Actual damages for Plaintiffs, FISHERMAN'S HARVEST, INC., C JOE NELSON, JR. and DORIS MAE NELSON, in an amount that exceeds $4,288,467 00;

2 Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, FISHERMAN'S HARVEST, INC, C. JOE NELSON, JR. and DORIS MAE NELSON;

3 Actual damages for Plaintiff, VANESSA JO NELSON VALLEJO, in an amount that exceeds $279,675 00;

4 Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiff, VANESSA JO NELSON VALLEJO;

5 Actual damages for Plaintiff, VICKIE JO NELSON SALAZAR, in an amount that exceeds $5,814,483 00;

6. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, VICKIE JO NELSON SALAZAR;

7 Actual damages for Plaintiffs, CHILDRESS SEAFOOD, INC and W F. CHILDRESS, in an amount that exceeds $5,359,558 00;

8 Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, CHILDRESS SEAFOOD, INC. and W F CHILDRESS;

9. Actual damages for Plaintiff, ALTON LEE KELLY, in an amount that exceeds $3,221,333 00;

10 Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, ALTON LEE KELLY;

11 Actual damages, damage for emotional distress and/or exemplary damages for all Plaintiffs from and after the date this petition is filed and continuing until the date of trial, in an amount to be determined, as the nature of these damages is continuing and progressive; and

12 Fees for legal expenses through trial at a fair and reasonable rate

VI
PRAYER

29. WHEREFORE, PREMISES CONSIDERED, Plaintiffs, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS and ALTON LEE KELLY, respectfully pray that Defendants be cited to appear and answer herein, and that upon trial of this case, Plaintiffs do have and recover from Defendants, jointly and severally:

1. Actual damages in an amount that exceeds the minimal jurisdictional limits of this Court;
2. Pre-judgment and post judgment interest as allowed by law;
3. Reasonable attorney's fees and all costs of Court herein incurred; and
4. Such other and further relief to which Plaintiffs may show themselves justly entitled, at law or in equity.

Respectfully submitted,

BY: [signature] 7-31-05

PAUL W. O'FINAN
Texas State Bar No. 24027376
Federal I.D. No. 30719
Attorney At Law
9597 Jones Road, #317
Houston, Texas 77065
Phone: (713) 202-1776
E-Mail: fionnain@isp.com

ATTORNEY OF RECORD FOR PLAINTIFFS, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, W. F. CHILDRESS, CHILDRESS SEAFOOD, INC. and ALTON LEE KELLY

DAVID ERIC BERNSEN
Texas State Bar No 02217500
LAW OFFICE OF DAVID E BERNSEN, P C
P O Box 822
Beaumont, Texas 77704
(409) 832-1957
(409) 832-2211 [FACSIMILE]

AND

A MARK FAGGARD
Texas State Bar No 06772000
A MARK FAGGARD, P C
550 Fannin Street, Suite 1141
Beaumont, Texas 77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
amark-f@sbcglobal.net

AND

SHANNON I NASH
Texas State Bar No 14811620
TOLLESON & NASH
26510 Keith Street
Spring, Texas 77373
(281) 350-3900
(281) 350-9977 [FACSIMILE]

OF COUNSEL FOR ATTORNEY OF RECORD
FOR PLAINTIFFS