# EXHIBIT B

United States Courts
Southern District of Texas
FILED
MAR 1 4 2005
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS AND ALTON LEE KELLY | § | CIVIL ACTION NO. ________ |
| VS. | § | JURY TRIAL DEMANDED |
| PBS&J FORMERLY ESPEY, HUSTON & ASSOCIATES, INC., BERTUCCI CONTRACTING CORPORATION AND WEEKS MARINE, INC. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS and ALTON LEE KELLY, hereinafter referred to as "Plaintiffs," complaining of and about PBS&J FORMERLY ESPEY, HUSTON & ASSOCIATES, INC., BERTUCCI CONTRACTING CORPORATION and WEEKS MARINE, INC., hereinafter referred to as Defendants, whether one or more, and for cause of action would show unto the Court the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction and venue is proper in the United States District Court for the Southern District of Texas because all events giving rise to this action occurred in Chambers County and/or Galveston County, Texas, and Plaintiffs are

residents of Chambers County, Texas. This Court has jurisdiction over all claims herein asserted by virtue of Federal Question jurisdiction under 28 USC § 1331. This Court further has pendant jurisdiction over all State law claims herein asserted.

## II. PARTIES AND SERVICE

2. Plaintiff, FISHERMAN'S HARVEST, INC , is a Texas corporation

3. Plaintiffs C JOE NELSON, JR and DORIS MAE NELSON, bring this action individually and as husband and wife and as shareholders in FISHERMAN'S HARVEST, INC. Plaintiffs reside in Chambers County, Texas

4. Plaintiff, VANESSA JO NELSON VALLEJO, brings this action individually. Plaintiff resides in Chambers County, Texas

5. Plaintiff, VICKIE JO NELSON SALAZAR, brings this action individually. Plaintiff resides in Chambers County, Texas.

6. Plaintiff, CHILDRESS SEAFOOD, INC., is a Texas corporation.

7. Plaintiff, W F CHILDRESS, brings this action individually and as a shareholder in CHILDRESS SEAFOOD, INC. Plaintiff resides in Chambers County, Texas

8 Plaintiff, ALTON LEE KELLY, brings this action individually Plaintiff resides in Chambers County, Texas

9 Defendant, PBS&J FORMERLY ESPEY, HUSTON & ASSOCIATES, INC , is a Texas corporation and may be served with process by serving its registered agent for service, C. T Corporation System, 350 N. St Paul Street, Dallas, Texas 75201, by certified mail, return receipt requested, delivery restricted to addressee only, in accordance with F R Civ P 4;

10. Defendant, BERTUCCI CONIRACTING CORPORATION, is a Louisiana corporation and may be served with process by serving its registered agent for service, Anthony J. Zelenka, #7 River Road, Jefferson, Louisiana 70121, by certified mail, return receipt requested, delivery restricted to addressee only, in accordance with F.R.Civ.P. 4

11. Defendant, WEEKS MARINE, INC., is a New Jersey corporation and may be served with process by serving its registered agent for service, Patricia Driggers, 106 DeRouche Avenue, Bourg, Louisiana 70343, by certified mail, return receipt requested, delivery restricted to addressee only, in accordance with F.R.Civ.P. 4.

## III.
## FACTS

12. Plaintiffs are the owners and/or beneficial owners of one or more oyster leases located in Galveston Bay and/or Trinity Bay, as well as one or more businesses involved in the harvest, processing and sale of oysters in Smith Point, Chambers County, Texas.

13. Defendants are design engineers and/or contractors that contracted with the United States Army Corp of Engineers to provide one or more services in regard to the maintenance dredging project known as the Trinity River and Tributaries, Texas Maintenance Dredging, Channel to Smith Point Galveston Bay, Galveston and Chambers Counties, Texas, hereinafter referred to as "the project in question."

14. Defendant, PBS&J, was retained as the designer engineer and/or design consultant on behalf of the United States Army Corp of Engineers to plan and/or

design and/or to issue specifications for, perform testing services and/or monitor the maintenance dredging in regards to the project in question

15. Defendant, WEEKS MARINE, INC, was the dredge contractor retained, hired and contracted by the United States Army Corp of Engineers to perform the maintenance dredging of the channel in regards to the project in question.

16. Defendant, BERIUCCI CONIRACTING CORPORATION, by contract or subcontract, was the entity responsible for the design and/or construction and implementation of the "geo tubes" and sediment barriers for use in the dredging project in question Defendant, BERTUCCI CONTRACTING CORPORATION, was further responsible, in whole or in part, for the building of the beneficial use areas for the project in question along with Defendant WEEKS MARINE.

17. The Defendants named hereinafter are respectively referred to as Defendant PBS&J, Defendant BERTUCCI and Defendant WEEKS MARINE, and will hereinafter be collectively referred to as Defendants.

18. Whenever it is alleged that Defendants committed an act, error, omission, or the conduct described therein, it is meant that such acts, errors, omissions and conduct was committed by those acting on behalf of Defendants, including, but not limited to, all agents, officers, employees, representatives, servants, shareholders and directors, all of whom were at all times material hereto acting within the course and scope of their employment and/or agency and/or with the apparent, expressed and/or implied authority of Defendants, and for whom Defendants are responsible in their corporate capacity.

19 Defendants, whose conduct is set forth more fully below, were involved in the planning, designing, implementation and dredging for this maintenance and dredging project, upon which such services contributed to, and were relied upon by the United States Army Corp of Engineers for the design, implementation, construction and performance of one or more duties and/or aspects of the dredging project in question

20. Each of the Defendants were aware, based upon information provided, prior to the beginning of the project in question in July of 2003, that the project in question would and/or was likely to cause serious and substantial damages to the oyster leases owned by Plaintiffs and public oyster areas from which Plaintiffs dredged and obtained oysters in the Trinity Bay and Galveston Bay areas near the dredging project in question.

21. Defendants were further aware that the failure to implement appropriate procedures in the design and/or construction of the project in question and/or proper precautions while dredging would result in the discharge of one or more toxic and/or dangerous sediments, and/or other sediments that would greatly damage and/or destroy Plaintiffs' oysters reefs as well as the reefs and/or silt which were considered "public" and upon which Plaintiffs dredged for oysters for sale in their respective businesses.

22 The actual dredging began in July of 2003, and continued until August of 2003 Subsequent to the dredging of the project in question, it was determined that sediments, silt and by-products from the dredge operations had spilled upon and/or was discharged upon one or more of Plaintiffs' leases causing extensive

damage, if not the total destruction, to one or more of Plaintiffs' leases as well as the partial damage to and/or the complete destruction of one or more "public" areas upon which Plaintiffs harvested and/or dredged oysters. It was further determined after July of 2003 that the geo tubes had failed and/or such Defendants did not properly construct the barriers necessary to discharge of silt, sediments and/or other toxic materials on to Plaintiffs' leases

IV
FIRST CAUSE OF ACTION
FOR NEGLIGENCE AGAINST DEFENDANT PBS&J

23. Plaintiffs re-alleged the allegations contained above and further allege that Defendant, PBS&J, was negligent in the following:

1 In failing to properly and adequately perform the underwater survey in the channels of Smith Point in Chambers County and Galveston County, Texas, such survey being relied upon by the United States Army Corp of Engineers Galveston District;

2. In failing to properly design the geo tubes on behalf of the United States Army Corp of Engineers, to efficiently and appropriately safeguard and protect Plaintiffs' reefs and/or the "public" reefs upon which the Plaintiffs dredge oysters in Galveston County and Chambers County, Texas;

3. In failing to implement or design proper "beneficial use" areas and/or retaining areas for the sediments caused by the dredging in question, resulting in the total loss of one or more of Plaintiffs' leases as well as the loss of the use of "public" lands in which the Plaintiffs dredge oysters;

4 In failing to properly supervise and/or implement any design plan provided by PBS&J in regards to the dredging problem in question;

5. In failing to provide proper and adequate documentation to the United States Army Corp of Engineers regarding the necessary precautions that would need to be taken prior to the beginning of the dredge project in question;

6. In failing to comply with one or more state and/or federal statutes including the Federal legislature known as the Clean Water Act and Texas state

equivalent in regards to the activities that such Defendant was performing in regards to the project in question;

7 In committing one or more violations of law in failing to comply with the environmental impact study for the project in question and/or providing faulty and/or inaccurate information in the environmental impact study for the project in question;

8. In failing to insure that the project would be completed in accordance with the environmental impact study for the project in question;

9 In failing to adequately assess the proper amount of sediment or discharge materials and types there from during the dredging operations; and

10 In committing such other acts of negligence and/or gross negligence as will be shown at trial.

V.
SECOND CAUSE OF ACTION
FOR NEGLIGENCE AGAINST DEFENDANT BERTUCCI

24. Plaintiffs re-allege the allegations contained above and further allege that Defendant, BERTUCCI, was negligent in the following:

1 In starting and/or allowing the operation to continue during the inclement weather, and not on schedule;

2 In failing to provide adequate and proper safeguards to prevent the release or discharge of materials on the Plaintiffs' leases and the "public" areas in which Plaintiffs dredge oysters;

3 In failing to adequately advise the United States Army Corp of Engineers as to the problems and/or potential problems occurring on the project and failing to properly warn interested parties in the area such as Plaintiffs of the dangers of the dredge operations in question if adequate safeguards are not provided;

4 In failing to maintain control of its employees on the project in question, and allowing silt and/or other contaminants to be deposited directly and/or indirectly onto Plaintiffs' leases;

5. In failing to comply with the Federal Clean Water Act and the equivalent State Act for allowing the discharge of silt and other contaminants into Galveston Bay and/or Trinity Bay during the project in question;

6. In failing to prepare and/or build its portions of the dredging project in question in accordance with the specifications for the project and in accordance with the environmental impact study requirements for the project in question;

7. In failing to construct and/or maintain the geo tubes and spill containment areas in a manner so as to prevent the discharge and leakage of sediments, silt and other toxic substances onto Plaintiffs' leases; and

8. In committing further negligence as will be shown at trial.

VI
THIRD CAUSE OF ACTION
FOR NEGLIGENCE AGAINST DEFENDANT WEEKS MARINE

25. Plaintiffs re-allege the allegations contained above and further allege that Defendant, WEEKS MARINE, was negligent in the following:

1 In starting and/or allowing the operation to continue during the inclement weather, and not on schedule;

2. In failing to provide adequate and proper safeguards to prevent the release or discharge of materials, silt and other sediments and/or toxic materials on the Plaintiffs' leases and the "public" areas in which Plaintiffs dredge oysters;

3. In failing to adequately advise the United States Army Corp of Engineers as to the problems occurring on the project and failing to properly warn interested parties in the area such as Plaintiffs of the dangers caused by the dredge operations if adequate safeguards are not provided;

4. In failing to maintain control of its employees on the project in question;

5. In failing to comply with the provisions of the environmental impact study for the project in question;

6. In failing to comply with the Federal Clean Water Act and/or its State of Texas equivalent, in intentionally discharging and/or allowing silt, sediments and other toxic materials to be discharged into the waters near Plaintiffs leases and the public areas upon which Plaintiffs dredge oysters in Galveston and/or Trinity Bay;

7 In failing to comply with the requirements of the environmental impact study for the project in question; and

8 In committing further negligence as will be shown at trial

VII.
CAUSES OF ACTION AGAINST
ALL DEFENDANTS FOR NEGLIGENCE AND NEGLIGENCE PER SE'

26. Plaintiffs will respectfully show at all times material hereto, Defendants, jointly and severally, committed one or more acts, errors, or omissions in violation of one or more state or federal statutes.

VIII.
CAUSE OF ACTION AGAINST
ALL DEFENDANTS FOR GROSS NEGLIGENCE

27. Plaintiffs will respectfully show that the acts, errors, or omissions committed by Defendants were committed knowingly and therefore, Defendants are guilty of gross negligence.

IX.

28. Plaintiffs will respectfully show that Defendants have violated the Clean Water Act in intentionally discharging and/or allowing silt, sediments and other toxic materials to be discharged into the waters near Plaintiffs leases and the public areas upon which Plaintiffs dredge oysters in Galveston and/or Trinity Bay.

X
DAMAGES

29. The conduct of Defendants as described above was a cause, proximate cause and/or producing cause of the damages sustained by Plaintiffs.

30. All of the allegations contained in the previous paragraphs are realleged herein.

31. Plaintiffs further allege that as a result of such acts, errors and omissions on the part of Defendants as described above, Plaintiffs have been made to suffer the following elements of damages:

1. Actual damages for Plaintiffs, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR. and DORIS MAE NELSON, in an amount that exceeds $4,288,467 00;

2. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, FISHERMAN'S HARVEST, INC., C JOE NELSON, JR. and DORIS MAE NELSON, in an amount in excess of $8,000,000.00, but not more than $10,000,000.00;

3. Actual damages for Plaintiff, VANESSA JO NELSON VALLEJO, in an amount that exceeds $279,675.00;

4. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiff, VANESSA JO NELSON VALLEJO, in an amount in excess of $600,000.00, but not more than $100,000.00;

5. Actual damages for Plaintiffs, VICKIE JO NELSON SALAZAR, in an amount that exceeds $5,814,483 00;

6. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, VICKIE JO NELSON SALAZAR, in an amount in excess of $11,000,000 00, but not more than $15,000,000.00;

7. Actual damages for Plaintiffs, CHILDRESS SEAFOOD, INC. and W F. CHILDRESS, in an amount that exceeds $5,359,558.00;

8. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, CHILDRESS SEAFOOD, INC. and W. F. CHILDRESS, in an amount in excess of $11,000,000.00, but not more than $15,000,000.00;

9. Actual damages for Plaintiffs, ALTON LEE KELLY, in an amount that exceeds $3,221,333 00;

10. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, ALTON LEE KELLY, in an amount in excess of $6,000,000 00, but not more than $10,000,000.00;

11. Actual damages, damage for emotional distress, and/or exemplary damages for all Plaintiffs from and after the date this petition is filed and continuing until the date of trial, in an amount to be determined, as the nature of these damages is continuing and progressive; and

12. Fees for legal expenses through trial at a fair and reasonable rate

PRAYER

32 WHEREFORE, PREMISES CONSIDERED, Plaintiffs, FISHERMAN'S HARVEST, INC., C JOE NELSON, JR , DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC , W F CHILDRESS and ALTON LEE KELLY, respectfully pray that Defendants be cited to appear and answer herein, and that upon trial of this case, Plaintiffs do have and recover from Defendants, jointly and severally:

1. Actual damages in an amount that exceeds the minimal jurisdictional limits of this Court;
2. All punitive and/or exemplary damages in an amount that exceeds the minimal jurisdictional limits of this Court;
3. Pre-judgment and post judgment interest as allowed by law;
4. Reasonable attorney's fees and all costs of Court herein incurred; and
5. Such other and further relief to which Plaintiffs may show themselves justly entitled, at law or in equity.

Respectfully submitted,

LAW OFFICE OF DAVID BERNSEN, PC
P O Box 822
Beaumont, Texas 77704
(409) 832-1957
(409) 832-2211 [FACSIMILE]
davidebernsen@aol.com

BY: ______________________
DAVID ERIC BERNSEN
State Bar No. 02217500

AND

A MARK FAGGARD, P.C
550 Fannin Street, Suite 1141
Beaumont, Texas 77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
amark-f@sbcglobal.net

BY: Mark Faggard /with permission
A MARK FAGGARD
State Bar No. 06772000

ATTORNEYS FOR PLAINTIFFS,
FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, and VICKIE JO NELSON SALAZAR

TOLLESON & NASH
26510 Keith Street
Spring, Texas 77373
(281) 350-3900
(281) 350-9977 [FACIMILE]

BY: Shannon Nash /with permission
SHANNON T. NASH
State Bar No. 14811620

ATTORNEYS FOR PLAINTIFFS,
CHILDRESS SEAFOOD, INC
and W. F. CHILDRESS

TOLLESON & NASH
26510 Keith Street
Spring, Texas 77373
(281) 350-3900
(281) 350-9977 [FACIMILE]

BY: Shannon Nash /with permission
SHANNON T. NASH
State Bar No. 14811620

AND

A. MARK FAGGARD, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas 77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
amark-f@sbcglobal.net

BY: Mark Faggard /with permission
A. MARK FAGGARD
State Bar No. 06772000

ATTORNEYS FOR PLAINTIFF,
ALTON LEE KELLY