# EXHIBIT C

CAUSE NO 22349

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W F CHILDRESS and ALTON LEE KELLY | § | IN THE DISTRICT COURT |
| vs. | § | CHAMBERS COUNTY, TEXAS |
| PBS&J, FORMERLY ESPEY, HUSTON & ASSOCIATES, INC., BERTUCCI CONTRACTING CORPORATION, WEEKS MARINE, INC., LUHR BROTHERS, INC., BRADLEY INDUSTRIAL TEXTILES, INC., and NICOLON CORPORATION a/k/a TEN CATE NICOLON | § | 344th JUDICIAL DISTRICT |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, FISHERMAN'S HARVEST, INC., C JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W F CHILDRESS and ALTON LEE KELLY, hereinafter referred to as "Plaintiffs," complaining of and about PBS&J, FORMERLY ESPEY, HUSTON & ASSOCIATES, INC., BERTUCCI CONTRACTING CORPORATION, WEEKS MARINE, INC., LUHR BROTHERS, INC., BRADLEY INDUSTRIAL TEXTILES, INC and NICOLON CORPORATION a/k/a TEN CATE NICOLON, hereinafter referred to as Defendants, whether one or more, and for cause of action would show unto the Court the following:

I.
JURISDICTION AND VENUE

This Court has jurisdiction and venue is proper in Chambers County because all or part of the events giving rise to this action occurred in Chambers County and/or Galveston County, Texas, and Plaintiffs are residents of Chambers County, Texas

II
PARTIES AND SERVICE

Plaintiff, FISHERMAN'S HARVEST, INC , is a Texas corporation

Plaintiffs C JOE NELSON, JR and DORIS MAE NELSON, bring this action individually and as husband and wife and as shareholders in FISHERMAN'S HARVEST, INC Plaintiffs reside in Chambers County, Texas

Plaintiff, VANESSA JO NELSON VALLEJO, brings this action individually Plaintiff resides in Chambers County, Texas

Plaintiff, VICKIE JO NELSON SALAZAR, brings this action individually Plaintiff resides in Chambers County, Texas

Plaintiff, CHILDRESS SEAFOOD, INC , is a Texas corporation

Plaintiff, W F CHILDRESS, brings this action individually and as a shareholder in CHILDRESS SEAFOOD, INC Plaintiff resides in Chambers County, Texas

Plaintiff, ALTON LEE KELLY, brings this action individually Plaintiff resides in Chambers County, Texas

Defendant, PBS&J, FORMERLY ESPEY, HUSTON & ASSOCIATES, INC., is a Texas corporation and may be served with process by serving its registered agent for service, C T Corporation System, 350 N St Paul Street, Dallas, Texas 75201, by certified mail, return receipt requested

Defendant, BERTUCCI CONTRACTING CORPORATION, is a Louisiana corporation and may be served with process by serving its registered agent for service, Anthony J Zelenka, #7 River Road, Jefferson, Louisiana 70121, by certified mail, return receipt requested

Defendant, WEEKS MARINE, INC , is a New Jersey corporation and may be served with process by serving its registered agent for service, James Gold, 1011 Richmond, Suite 650, Houston, Texas 77042, by certified mail, return receipt requested.

Defendant, LUHR BROTHERS, INC , is an Illinois corporation and may be served by serving its registered agent for service, C T Corporation System, 350 N St Paul Street, Dallas, Texas 75201, by certified mail, return receipt requested.

Defendant, BRADLEY INDUSTRIAL TEXTILES, INC , is a Florida corporation and may be served by serving its registered agent for service, Anthony S Bradley, 101 John Sims Parkway, Suite 1104, Valparaiso, Florida 32580, by certified mail, return receipt requested

Defendant, NICOLON CORPORATION A/K/A TEN CATE NICOLON is a Georgia corporation and may be served by serving its registered agent for service, C T Corporation System, 1201 Peachtree Street, Atlanta, Georgia 30361, by certified mail, return receipt requested

## III.
## FACTS

Plaintiffs are the owners and/or beneficial owners of one or more oyster leases located in Galveston Bay and/or Trinity Bay, as well as one or more businesses involved in the harvest, processing and sale of oysters in Smith Point, Chambers County, Texas

Defendants are design engineers and/or contractors that contracted with the United States Army Corp of Engineers to provide one or more services in regard to the maintenance dredging project known as the Trinity River and Tributaries, Texas Maintenance Dredging, Channel to Smith Point Galveston Bay, Galveston and Chambers Counties, Texas, hereinafter referred to as "the project in question."

Defendant, PBS&J, was retained as the designer engineer and/or design consultant on behalf of the United States Army Corp of Engineers to plan and/or design and/or to issue specifications for, perform testing services and/or monitor the maintenance dredging in regards to the project in question.

Defendant, WEEKS MARINE, INC., was the dredge contractor retained and hired to perform the maintenance dredging of the channel in regards to the project in question.

Defendant, BERTUCCI CONTRACTING CORPORATION, by contract or subcontract, was the entity responsible for the design and/or construction and implementation of the "geo tubes" and sediment barriers for use in the dredging project in question. Defendant, BERTUCCI CONTRACTING CORPORATION, was further responsible, in whole or in part, for the building of the beneficial use areas for the project in question along with Defendant WEEKS MARINE.

Defendant, LUHR BROTHERS, INC., by contract or subcontract, was the entity responsible for the design and/or construction and implementation of the rock barriers for use in the dredging project in question. Defendant, LUHR BROTHERS, INC., was further responsible, in whole or in part, for the building of the rock barrier and geo tubs

surrounding the beneficial use area no 1 for the project in question along with Defendant, WEEKS MARINE

Defendant, BRADLEY INDUSTRIAL TEXTILES, INC , by contract or subcontract, was the entity responsible for providing the geotubes for use in the dredging project in question, along with Defendant, BERTUCCI CONTRACTING CORPORATION

Defendant, NICOLON CORPORATION A/K/A TEN CATE NICOLON, by contract or subcontract, was the entity responsible for providing geotextiles for use in the dredging project in question, along with Defendant, BERTUCCI CONTRACTING CORPORATION

The Defendants named hereinafter are respectively referred to as Defendant, PBS&J, Defendant, BERTUCCI, Defendant, WEEKS MARINE and Defendant, LUHR BROTHERS, Defendant, BRADLEY INDUSTRIAL TEXTILES, and Defendant, TEN CATE NICOLON, and will hereinafter be collectively referred to as "Defendants"

Whenever it is alleged that Defendants committed an act, error, omission, or the conduct described therein, it is meant that such acts, errors, omissions and conduct was committed by those acting on behalf of Defendants, including, but not limited to, all agents, officers, employees, representatives, servants, shareholders and directors, all of whom were at all times material hereto acting within the course and scope of their employment and/or agency and/or with the apparent, expressed and/or implied authority of Defendants, and for whom Defendants are responsible in their corporate capacity

Defendants, whose conduct is set forth more fully below, were involved in the design, implementation, construction and performance of one or more duties and/or aspects of the dredging project in question

Each of the Defendants were aware, based upon information provided, prior to the beginning of the project in question in July of 2003, that the project in question would and/or was likely to cause serious and substantial damages to the oyster leases owned by Plaintiffs and public oyster areas from which Plaintiffs dredged and obtained oysters in the Trinity Bay and Galveston Bay areas near the dredging project in question

Defendants were further aware that the failure to implement appropriate procedures in the design and/or construction of the project in question and/or proper precautions while dredging would result in the discharge of one or more toxic and/or dangerous sediments, and/or other sediments that would greatly damage and/or destroy Plaintiffs' oysters reefs as well as the reefs and/or silt which were considered "public" and upon which Plaintiffs dredged for oysters for sale in their respective businesses

The actual dredging began in July of 2003, and continued until August of 2003. Subsequent to the dredging of the project in question, it was determined that sediments, silt and by-products from the dredge operations had spilled upon and/or was discharged upon one or more of Plaintiffs' leases causing extensive damage, if not the total destruction, to one or more of Plaintiffs' leases as well as the partial damage to and/or the complete destruction of one or more "public" areas upon which Plaintiffs harvested and/or dredged oysters It was further determined after July of 2003 that the geo tubes had failed and/or such Defendants did not properly construct the barriers necessary to discharge of silt, sediments and/or other toxic materials on to Plaintiffs' leases

IV
FIRST CAUSE OF ACTION
FOR NEGLIGENCE AGAINST DEFENDANT PBS&J

Plaintiffs allege the allegations contained above and further allege that Defendant, PBS&J, was negligent in the following:

1 In failing to properly and adequately perform the underwater survey in the channels of Smith Point in Chambers County and Galveston County, Texas, such survey being relied upon by the United States Army Corp of Engineers Galveston District;

2 In failing to properly design the geo tubes on behalf of the United States Army Corp of Engineers, to efficiently and appropriately safeguard and protect Plaintiffs' reefs and/or the "public" reefs upon which the Plaintiffs dredge oysters in Galveston County and Chambers County, Texas;

3 In failing to implement or design proper "beneficial use" areas and/or retaining areas for the sediments caused by the dredging in question, resulting in the total loss of one or more of Plaintiffs' leases as well as the loss of the use of "public" lands in which the Plaintiffs dredge oysters;

4 In failing to properly supervise and/or implement any design plan provided by PBS&J in regards to the dredging problem in question;

5 In failing to provide proper and adequate documentation to the United States Army Corp of Engineers regarding the necessary precautions that would need to be taken prior to the beginning of the dredge project in question;

6 In committing one or more violations of law in failing to comply with the environmental impact study for the project in question and/or providing faulty and/or inaccurate information in the environmental impact study for the project in question;

7 In failing to insure that the project would be completed in accordance with the environmental impact study for the project in question;

8 In failing to adequately assess the proper amount of sediment or discharge materials and types there from during the dredging operations; and

9 In committing such other acts of negligence and/or gross negligence as will be shown at trial

V
SECOND CAUSE OF ACTION

FOR NEGLIGENCE AGAINST DEFENDANT BERTUCCI

Plaintiffs allege the allegations contained above and further allege that Defendant, BERTUCCI, was negligent in the following:

1. In starting and/or allowing the operation to continue during the inclement weather, and not on schedule;

2. In failing to provide adequate and proper safeguards to prevent the release or discharge of materials on the Plaintiffs' leases and the "public" areas in which Plaintiffs dredge oysters;

3. In failing to adequately advise the United States Army Corp of Engineers as to the problems and/or potential problems occurring on the project and failing to properly warn interested parties in the area such as Plaintiffs of the dangers of the dredge operations in question if adequate safeguards are not provided;

4. In failing to maintain control of its employees on the project in question, and allowing silt and/or other contaminants to be deposited directly onto Plaintiffs' leases;

5. In failing to prepare and/or build its portions of the dredging project in question in accordance with the specifications for the project and in accordance with the environmental impact study requirements for the project in question;

6. In failing to construct and/or maintain the geo tubes and spill containment areas in a manner so as to prevent the discharge and leakage of sediments, silt and other toxic substances onto Plaintiffs' leases; and

7. In committing further negligence as will be shown at trial

VI
THIRD CAUSE OF ACTION
FOR NEGLIGENCE AGAINST DEFENDANT WEEKS MARINE

Plaintiffs allege the allegations contained above and further allege that Defendant, WEEKS MARINE, was negligent in the following:

1. In starting and/or allowing the operation to continue during the inclement weather, and not on schedule;

2 In failing to provide adequate and proper safeguards to prevent the release or discharge of materials, silt and other sediments and/or toxic materials on the Plaintiffs' leases and the "public" areas in which Plaintiffs dredge oysters;

3 In failing to adequately advise the United States Army Corp of Engineers as to the problems occurring on the project and failing to properly warn interested parties in the area such as Plaintiffs of the dangers caused by the dredge operations if adequate safeguards are not provided;

4 In failing to maintain control of its employees on the project in question;

5 In failing to comply with the provisions of the environmental impact study for the project in question;

6 In failing to comply with the requirements of the environmental impact study for the project in question; and

7 In committing further negligence as will be shown at trial

VII.
FOURTH CAUSE OF ACTION
FOR NEGLIGENCE AGAINST LUHR BROTHERS, INC.

Plaintiffs allege the allegations contained above and further allege that Defendant, LUHR BROTHERS, INC., was negligent in the following:

1 In starting and/or allowing the operation to continue during the inclement weather, and not on schedule;

2. In failing to provided adequate and proper safeguards to prevent the release or discharge of the materials, silt and other sediments and/or toxic materials on the Plaintiffs' leases and the "public" areas in which Plaintiffs dredge oysters;

3. In failing to adequately advise the United States Army Corps of Engineers as to the problems occurring on the project and failing to properly warn interested parties in the area, such as Plaintiffs of the dangers caused by the dredge operations if adequate safeguards are not provided;

4. In failing to maintain control of its employees on the project in question;

5 In failing to comply with the provisions of the environmental impact study for the project in question;

6 In failing to comply with the requirements of the environmental impact study for the project in question; and

7 In committing further negligence as will be shown at trial.

VIII.
FIFTH CAUSE OF ACTION
FOR NEGLIGENCE AGAINST BRADLEY INDUSTRIAL TEXTILES, INC.

Plaintiffs allege the allegations contained above and further allege that Defendant, BRADLEY INDUSTRIAL TEXTILES, INC., was negligent in the following:

1 In engaging in the business of designing, manufacturing and/or packaging certain products, including the geotubes utilized in this project, for sale to and for use by members of the general public and ultimately, in reference to this matter, to contractors who utilize the product, namely Defendant, BERTUCCI;

2 In placing said geotubes into the stream of commerce by selling and/or providing the product to members of the general public and ultimately, in reference to this matter, to contractors who utilize the product, namely Defendant, BERTUCCI;

3. In defectively designing said geotubes as to render them unreasonably unsafe for use by members of the general public and ultimately, in reference to this matter, to contractors who utilize the product, namely Defendant, BERTUCCI;

4 In placing said geotubes on the market without warning the users of the geotubes of the possibility of failure;

5. In failing to comply with the requirements of its contractor supplier agreement with Defendant, BERTUCCI; and

6 In committing further negligence as will be shown at trial

IX.
SIXTH CAUSE OF ACTION
FOR NEGLIGENCE AGAINST NICOLON CORPORATION A/K/A
TEN CATE NICOLON

Plaintiffs allege the allegations contained above and further allege that Defendant, NICOLON CORPORATION A/K/A TEN CATE NICOLON, was negligent in the following:

1. In engaging in the business of designing, manufacturing and/or packaging certain products, including the geotextiles utilized in this project, for sale to and for use by members of the general public and ultimately, in reference to this matter, to contractors who utilize the product, namely Defendant, BERTUCCI;

2. In placing said geotextiles into the stream of commerce by selling and/or providing the product to members of the general public and ultimately, in reference to this matter, to contractors who utilize the product, namely Defendant, BERTUCCI;

3. In defectively designing said geotextiles as to render them unreasonably unsafe for use by members of the general public and ultimately, in reference to this matter, to contractors who utilize the product, namely Defendant, BERTUCCI;

4. In placing said geotextiles on the market without warning the users of the geotextiles of the possibility of failure;

5. In failing to comply with the requirements of its contractor-supplier agreement with Defendant, BERTUCCI; and

6. In committing further negligence as will be shown at trial

XI
CAUSES OF ACTION AGAINST
ALL DEFENDANTS FOR NEGLIGENCE AND NEGLIGENCE PER SE'

Plaintiffs will respectfully show at all times material hereto, Defendants, jointly and severally, committed one or more acts, errors, or omissions in violation of one or more state or federal statutes

XII
CAUSE OF ACTION AGAINST
ALL DEFENDANTS FOR GROSS NEGLIGENCE

Plaintiffs will respectfully show that the acts, errors, or omissions committed by Defendants were committed knowingly and therefore, Defendants are guilty of gross negligence

XIII
CAUSE OF ACTION AGAINST

ALL DEFENDANTS FOR NUISANCE

Defendants have interfered with and/or invaded the Plaintiffs' interest in land by their conduct, which was negligent and/or intentional and unreasonable Defendants' conduct has resulted in a condition that has substantially interfered with Plaintiffs' private use and enjoyment of the land

The nuisance caused injury to Plaintiffs and continues to cause injury to the Plaintiffs' land every day by the release of additional silt from the geotubes and spoil sites.

XIV.
DAMAGES

The conduct of Defendants as described above was a cause, proximate cause and/or producing cause of the damages sustained by Plaintiffs.

All of the allegations contained in the previous paragraphs are realleged herein

Plaintiffs further allege that as a result of such acts, errors and omissions on the part of Defendants as described above, Plaintiffs have been made to suffer the following elements of damages:

1. Actual damages for Plaintiffs, FISHERMAN'S HARVEST, INC., C JOE NELSON, JR. and DORIS MAE NELSON;

2. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, FISHERMAN'S HARVEST, INC., C JOE NELSON, JR. and DORIS MAE NELSON;

3. Actual damages for Plaintiff, VANESSA JO NELSON VALLEJO;

4. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiff, VANESSA JO NELSON VALLEJO;

5. Actual damages for Plaintiff, VICKIE JO NELSON SALAZAR;

6. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiff, VICKIE JO NELSON SALAZAR;

7. Actual damages for Plaintiffs, CHILDRESS SEAFOOD, INC and W F CHILDRESS;

8. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, CHILDRESS SEAFOOD, INC and W. F CHILDRESS;

9. Actual damages for Plaintiff, ALTON LEE KELLY;

10. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiff, ALTON LEE KELLY;

11. Actual damages, damage for emotional distress, and/or exemplary damages for all Plaintiffs from and after the date this petition is filed and continuing until the date of trial, in an amount to be determined, as the nature of these damages is continuing and progressive;

12. Fees for legal expenses through trial at a fair and reasonable rate; and

13. Plaintiffs have been damaged in the loss of use, enjoyment and market value

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W. F CHILDRESS and ALTON LEE KELLY, respectfully pray that Defendants be cited to appear and answer herein, and that upon trial of this case, Plaintiffs do have and recover from Defendants, jointly and severally:

1. Actual damages in an amount that exceeds the minimal jurisdictional limits of this Court;

2. All punitive and/or exemplary damages in an amount that exceeds the minimal jurisdictional limits of this Court;

3. Pre-judgment and post judgment interest as allowed by law;

4. Reasonable attorney's fees and all costs of Court herein incurred; and

5. Such other and further relief to which Plaintiffs may show themselves justly entitled, at law or in equity

Respectfully submitted,

LAW OFFICE OF DAVID E BERNSEN, P C
Post Office Box 822
Beaumont, Texas 77704
(409) 832-1957
(409) 832-2211 [FACSIMILE]
andrea@davidbernsen.com

BY: ______________________
DAVID ERIC BERNSEN
Texas State Bar No 02217500

ATTORNEY-OF-RECORD FOR PLAINTIFFS

AND

A. MARK FAGGARD, P.C
550 Fannin Street, Suite 1141
Beaumont, Texas 77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
amark-f@sbcglobal.net

OF COUNSEL TO ATTORNEY-OF-RECORD FOR PLAINTIFFS

FILED
06 JAN -6 PM 12:01
R.B. SCHERER, JR.
DISTRICT CLERK, CHAMBERS COUNTY, TEXAS
BY __________ DEPUTY