IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, v. UNITED STATES, Defendant, and. WEEKS MARINE, INC., Intervenor-Defendant. | ) | No. 05-0840 C and No. 05-1044C (CONSOLIDATED) (Chief Judge Damich) |

DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, the United States, respectfully requests a protective order, pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"), to prohibit the taking of the depositions of plaintiffs, Doris Mae Nelson, Vanessa Joe Nelson Vallejo, C. Joe Nelson, Vickie Joe Nelson Salazar, W.F. Childress, and Alton Lee Kelly, in Houston, Texas on January 10 through 12, 2007. These depositions were noticed by intervenor-defendant Weeks Marine, Inc. ("Weeks"), despite Government counsel's announced inability to prepare for, and take, the depositions of plaintiffs during the period of January 10 through 12, 2007. Absent the requested protective order, the United States will be denied the opportunity to effectively take the depositions of the plaintiffs in this action. Weeks has failed to offer any valid justification for its position that these important depositions must proceed at a time when Government counsel is unavailable.

Accordingly, we respectfully request that the Court enter a protective order to prevent intervenor-defendant Weeks Marine from taking the depositions of six plaintiffs on January 10

through 12, 2007. We do not oppose Weeks' ability to participate in the depositions of plaintiffs, but, rather, request that these depositions be postponed to a mutually acceptable date.

ARGUMENT

This Court possesses the inherent power to regulate discovery. See, e.g., Americold Corp. v. United States, 28 Fed. Cl. 747 (1993). Our motion for a protective order should be granted to permit defendant to complete paper discovery, and to review that information before it deposes plaintiffs. As the Court is aware, the parties are to file a joint status report by Friday, January 5, 2007 with proposals for the completion of discovery. We intend to take the depositions of the plaintiffs during the discovery period as established by the Court. However, it will be impossible to the undersigned counsel of record to adequately prepare for and effectively participate in six depositions between January 10 and 12.

As an initial matter, we have not yet completed our paper discovery. Despite the fact that the United States has produced over 8,000 pages of responsive documents to plaintiffs at no cost to plaintiffs, not all plaintiffs have produced documents to the United States. As a result, Government counsel will be forced to travel to Texas to obtain documents. Additionally, there are outstanding issues with regard to plaintiffs' responses to certain of our requests for the production of documents. Given the incomplete status of plaintiffs' responses to our discovery requests, our defense of this action would be prejudiced if we were forced to prematurely depose plaintiffs without having first secured plaintiffs' compliance with their document discovery obligations.

Additionally, the undersigned counsel of record's workload will not permit preparation for and participation in the depositions of six plaintiffs on January 10 through 12. He will be

required to file the Government's briefs in Furr et al. v. Department of Veterans Affairs, No. 2006-3274, and King v. Department of Veterans Affairs, 2007-3034, in the United States Court of Appeals for the Federal Circuit between now and the proposed deposition dates. Additionally, he is currently preparing the Government's briefs in Ferreiro et al. v. United States, No. 2006-5135 (Fed. Cir.) and Micron Technologies v. United States, No. 06-0133 (Ct. Int'l Trade), with both briefs due in January. Moreover, the undersigned attorney is obligated to assist other counsel for the United States in a major document production in CBS Corp. v. United States, No. 01-79 (Fed. Cl.). These responsibilities are in addition to the two depositions in this action scheduled for January 17 and 18, which will require the undersigned attorney to travel to Lafayette, Louisiana, travel to which will likely consume the majority of a day in each direction.

We first became aware of Weeks' intent to take the depositions of Mr. Nelson and Mr. Childress in a December 18, 2006, letter from plaintiffs regarding other depositions scheduled to take place on January 17 and 18, 2007, in Lafayette, Louisiana. The undersigned counsel of record informed Weeks that he would be unable to participate in depositions upon the proposed dates and asked that the depositions be postponed. Weeks then noticed the depositions of Mr. Nelson and Mr. Childress, as well as four other plaintiffs, by facsimile late in the day upon the Friday before Christmas. The notices were received by the undersigned on December 26, 2006. The undersigned attempted to engage in negotiations with Weeks and requested that the deposition notices be withdrawn by letter dated December 27, 2006 (Exhibit A). Weeks responded by letter dated December 27, 2006, but which was not transmitted to the undersigned until the afternoon of December 29, 2006 (Exhibit B). Weeks is unwilling to withdraw its notices of deposition because of its desire to depose plaintiffs before its witnesses are deposed.

We are willing and able to attend the depositions of the Weeks' witnesses on Lafayette, Louisiana on January 17 and 18, 2007.

Weeks indicates that it is not its "intention to participate in unilateral discovery out of the customary sequence of events in litigation," and that it "cannot present [its] witnesses for deposition while refraining from taking the testimony of Plaintiffs . . . ." Ex. B at 1-2. Contrary to Weeks' assertions, neither the Court's Rules nor the Federal Rules of Civil Procedure ("FRCP") make any provisions for the priority of discovery that Weeks seeks to enforce. RCFC 26(d), Fed. R. Civ. Pro. 26(d). Moreover, Weeks failed to request this Court to order sequential discovery. Unless discovery is expressly sequential (that is, in an order), then it is presumed not to be. See, e.g., United States v. Bartesch, 110 F.R.D. 128 (N.D. Ill. 1986). As noted by the court in Bartesch, the 1970 Amendments to the FRCP "eliminated any fixed priority in the sequence of discovery . . . ." Id. at 129. The Bartesch court also noted that FRCP 26(d) grants discretion to the courts to modify discovery schedules in specific cases. Id. As Weeks did not avail itself of this opportunity, it should not be permitted to insist upon sequential discovery at this point. Accordingly, there is no basis pursuant to the rules of this Court, or the Federal Rules of Civil Procedure, for Weeks' position of premising production of its witnesses upon the prior production of plaintiffs for deposition. Even if there were such a basis, Weeks' desire for sequential discovery would not overcome the substantial prejudice that its proposed depositions would cause the United States.

The undersigned attorney of record consulted with Mr. Mark Faggard and Mr. Paul O'Finan, counsel for the various plaintiffs, on January 2, 2007. Both individuals indicated that they were opposed to this motion.

CONCLUSION

For these reasons, defendant, the United States, respectfully requests that this Court enter a protective order to prohibit the taking of the depositions of plaintiffs Doris Mae Nelson, Vanessa Joe Nelson Vallejo, C. Joe Nelson, Vickie Joe Nelson Salazar, W.F. Childress, and Alton Lee Kelly, in Houston, Texas on January 10 through 12, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ David D'Alessandris
DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011

January 3, 2007

Attorneys for Defendant

I, David D'Alessandris, certify that I conferred in good faith with Mr. Allen Hemphill, counsel for intervenor-defendant, to attempt to resolve this dispute without Court action.

s/ David D'Alessandris
David D'Alessandris

# Exhibit A

**U.S. Department of Justice**

Civil Division
Telephone: (202) 307-1011

PDK:DMC:DFD'Alessandris
DJ 154-05-840

*Washington, DC 20530*

December 27, 2006

**BY FAX AND FIRST CLASS MAIL**

Kenneth Engerrand
Brown Sims P.C.
1177 West Loop South
Tenth Floor
Houston, TX 77027-9007

Re: Fisherman's Harvest, Inc., et al v. United States, No. 05-840C (Fed. Cl.)

Dear Mr. Engerrand:

I am in receipt of your notices of oral deposition of Doris Mae Nelson, Vanessa Joe Nelson Vallejo, C. Joe Nelson, Vickie Joe Nelson Salazar, W.F. Childress, and Alton Lee Kelly, in Houston, Texas on January 10 through 12, 2007. As I am sure you are aware, I represent the defendant, the United States of America, in this litigation. As such, I should have been consulted with regard to scheduling before these depositions were noticed. In fact, I first learned that you were considering these depositions in a December 18, 2006, letter from plaintiffs regarding other depositions scheduled to take place on January 17 and 18, 2007, in Lafayette Louisiana. I contacted Mr. Hemphill in your office and indicated that I would not be available upon the proposed dates. Notwithstanding my announced lack of availability, you have elected to notice six depositions for January 10 through 12, 2007.

The United States, as the defendant in this action, clearly has an interest in participating in the depositions of the plaintiffs. Accordingly, I ask that you withdraw these notices of deposition. Should you elect not to withdraw the notices of deposition, I will be forced to file a motion for a protective order with the Court.

Very truly yours,

David D'Alessandris

DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch

cc: David Bernsen
Paul O'Finan

Exhibit B

# BROWN SIMS P.C.

ATTORNEYS AT LAW

TENTH FLOOR
1177 WEST LOOP SOUTH
HOUSTON, TEXAS 77027-9007
TELEPHONE: (713) 629-1580
TELECOPIER: (713) 629-5027

E-MAIL: FIRM@BROWNSIMS.COM
URL: HTTP://WWW.BROWNSIMS.COM

G. BYRON SIMS
KENNETH G. ENGERRAND
MICHAEL D. WILLIAMS
MONICA FEKETE MARKOVICH
MARK C. CLEMER
NELSON D. SKYLER
F. MICHAEL BOWDOIN
JEROMY D. HUGHES
ROBERT M. BROWNING
MARK L. CLARK
CYNTHIA A. GALVAN
JAMES R. KOECHER
JOHN G. H. DAVIS
TIMOTHY B. GUILLORY
LESLIE E. HODGE
MICHAEL A. VARNER
ALLEN D. HEMPHILL
CHARLES G. CLAYTON
ROBIN K. TAYLOR
ANDREW B. COOPER
KRISTOPHER M. STOCKBERGER

BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
BOARD CERTIFIED - CIVIL TRIAL LAW
BOARD CERTIFIED - WORKERS' COMPENSATION LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
ALSO LICENSED IN THE STATE OF LOUISIANA
ONLY LICENSED IN THE STATE OF LOUISIANA

POLLY A. KINNIBRUGH
ADAM J. GONZALEZ
CHRIS D. COLLINGS
H. MILES KLAFF
KENNETH R. BAIRD
CHARLES CLAYTON CONRAD
TALLY ROCHON PUGH
F. DANIEL KNIGHT
KYLE C. HERBERT
SEAN M. REAGAN
TRAVIS F. ERSKINE
DAVID L. STOCKEL
SARAH A. HOULDEY
HOLLY L. GRIFFITH
RYAN M. GRANT
BRIANNE WATKINS
PATRICK G. DRAKE
TARUSH R. ANAND
DAVID G. MEYER
KAITLIN A. CLARK

OF COUNSEL
DAVID C. REDFORD

THOMAS A. BROWN
(1932-1997)

December 27, 2006

***VIA FACSIMILE: 202-305-4933***
Mr. David D'Allessandris
Classification Unit 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Re: Civil Action No. 05-840 C and No. 05-1044 C (Consolidated); *Fisherman's Harvest, Inc., v. Weeks Marine, Inc., v. The United States*; In the United States Court of Federal Claims.

Dear Mr. D'Allessandris:

Please accept this response to your correspondence addressed to Kenneth Engerrand on December 27, 2006.

Following the Opinion and Order of the Honorable United States Court of Federal Claims dated November 28, 2006, the various Plaintiffs in this action requested that our client present witnesses for deposition in the near future. As it was not our intention to delay the progress of discovery, we provided the dates of earliest availability for these witnesses. As it was also not our intention to participate in unilateral discovery out of the customary sequence of events in litigation, we asked that the Plaintiffs present their fact witnesses for deposition prior to the presentation of defense witnesses.

The Plaintiffs agreed to this request and immediately advised all parties of the current proposed deposition dates. Shortly thereafter, you called me to advise that you would not be prepared

to depose the Plaintiffs on the proposed dates. I advised you that the Plaintiffs had agreed to make themselves available for deposition prior to the defense witnesses so that oral testimony might be received in due order. I also suggested that you call the Plaintiffs' counsel and provide dates in the near future when you would be prepared to participate in Plaintiffs' depositions in the hope that your schedule could be accommodated without prejudice to our client. My understanding is that you did contact Plaintiffs' counsel and offered to present the government's witnesses but provided no timetable under which you might be ready to depose the Plaintiffs.

While we appreciate the constraints of your schedule, you have known that the Plaintiffs would be deposed for over a year. We remain willing to reasonably accommodate your schedule. As of today, you have failed to provide dates of availability for the Plaintiff's depositions. I am sure you appreciate that our client cannot present its witnesses for deposition while refraining from taking the testimony of Plaintiffs until you become available at an unknown future date.

We look forward to the opportunity to discuss a reasonable deposition schedule with you in the near future.

Very truly yours,

BROWN SIMS, P.C.

By: [signature]
Allen D. Hemphill

ADH:mm

cc:

***VIA FACSIMILE: 409-832-2211***
Mr. David Bernsen
Law Office of David Bernsen, P.C.
P.O. Box 822
Beaumont, Texas 77704

***VIA FACSIMILE: 713-683-1783***
Mr. Paul O'Finan
9597 Jones Road, #317
Houston, Texas 77065

***VIA FACSIMILE: 409-835-4335***
A. Mark Faggard
A. Mark Faggard, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas 77701

***VIA FACSIMILE: 281-350-9977***

Shannon T. Nash
Tolleson & Nash
26510 Keith Street
Spring, Texas 77373

CERTIFICATE OF FILING

I hereby certify that on January 3, 2007, a copy of the forgoing "DEFENDANT'S MOTION FOR PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris