**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FISHERMAN'S HARVEST, INC.,** | **§** | |
| **C. JOE NELSON, JR., DORIS MAE** | **§** | |
| **NELSON, VANESSA JO NELSON** | **§** | |
| **VALLEJO, VICKIE JO NELSON** | **§** | |
| **SALAZAR, CHILDRESS SEAFOOD,** | **§** | |
| **INC., W.F. CHILDRESS AND** | **§** | **NO. 05-840C** |
| **ALTON LEE KELLY** | **§** | **Consolidated With** |
| | **§** | **No. 05-1044C** |
| **VS.** | **§** | **(Chief Judge Damich)** |
| | **§** | |
| **THE UNITED STATES** | **§** | |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

TO THE CHIEF JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, W. F. Childress and Childress Seafood, Inc. and file this response to Defendant's Motion for Protective and in support of would show:

## I. Introduction

1.00 Plaintiffs are Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson-Vallejo, Vickie Jo Nelson-Salazar, Childress Seafood, Inc., W. F. Childress, and Alton Lee Kelly.

1.01 Defendant is the United States.

1.02 Intervenor/Defendant is Weeks Marine, Inc.

1.03 Plaintiffs have sued the United States for damages done to private oyster leases from dredging operations performed by the United States authorized by act of Congress under 28 U.S.C. §1497.

1.04 Defendant has filed a motion for a protective order in accordance with Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"). Defendant seeks to prevent the taking of depositions of the Plaintiffs by Intervenor/Defendant, Weeks Marine.

**II. Argument & Authorities**

2.00 Defendant cites Rule 26(c) as the basis for requesting a protective order, but fails to list any of the eight reasons described in Rule 26(c) as a justification for the Court granting such an order. See RCFC 26(c) (1) though (8).

2.01 The intent of Rule 26(c) was to protect the persons or parties from whom discovery was sought, from annoyance, embarrassment, oppression, or undue burden or expense. It was not intended to allow a party who did not want an opposing party to participate in a deposition from preventing a willing witness from testifying at a deposition. However, that is exactly what the Defendants seeks with its request for a protective order.

2.02 Defendant wants the Court to prevent a willing party to be able to testify at a deposition because the Defendant needs more time to prepare for the deposition. The case has been file for more than 15 months, if the Defendant is not ready now, it never will be ready.

2.03 Since Defendant does not seek to protect itself from annoyance, embarrassment, oppression, or undue burden or expense in producing documents and/or otherwise discoverable information, Defendant has no standing to ask for a

protective order in preventing any of the Plaintiffs from giving testimony at depositions noticed and scheduled by Intervenor/Defendant, Weeks Marine.

2.04 Although Plaintiffs greatly sympathize with Defendant's personal work load problems, they should not be a basis for preventing this case from moving forward. The case has been unnecessarily delayed too long though no fault of the Plaintiffs already.

## III. Conclusion

4.00 Defendant has no standing to seek to protect Plaintiffs from discovery under Rule 26(c). The eight months of delay in conducting depositions ordered by the Court, could have been used by Defendant to prepare its case and could have included drafting deposition questions for the various Plaintiff witnesses.

## IV. Prayer

5.00 For the reasons stated above, Plaintiffs pray that Defendant's motion for a protective under Rule 26(c) be denied.

Respectfully submitted,

s/ Paul W. O'Finan
Paul W. O'Finan
Texas Bar No. 24027376
Federal ID No. 30719
9597 Jones Road #317
Houston, Texas 77065
(713) 202-1776

ATTORNEY FOR PLAINTIFFS,
W. F. Childress and
Childress Seafood, Inc.

**CERTIFICATE OF FILING**

I certify that on January 5, 2007, a copy of the forgoing Plaintiffs' response and motions were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul W. O'Finan

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS SEAFOOD, INC., W.F. CHILDRESS AND ALTON LEE KELLY** | **§** | **NO. 05-840C** |
| | **§** | **Consolidated With** |
| | **§** | **No. 05-1044C** |
| **VS.** | **§** | **(Chief Judge Damich)** |
| **THE UNITED STATES** | **§** | |

**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

On this day, after considering Defendant's motion, the response, and arguments of counsel the COURT:

☐ _____ DENIES Defendant's Motion for a Protective Order

Signed on ________________________________, 2007

________________________________
PRESIDING JUDGE