IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| THE UNITED STATES | § | NO. 05-840 C and |
| | § | NO. 05-1044 C |
| Defendant, | § | (Consolidated) |
| | § | (Chief Judge Damich) |
| v. | § | |
| | § | |
| WEEKS MARINE, INC. | § | |
| | § | JURY DEMANDED |
| Intervenor-Defendant. | § | |

**INTERVENOR-DEFENDANT WEEKS MARINE, INC.'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

COMES NOW, Intervenor-Defendant Weeks Marine, Inc. ("Intervenor-Defendant") and files this, its Original Answer to Plaintiffs Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson Vallejo, Vickie Jo Nelson Salazar, and Alton Lee Kelly's Original Complaint in Cause No. 05-840 C, and its Original Answer to Plaintiffs Childress Seafood, Inc. and W.F. Childress's Original Complaint in Cause No. 05-1044 C, Intervenor-Defendant avers and would show the Honorable Court as follows:

**FIRST DEFENSE: RESPONSE TO PLAINTIFFS FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR AND ALTON LEE KELLY'S AVERMENTS IN CAUSE NO. 05-840 C**

1. Intervenor-Defendant admits the allegations in paragraph 1 of Plaintiffs' Original Complaint.

2. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to

the truth of the averments in Paragraph 2 of Plaintiffs' Original Complaint.

3. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3 of Plaintiffs' Original Complaint.

4. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 of Plaintiffs' Original Complaint.

5. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of Plaintiffs' Original Complaint.

6. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of Plaintiffs' Original Complaint.

7. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of Plaintiffs' Original Complaint.

8. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of Plaintiffs' Original Complaint.

9. Intervenor-Defendant admits the averments in Paragraph 9 of Plaintiffs' Original Complaint to the extent that the United States has already been served and appeared in this Cause.

10. Intervenor-Defendant denies the averments in Paragraph 10 of Plaintiffs' Original Complaint and avers that the United States Army Corps of Engineers is not a party to the instant action.

11. Intervenor-Defendant denies the averments contained in paragraph 11 of Plaintiffs' Original Complaint.

12. Intervenor-Defendant admits the averments in Paragraph 12 of Plaintiffs' Original Complaint to the extent that the United States admitted in its Original Answer that it has delegated to the United States Army Corps of Engineers authority pursuant to Public Law 104-303, Section 101(a)(30) of

the Water Resources Development Act of 1996, Public Law 106-60, approved September 29, 1999, River and Harbor Acts of 1905 and 1945, and other statutes, to perform the maintenance, dredging, and widening project for the Trinity River, and maintenance dredging of the channel at Smith Point, Texas.

13. Intervenor-Defendant denies the averments contained in paragraph 13 of Plaintiffs' Original Complaint.

14. Intervenor-Defendant admits the averment in Paragraph 14 of Plaintiff's Original Complaint that the United States Army Corps of Engineers "was involved in the planning, designing and instrumentation of this maintenance project..."; Intervenor-Defendant denies the averment in Paragraph 14 of Plaintiffs' Original Complaint that the project "caused damages to the Plaintiffs' oyster leases and their related businesses." Intervenor-Defendant denies the remaining averments in Paragraph 14 of Plaintiffs' Original Complaint.

15. Intervenor-Defendant denies the averments contained in Paragraph 15 of Plaintiffs' Original Complaint.

16. Intervenor-Defendant denies the averments contained in Paragraph 16 of Plaintiffs' Original Complaint.

17. Intervenor-Defendant admits the averments contained in the first sentence of Paragraph 17 of Plaintiffs' Original Complaint. Intervenor-Defendant denies the remaining averments in Paragraph 17 of Plaintiffs' Original Complaint.

18. Intervenor-Defendant denies the averments contained in Paragraph 18 of Plaintiffs' Original Complaint.

19. Intervenor-Defendant denies the averments contained in Paragraph 19 of Plaintiffs' Original

Complaint.

20. Intervenor-Defendant denies the averments contained in Paragraph 20 of Plaintiffs' Original Complaint.

21. Intervenor-Defendant denies the averments contained in Paragraph 21 of Plaintiffs' Original Complaint.

22. Intervenor-Defendant denies the averments contained in Paragraph 22 of Plaintiffs' Original Complaint.

23. Intervenor-Defendant denies the averments contained in Paragraph 23 of Plaintiffs' Original Complaint.

24. Intervenor-Defendant denies the averments contained in Paragraph 24 of Plaintiffs' Original Complaint.

25. Intervenor-Defendant denies the averments contained in Paragraph 25 of Plaintiffs' Original Complaint.

26. Intervenor-Defendant denies the averments contained in paragraph 26 of Plaintiffs' Original Complaint.

27. Intervenor-Defendant denies the averments contained in Paragraph 27 of Plaintiffs' Original Complaint.

28. Intervenor-Defendant denies the averments contained in Paragraph 28 of Plaintiffs' Original Complaint.

29. Intervenor-Defendant denies the averments contained in Paragraph 29 of Plaintiffs' Original Complaint.

30. Intervenor-Defendant denies that Plaintiffs are entitled to the relief requested in their Original

Complaint.

**SECOND DEFENSE: RESPONSE TO PLAINTIFFS CHILDRESS SEAFOOD, INC. AND W.F. CHILDRESS'S AVERMENTS IN CAUSE NO. 05-1044 C**

31. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1.01 of Plaintiffs' Original Complaint.

32. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1.02 of Plaintiffs' Original Complaint.

33. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1.03 of Plaintiffs' Original Complaint.

34. Intervenor-Defendant admits the averments in Paragraph 2.1 of Plaintiffs' Original Complaint.

35. Intervenor-Defendant denies the averments in Paragraph 2.2 of Plaintiffs' Original Complaint.

36. Intervenor-Defendant denies the averments in Paragraph 3.01 of Plaintiffs' Original Complaint.

37. Intervenor-Defendant denies the averments in Paragraph 3.02 of Plaintiffs' Original Complaint and avers that the United States Army Corps of Engineers is not a party to the instant action.

38. Intervenor-Defendant denies the averments in Paragraph 3.03 of Plaintiffs' Original Complaint.

39. Intervenor-Defendant admits the averment in Paragraph 3.04 of Plaintiff's Original Complaint that the United States and/or the United States Army Corps of Engineers were involved

in the planning, designing and instrumentation of this maintenance project. Intervenor-Defendant denies all other averments in Paragraph 3.04 of Plaintiffs' Original Complaint.

40. Intervenor-Defendant denies the averments in Paragraph 3.05 of Plaintiffs' Original Complaint.

41. Intervenor-Defendant denies the averments in Paragraph 3.06 of Plaintiffs' Original Complaint.

42. Intervenor-Defendant admits the averments contained in the first and second sentences of Paragraph 3.07 of Plaintiffs' Original Complaint. Intervenor-Defendant denies the remaining averments in Paragraph 3.07 of Plaintiffs' Original Complaint.

43. Intervenor-Defendant denies the averments in Paragraph 4.1 of Plaintiffs' Original Complaint.

44. Intervenor-Defendant denies the averments in Paragraph 4.2 of Plaintiffs' Original Complaint.

45. Intervenor-Defendant denies the averments in Paragraph 5.1 of Plaintiffs' Original Complaint.

46. Intervenor-Defendant denies the averments in Paragraph 6.1 of Plaintiffs' Original Complaint.

47. Intervenor-Defendant denies the averments in Paragraph 7.1 of Plaintiffs' Original Complaint.

48. Intervenor-Defendant denies the averments in Paragraph 8.1 of Plaintiffs' Original Complaint.

49. Intervenor-Defendant denies the averments in Paragraph 9.1 of Plaintiffs' Original

Complaint.

50. Intervenor-Defendant denies the averments in Paragraph 10.1 of Plaintiffs' Original Complaint.

51. Intervenor-Defendant denies the averments in Paragraph 11.1 of Plaintiffs' Original Complaint.

52. Intervenor-Defendant denies the averments in Paragraph 12.1, specifically described in sub-parts (a)-(f) of Plaintiffs' Original Complaint.

53. Intervenor-Defendant denies that Plaintiffs are entitled to the relief requested in their Original Complaint.

## THIRD DEFENSE

54. Intervenor-Defendant Weeks Marine, Inc. would show that it is entitled to contribution and indemnity at common-law, by contract, and/or by statute from the United States and/or United States Army Corps of Engineers ("USACE").

## FOURTH DEFENSE

55. Intervenor-Defendant Weeks Marine, Inc. would show that Plaintiffs lack standing and/or the legal capacity to assert the claims alleged in their Original Complaint.

## FIFTH DEFENSE

56. Intervenor-Defendant Weeks Marine, Inc. would further show that Plaintiffs may not recover for the damages sought because Intervenor-Defendant is immune from Plaintiffs' claims.

## SIXTH DEFENSE

57. Intervenor-Defendant Weeks Marine, Inc. would further show that Plaintiffs are not entitled to recover punitive and/or exemplary damages, nor are they entitled to recover damages for

emotional distress as a matter of law.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Intervenor-Defendant Weeks Marine, Inc. requests the Court to enter judgment on its behalf, dismiss Plaintiffs' claims, and for such other and further relief, at law, in equity, or in admiralty, that it may show itself justly entitled to.

Respectfully submitted,

By: /s/ Kenneth G.Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
713-629-1580
713-629-5027 Fax

ATTORNEYS IN CHARGE FOR WEEKS MARINE, INC.

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Weeks Marine Inc.'s Original Answer to Plaintiffs' Original Complaint has been filed electronically in accordance with the rules of this Court, on this the _5th_ day of January 2007, to wit:

A. Mark Faggard
A. Mark Faggard, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas 77701

Shannon T. Nash
Tolleson & Nash
26510 Keith Street
Spring, Texas 77373

David Eric Bernsen
Law Office of David Bernsen, P.C.
P.O. Box 822
Beaumont, Texas 77704

Paul W. O'Finan
9597 Jones Road, #317
Houston, Texas 77065

David D'Alessandris
Classification Unit 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

/s/ Kenneth G. Engerrand______
Kenneth G. Engerrand