IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| THE UNITED STATES | § | NO. 05-840 C and |
| | § | NO. 05-1044 C |
| Defendant, | § | (Consolidated) |
| | § | (Chief Judge Damich) |
| v. | § | |
| | § | |
| WEEKS MARINE, INC. | § | |
| | § | JURY DEMANDED |
| Intervenor-Defendant. | § | |

**RESPONSE OF INTERVENOR-DEFENDANT, WEEKS MARINE, INC.,**
**TO THE UNITED STATES' MOTION FOR PROTECTIVE ORDER**

Comes now, WEEKS MARINE, INC., Intervenor-Defendant, and files this its Response to the United States' Motion for Protective Order, and would respectfully show the Honorable Court as follows:

1. The various Plaintiffs in this action requested dates to commence depositions following this Honorable Court's decision and order dated November 28, 2006.

2. Intervenor-Defendant requested dates to depose Plaintiffs to fully identify the scope of their allegations prior to presenting its witnesses. Plaintiffs have agreed to Intervenor-Defendant's request.

3. Defendant objected to the deposition dates of Plaintiffs, claiming an inability to prepare prior to the scheduled dates. Intervenor-Defendant noted the significant interval which has already passed during which Defendant was aware of the need to conduct depositions in this action. In so doing, Intervenor-Defendant suggested to Defendant that Defendant provide dates certain in the near future during which it would agree to depose the Plaintiffs. (Exhibit A). While Intervenor-Defendant was not willing to agree to present its witnesses before Plaintiffs' depositions, Intervenor-Defendant was optimistic that Plaintiffs would be willing to postpone all depositions upon agreement to a reasonable time-frame by Defendant.

4. Defendant has failed to offer any dates on which it might be prepared to depose Plaintiffs. In its Motion for Protective Order, Defendant continues to offer no proposed dates on which it will agree to depose Plaintiffs.

5. Intervenor-Defendant should not be required to submit to unilateral discovery, nor should it be restricted in assembling the evidence necessary to support its defenses pursuant to Defendant's undisclosed time-table.

6. Defendant notes in its Motion for Protective Order that the rules prescribe no due order of deposition. However, Intervenor-Defendant agrees with Plaintiffs that this Honorable Court possesses the power to regulate the discovery process including the timing of depositions.

7. In Intervenor-Defendant's experience various courts have used their power to control discovery by requiring the party with the burden of proof to narrow the issues with first testimony. Plaintiffs were certainly acquainted with and willing to accommodate this due order of evidence presentation.

8. Intervenor-Defendant believes this Honorable Court should deny Defendant's Motion for Protective Order in all things and should allow all noticed depositions to proceed as scheduled.

9. In the alternative, Intervenor-Defendant believes that this Honorable Court should not require that it be the sole participant to present witnesses at a date certain, and if this Honorable Court grants Defendant's Motion for Protective Order, it also enter an order requiring that all fact witnesses be presented for deposition and be deposed by dates certain and in due order of discovery with Plaintiff's witnesses being disposed first.

WHEREFORE, PREMISES CONSIDERED, Intervenor-Defendant prays that Defendant's Motion for Protective Order be denied, and that all depositions proceed as noticed. In the alternative, Intervenor-Defendant prays that, in granting Defendant's Motion for Protective Order, that all noticed depositions be cancelled and that the Plaintiffs be required to present their witnesses for deposition prior to the date on which the Intervenor-Defendant's witnesses are scheduled to be deposed.

Respectfully submitted,

By: /s/ Allen D. Hemphill
Kenneth G. Engerrand
Texas Bar No. 06619500
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
713-629-1580
713-629-5027 Fax

ATTORNEYS IN CHARGE FOR WEEKS MARINE, INC.

OF COUNSEL

BROWN SIMS, P.C.
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been filed electronically in accordance with the rules of this Court, on this the 5th day of January 2007, to wit:

A. Mark Faggard
A. Mark Faggard, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas 77701

Shannon T. Nash
Tolleson & Nash
26510 Keith Street
Spring, Texas 77373

David Eric Bernsen
Law Office of David Bernsen, P.C.
P.O. Box 822
Beaumont, Texas 77704

Paul W. O'Finan
9597 Jones Road, #317
Houston, Texas 77065

David D'Alessandris
Classification Unit 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

/s/ Allen D. Hemphill
Kenneth G. Engerrand
Allen D. Hemphill