IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al., Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES Defendant, | ) | No. 05-0840 C and No. 05-1044C (CONSOLIDATED) (Chief Judge Damich) |
| and | ) | |
| WEEKS MARINE, INC., Intervenor-Defendant. | ) | |

DEFENDANT'S MOTION FOR ENLARGEMENT OF THE DISCOVERY PERIOD

Pursuant to Rule 6 of the Rules of the United States Court of Federal Claims, defendant, the United States, and Intervenor-Defendant Weeks Marine, Inc. ("Weeks Marine") respectfully request that the Court enlarge all discovery deadlines in this case by 120 days. The current deadline for fact discovery is July 31, 2007, and expert discovery closes on October 31, 2007. Defendant and intervenor-defendant respectfully request that these deadlines be extended an additional 120 days each. The requested enlargement is necessary due to plaintiffs' recent disclosure that they intend to call 31 witnesses at trial, including plaintiffs' belated disclosure of several witnesses that were not listed upon the initial disclosures of any party. Additionally, the length of requested extension is due to defendant's counsel's anticipated birth of a daughter at the end of August. Counsel for plaintiffs have indicated that they "do not oppose an extension of the discovery deadlines of up to 90 days as long as it does not interfere with a November 2007 trial setting if we have one, or any other trial setting we may have."

Pursuant to this Court's order dated June 4, 2007 the fact discovery deadline in this case is July 31, 2007. Defendant and intervenor-defendant require additional time to conduct both fact and expert discovery, necessitating an enlargement of the discovery period. To date, the parties have exchanged written discovery and have produced over 43,000 pages of documents. The parties have also been diligent in conducting depositions. Thus far, ten fact witnesses have been deposed. United States Army Corps of Engineers witnesses were deposed in Galveston, Texas on February 12, 13, and 14, 2007. The plaintiffs were deposed in Houston, Texas, on February 21, 22, March 12, 13, and April 10, 2007. Weeks Marine's witnesses were deposed in New Orleans, Louisiana, on May 15 and 16, 2007.

The undersigned attorney of record for the United States has traveled to the Houston, Texas area upon five occasions for depositions. On four these trips, plaintiffs or defendant-intervenor have requested that depositions be rescheduled to a later date. On two occasions depositions have been canceled after the undersigned attorney of record for the United States had boarded a flight to Houston, resulting in a tremendous waste of defendant's time and resources. Regardless of these difficulties, the undersigned attorney of record for the United States has attempted to accommodate the schedules of all parties to this litigation. However, additional discovery is necessary and it cannot be accomplished without an extension of the discovery period.

At this time, the depositions of numerous fact witness remain to be scheduled. In response to defendant's interrogatory, plaintiffs recently indicated that they intend to call thirty-one fact witnesses at trial. This tentative witness list includes twenty-one witnesses that have not been subject to deposition. Additionally, the proposed witness list includes witnesses that were

not listed on the initial disclosures made by any party and who were not discussed with defendant's or Weeks Marine's counsel as potential witnesses until just recently. Plaintiffs have indicated that they are attempting to generate a shorter witness list; however, defendant has not yet received the revised list. Moreover, counsel for plaintiffs has represented to the undersigned attorney of record for the United States that the list will only be reduced five to eight names. Even if the names that are eliminated are not witnesses that have already been deposed, this will leave at least 13 witnesses to be deposed. Accordingly, additional time is needed to depose these witnesses.

Several of the proposed witnesses are current employees of the United States Army Corps of Engineers. On June 18, 2007, the undersigned attorney of record for the United States traveled to Galveston, Texas for the noticed depositions of two of these witnesses. After arriving in Galveston to prepare the witnesses, the other parties to this litigation withdrew the deposition notices due to conflicts in the other counsels' schedules. Counsel for all parties agreed at that time to enlarge the discovery period to permit the deposition of these witnesses at a later date. One of the Army Corps witnesses will not be available for deposition until October 2007 at the earliest, due to military reserve duty and family medical leave. Weeks considers the Army Corps witnesses testimony to be crucial to multiple issues in this case. Furthermore, the undersigned attorney of record for the United States requires a significant enlargement to the discovery period as he is anticipating the birth of a daughter at the end of August. As the baby could arrive at any time, the undersigned is not available to travel to Houston for depositions at this time, and will be unavailable for several weeks after the birth to aid his wife during her disability.

Defendant regrets that this motion is being filed upon the last day the discovery period; however, the undersigned attorney of record for the United States had anticipated that the parties would be able to file a joint motion for enlargement. Counsel for plaintiffs initially agreed to a 90 day enlargement to all deadlines, but later retracted their consent. Plaintiffs withdrew their consent because they do not want to postpone a possible November 2007 trial date. Pursuant to this Court's order dated June 4, 2007, there is currently no scheduled trial date. Notably, the 90 day enlargement to which plaintiffs initially agreed, would have set the expert discovery deadline two months past plaintiffs' possible November trial date.

For the reasons stated above, defendant and intervenor-defendant respectfully requests that this Court enlarge all discovery deadlines by 120 days.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ David D'Alessandris
DAVID D'ALESSANDRIS
U.S. Department of Justice
Civil Div. Commercial Litigation Br.
1100 L. Street, NW
8th Floor
Washington, DC 20530

July 31, 2007

Attorneys for the United States

Respectfully submitted,

By: /s/ Kenneth G.Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
713-629-1580
713-629-5027 Fax

ATTORNEYS IN CHARGE FOR WEEKS MARINE, INC.

OF COUNSEL

BROWN SIMS, P.C.
P. Michael Bowdoin
Texas Bar No. 02719760
Allen D. Hemphill
Texas Bar No. 00796740
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

CERTIFICATE OF FILING

I hereby certify that on July 31, 2007, a copy of the forgoing "DEFENDANT'S MOTION FOR ENLARGEMENT OF THE DISCOVERY PERIOD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David D'Alessandris