IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FISHERMAN'S HARVEST, INC., et al.,
Plaintiffs,
v.
UNITED STATES
Defendant,
and
WEEKS MARINE, INC.,
Intervenor-Defendant.

No. 05-0840 C and No. 05-1044C
(CONSOLIDATED)
(Judge Sweeney)

JOINT STATUS REPORT

Pursuant to this Court's order dated April 1, 2008, the parties respectfully submit the following joint status report. Pursuant to this Court's order dated January 28, 2008, fact discovery ended on March 10, 2008. However, by agreement of the parties, the final fact witness deposition was conducted on March 13, 2008. Due to the schedules of the third-party witness, Mr. Martin Arhelger, and his counsel, it was not possible to complete his deposition prior to the March 10, 2008, close of discovery. In addition, plaintiffs are waiting for the Texas Parks and Wildlife Department ("TPWD") to respond to a timely-served third-party discovery request. TPWD anticipates responding to plaintiffs' discovery request on or before April 15, 2008.

With the exception of the outstanding discovery request to the TPWD, all parties have completed fact discovery, which was extensive. The parties took the depositions of 22 fact witnesses, in seven different locations in Louisiana, Mississippi, North Carolina, and Texas. All parties propounded written discovery, and the parties produced over 43,000 pages of documents.

Pursuant to this Court's order, plaintiffs made their expert witness disclosures on March 24, 2008 Plaintiffs have disclosed six expert witnesses. Defendant and defendant intervenor anticipate making their expert witness disclosures on or before April 21, 2008, as required by the January 28, 2008, order. Defendant and defendant-intervenor anticipate disclosing a combined total of eight expert witnesses. At this time, the parties anticipate scheduling expert witness depositions in the coming weeks.

Pursuant to this Court's January 28, 2008, order, plaintiffs' experts were to be available for deposition on or before April 29, 2008, with defendant and defendant-intervenor's experts to be available for deposition on or before May 15, 2008. Given the large number of expert witnesses (14) and the complexity of the expert opinions involved in this action, the parties respectfully request that the expert deposition dates be extended to May 17, 2008, and June 6, 2008, respectively.

All parties anticipate filing motions for summary judgment. Plaintiffs anticipate filing a motion for summary judgment with regard to liability, and a separate motion for summary judgment as to damages. Defendant and defendant-intervenor believe that it will be possible to substantially narrow the issues to be decided at trial through a well-founded motion for partial summary judgment upon several questions of law. Resolution of these questions of law will substantially limit the necessary trial testimony. The defendant's and defendant-intervenor's anticipated motions would address issues of standing, such as whether "beneficial owners" of oyster leases, such as oyster boat owners, can bring suit; questions as to the real party in interest, including whether a corporation and its shareholders may sue for the same damages; and questions of law with regard to the calculation of damages, such as whether 28 U.S.C. § 1497

provides a cause of action with regard to damage to public reefs, entitlement to lost profits, and whether plaintiffs are entitled to pre-judgment interest. The parties propose that any motions for summary judgment be filed on or before July 7, 2008. Additionally, plaintiffs request that oral argument upon the motions for summary judgment be scheduled on or before August 30, 2008, pending the Court's availability.

Plaintiffs further request that this case be referred to mediation on or before July 31, 2008. Plaintiffs additionally request that the mediation be consolidated with or coordinated with the related litigation pending before the United States District Court for the Southern District of Texas in Fisherman's Harvest Inc. et al. v. PBS&J et al., No. 3:05-cv-00151 (S.D. Tex.), and Fisherman's Harvest Inc. et al. v. PBS&J et al., No. 3:06-cv-00069 (S.D. Tex.).

Plaintiffs contend that the consolidation or coordination of mediation of this case with the Southern District of Texas case is reasonable and would reduce time and expense on the parties and the Courts. The case before this Court has been brought against Defendant for damages sustained by the Plaintiffs as a result of dredging operations which occurred in Galveston Bay in 2003. Plaintiffs contend the project was designed and/or performed by the Defendant and the Defendant Intervenor as well as the Defendants in the Southern District cases. Specifically, Plaintiffs contend Defendant hired Defendant Intervenor as the general contractor for the Smith Point Galveston Bay Project. The Defendants in the Southern District include Defendant Intervenor, its subcontractors and suppliers, and an independent contractor to the United States. The Plaintiffs contend that mediation could be conducted in such a manner as ordered by the Court to protect the rights of all parties.

Defendant and defendant-intervenor would consider the possibility of mediation through this Court's mediation program after the conclusion of the expert discovery period. However, defendant would not consent to any form of consolidated or coordinated mediation with the actions pending before the Southern District of Texas. Although the Army Corps of Engineers is technically still a party to the district court action, pursuant to the United States Court of Appeal for the Federal Circuit's holding in Fisherman's Harvest et al. v. PBS&J et al., 490 F.3d 1371 (Fed. Cir. 2007); cert denied 128 S. Ct. 1067 (2008), the United States is not a party in the district court litigation.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ David D'Alessandris
DAVID D'ALESSANDRIS
U.S. Department of Justice
Civil Div. Commercial Litigation Br
1100 L. Street, NW
8th Floor
Washington, DC 20530

April 7, 2008

Attorneys for the United States

Respectfully submitted,

/Paul O'Finan/
Paul O'Finan
Signed by permission

/A. Mark Faggard /
A. Mark Faggard
A. Mark Faggard, P. C.
Century Tower
550 Fannin Street Suite 1305
Beaumont, Texas 77701

Respectfully submitted,

/ Shannon J Nash /
Attorney for W. F. Childress
And Childress Seafood, Inc.
Texas Bar. No. 14811620
Tolleson & Nash
26510 Keith Street
Spring, Texas 77373
(281) 350-3900

MOORE LANDREY, L.L.P.
390 Park Street, Suite 500
Beaumont, Texas 77701
(409) 835-3891
(409) 835-2707 [FACSIMILE]

David O Bernsen

DAVID E. BERNSEN
Texas State Bar No. 06772000
Southern District of Texas Bar
No. 83425

By: /s/ Kenneth G. Engerrand
Kenneth G. Engerrand
Texas Bar No. 06619500
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)
ATTORNEY IN CHARGE FOR DEFENDANT-INTERVENOR WEEKS MARINE, INC.

OF COUNSEL:
P. Michael Bowdoin
Texas Bar No. 02719760
Mark Symms
Texas Bar No. 24058146
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (Telecopier)

CERTIFICATE OF FILING

I hereby certify that on April 7, 2008, a copy of the forgoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

______________________________