# In the United States Court of Federal Claims

No. 05-840 C and No. 05-1044 C
(CONSOLIDATED)

(Filed: April 8, 2008)

| | |
|---|---|
| FISHERMAN'S HARVEST, INC., et al., | * |
| Plaintiffs, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant, | * |
| and | * |
| WEEKS MARINE, INC., | * |
| Defendant-Intervenor. | * |

**ORDER**

On April 7, 2008, the parties filed a joint status report. The Clerk of the Court noted the following deficiencies: the electronic signatures of Paul O'Finan, A. Mark Faggard, and Shannon J. Nash do not comply with the Rules of the United States Court of Federal Claims ("RCFC"). Appendix E ¶ 19 requires that the signature block include "an 's/' typed in the space where the signature would otherwise appear." See also RCFC 11(a) (stating the signature requirements for "[e]very pleading, motion, and other paper"). The O'Finan, Faggard, and Nash signatures did not contain the requisite "s/" notation. **The Clerk of the Court is directed to file the parties' joint status report by leave of the court, and the court reminds the parties that all future filings must be signed in accordance with the Rules.**

In their joint status report, the parties indicate that they completed "extensive" fact discovery on March 10, 2008, although one fact witness deposition was conducted after that date by agreement of the parties. Additionally, plaintiffs are waiting for the Texas Parks and Wildlife Department ("TPWD") to respond to a timely-served third-party discovery request, which the TPWD has apparently indicated to plaintiffs would occur on or before April 15, 2008.

Pursuant to the court's January 28, 2008 order, plaintiffs disclosed six expert witnesses on March 24, 2008, and defendant and defendant-intervenor anticipate disclosing a combined total of eight expert witnesses. The court's January 28, 2008 order indicates that plaintiffs' experts were to be available for deposition on or before April 29, 2008, with defendant and defendant-intervenor's experts to be available for deposition on or before May 15, 2008. The parties request, given the large number of expert witnesses and the complexity of the expert opinions involved in the case, that these dates be extended to May 17, 2008, and June 6, 2008, respectively.

The parties also indicate that they anticipate filing motions for summary judgment and propose that any motions for summary judgment be filed on or before July 7, 2008. Plaintiffs request oral argument on the motions for summary judgment on or before August 30, 2008. Additionally, plaintiffs request that the case be referred to mediation on or before July 31, 2008, and request that the mediation be consolidated or coordinated with the related litigation pending before the United States District Court for the Southern District of Texas ("Southern District of Texas"). Defendant and defendant-intervenor, however, do not consent to any form of consolidated or coordinated mediation with the actions pending before the Southern District of Texas. Instead, defendant and defendant-intervenor would consider the possibility of mediation through this court's mediation program after the conclusion of the expert discovery period.

The court grants the parties' request to extend the expert deposition deadlines in this case as follows:

1. **Depositions of plaintiffs' experts shall conclude by no later than May 17, 2008.**

2. **Depositions of defendant's and defendant-intervenor's experts shall conclude by no later than June 6, 2008.**

3. **Expert discovery shall conclude by no later than June 6, 2008.**

As noted above, plaintiffs also request mediation after dispositive motions have been fully briefed. Although the court welcomes dispositive motions, if plaintiffs believe that Alternative Dispute Resolution ("ADR") may facilitate a settlement in this case, then plaintiffs may wish to consider that approach prior to incurring the costs associated with dispositive motions. Alternatively, if plaintiffs believe that summary judgment is necessary to narrow issues prior to engaging in ADR, the court will accommodate the parties. Regardless of which option the parties pursue, the court will make an ADR judge available to the parties as soon as the parties are prepared to proceed with settlement. **The parties shall confer and, by no later than Friday, April 18, 2008, shall contact the judicial assistant to Judge Sweeney, Ms. Beryl Sanders, at (202) 357-6644, to schedule a status conference to discuss the parties' respective requests for mediation and the proposed briefing schedule for their motions for summary judgment.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge